IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JORDAN ROY, ANGEL SULLIVAN-BLAKE, and JUSTIN TRUMBULL, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC.,<br><br>Defendant. | CIVIL ACTION NO. 3:17-cv-30116<br><br><br>JURY DEMANDED |

## COLLECTIVE ACTION COMPLAINT

Plaintiffs Jordan Roy, Angel Sullivan-Blake, and Justin Trumbull ("Plaintiffs") bring this collective action lawsuit against Defendant FedEx Package System, Inc. ("FedEx") on behalf of themselves and other similarly situated individuals who have been employed by FedEx through intermediary employers to perform delivery services on FedEx's behalf and who have been eligible to receive overtime pay but have not been paid time-and-a-half compensation for their hours worked in excess of forty hours per week, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*

## JURISDICTION AND VENUE

1. Jurisdiction is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Venue in proper under 28 U.S.C. § 1391(b)(2).

## **PARTIES**

3.       Plaintiff Jordan Roy is an individual residing in Springfield, Massachusetts. He worked as a delivery driver for FedEx between approximately February 2015 and January 2017, but was employed through an intermediary entity that FedEx calls an "independent service provider" (ISP).  Mr. Roy is eligible to receive overtime pay under the FLSA since he drove a vehicle weighing less than 10,000 pounds, but he has not received overtime pay for his hours worked beyond 40 per week.

4.       Plaintiff Angel Sullivan-Blake is an individual residing in Houston, Texas. She has worked as a delivery driver for FedEx since approximately November 2015 and the present, but has been employed through an intermediary entity that FedEx calls an "independent service provider" (ISP).  Ms. Sullivan-Blake is eligible to receive overtime pay under the FLSA since she has driven a vehicle weighing less than 10,000 pounds, but she has not received overtime pay for her hours worked beyond 40 per week.

5.       Plaintiff Justin Trumbull is an individual residing in Chicopee, Massachusetts.  He worked as a delivery driver for FedEx between late 2015 and February 2017, but was employed through an intermediary entity that FedEx calls an "independent service provider" (ISP).  Mr. Trumbull is eligible to receive overtime pay under the FLSA since he drove a vehicle weighing less than 10,000 pounds, but he has not received overtime pay for his hours worked beyond 40 per week.

6.       FedEx Package System, Inc. ("FedEx") is a Delaware corporation with its principal place of business in Pittsburgh, Pennsylvania.  At all relevant times, FedEx has engaged in the business of the delivery of packages nationwide and within the state of Massachusetts.

7. FedEx employs thousands of individuals across the country, including Plaintiffs, who are engaged in interstate commerce. FedEx is an employer covered by the FLSA.

**FACTS**

8. FedEx operates a package pickup and delivery business servicing customers throughout the United States.

9. FedEx employs thousands of package delivery drivers within the United States, including the named Plaintiffs and others similarly situated, who: (a) work for FedEx through intermediary employers called "independent service providers" (ISPs); (b) are classified as "employees" of the FedEx ISPs; (c) have worked more than forty hours per week delivering packages for FedEx but are not paid time-and-a-half compensation for hours worked beyond forty each week; and (d) drive, in whole or in part, vehicles with a gross vehicle weight rating of 10,000 pounds or less. These individuals are referred to herein as "delivery drivers."

10. Before instituting the ISP model of employing its delivery drivers through intermediary entities, FedEx relied entirely on delivery drivers that it hired directly and purported to classify as "independent contractors", pursuant to standard operating agreements that FedEx required its drivers to sign. After years of defending litigation challenging the employment status of these drivers around the country – during which time multiple courts around the country held that FedEx misclassified its delivery drivers as independent contractors when they were actually FedEx's employees under various

state wage laws[1] – FedEx shifted its method of hiring drivers in many states by contracting with ISPs in an effort to continue to avoid liability under the wage laws for its delivery drivers.

11.     FedEx ISPs are typically responsible for three or more FedEx delivery routes.  FedEx requires its ISPs to hire FedEx's workforce of delivery drivers, and FedEx further requires the ISPs to classify these delivery drivers as the ISPs' employees.

12.     However, based on the economic realities of the relationship between FedEx and these drivers, it is clear that the delivery drivers working under the intermediary ISPs are also FedEx employees under the FLSA.

13.     FedEx operates a nationwide network of package handling terminals to serve its customers' package pickup and delivery needs around the country.  FedEx advertises its delivery service and negotiates with its customers to provide the package pick-ups and deliveries that are performed by the Plaintiffs and other delivery drivers.

14.     Plaintiffs and other delivery drivers working under ISPs have typically worked full-time and exclusively as FedEx drivers, delivering FedEx's packages to FedEx customers while wearing FedEx uniforms and driving vehicles bearing FedEx's logos and color scheme.

---

[1]     See, e.g., Craig et al. v. FedEx Ground Package System, Inc., 335 P.3d 66, (Kan. 2014) (FedEx drivers in Kansas were misclassified as independent contractors when they were employees as a matter of law); Alexander et al. v. FedEx Ground Package System, Inc., 765 F.3d 981, 997 (9th Cir. 2014) (same, for FedEx delivery drivers in California); Slayman et al. v. FedEx Ground Package System, Inc., 765 F.3d 1033, 1046-47 (9th Cir. 2014) (FedEx delivery drivers in Oregon were FedEx's employees under Oregon's economic reality test and Oregon's right to control test). FedEx ultimately settled these and other pending cases challenging its misclassification of drivers as independent contractors.

15.     Plaintiffs and other delivery drivers working under ISPs have worked out of FedEx-owned and managed terminals throughout the country, where FedEx managers, package handlers, and other FedEx employees oversee and manage the package delivery operations.

16.     The services rendered by Plaintiffs and other delivery drivers working under ISPs are an integral part of FedEx's business because FedEx is in the business of package delivery, and Plaintiffs and these other delivery drivers physically deliver packages to FedEx's customers on FedEx's behalf.

17.     Plaintiffs and other delivery drivers working under ISPs have performed their delivery work on strict and predictable schedules pursuant to FedEx's same-day delivery requirements.  The drivers' schedules are dictated by the volume of packages that FedEx requires be delivered each day on their routes.  Neither these drivers, nor the intermediary ISPs who they work under, have any control over the volume of package pickup and delivery work that FedEx assigns the drivers.

18.     FedEx micromanages the manner in which Plaintiffs and other delivery drivers working under ISPs perform their work.  Some of this micromanaging is performed directly by FedEx managers, and some is performed by the ISPs, pursuant to standards and requirements established by FedEx (and enforced by FedEx).  For example:

   a.  FedEx requires that the delivery drivers have specific equipment on their van when they perform deliveries for FedEx;

b. FedEx requires the delivery drivers to wear a uniform bearing FedEx's logos and color scheme and to maintain personal appearance standards established by FedEx;

c. FedEx requires the delivery drivers to place specific signage on their vans bearing FedEx's name and logo;

d. FedEx assigns the specific packages that the delivery drivers must deliver and when the packages must be delivered;

e. FedEx requires the drivers to scan all assigned packages with a specific scanner designated by FedEx upon loading each morning and upon delivery;

f. FedEx requires the drivers to begin and end each day at a designated terminal operated by FedEx;

g. Customer comments and complaints regarding the drivers' job performance are made directly to FedEx, who uses its own discretion on what action to take;

h. FedEx has the authority to require its ISPs to terminate the drivers working under them if FedEx believes they should be terminated;

i. FedEx closely monitors the job performance of the drivers, tracking whether each delivery is "successful" based on FedEx's own standards.

19. Some FedEx drivers working under ISPs have worked for different ISPs at times, and even at times directly for FedEx, but their work responsibilities, and procedures they have been required to follow, have not differed in any material way

6

regardless of which ISP they have worked under or whether they have worked directly for FedEx.

20.     For example, Plaintiff Sullivan-Blake was initially hired directly by FedEx to perform its deliveries, until FedEx told her she had to work under an ISP. Her work responsibilities and the procedures she was required to follow did not change in any material way following the conversion to her working under an ISP. She continued to report to the same terminal each morning, drove a vehicle with a FedEx logo on it, and followed FedEx procedures to complete her assigned deliveries.

21.     FedEx drivers, including drivers such as the Plaintiffs who have worked under intermediary ISPs, have routinely worked more than forty hours per week.

22.     For example, Plaintiff Roy regularly worked as a FedEx delivery driver five days per week, from approximately 7:00 a.m. until between 4:00 p.m. and 5:30 p.m. each day, for an average of 45 or more hours each week.

23.     Plaintiff Sullivan-Blake has regularly worked as a FedEx delivery driver five days per week, from approximately 7:00 a.m. or 8:00 a.m. until between 6:00 p.m. and 8:00 p.m. each day, totaling more than 50 hours each week.

24.     Plaintiff Trumbull regularly worked as a FedEx delivery driver five days per week, from approximately 6:00 a.m. until between 4:00 and 5:00 p.m. (although on some days he worked as late as 10:00 p.m.), totaling more than 50 hours each week.

25.     The named plaintiffs, as well as other FedEx delivery drivers throughout the country who have worked under ISPs, have driven trucks weighing less than 10,000 pounds. They are thus eligible for overtime pay under the FLSA.

26. However, the named plaintiffs, as well as other FedEx delivery drivers throughout the country who have worked under ISPs and have driven trucks weighing less than 10,000 pounds, have not received overtime pay for their work beyond 40 hours per week.

27. Because FedEx is these drivers' employer under the FLSA, it is liable to them for the unpaid overtime.

28. By establishing a system in which FedEx employs delivery drivers through intermediary ISPs, so as to distance itself from its responsibilities under the FLSA, FedEx has acted in reckless disregard of the drivers' rights under the FLSA. FedEx has known or should have known that its delivery drivers have not been paid the overtime they are owed by the ISPs.

29. However, regardless of FedEx's actual or constructive knowledge of this fact, it is liable for any overtime payments due to its delivery drivers who have worked under ISPs.

## COLLECTIVE ACTION ALLEGATIONS

30. Plaintiffs bring this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b), as a collective action on behalf of delivery drivers described in this complaint, who at any time within the past three years have worked under ISPs, have driven vehicles under 10,000 pounds, have worked more than 40 hours per week, and have not been paid one-and-a-half times their regular rate of pay for overtime hours.

31. Plaintiffs and the drivers described in the previous paragraph are "similarly situated," as that term is defined in 29 U.S.C. § 216(b) and the associated caselaw, because, *inter alia*, they all worked as FedEx delivery drivers pursuant to FedEx's

common business practices as described above and, as a result of such practices, have not been paid the legally mandated overtime premium.

## COUNT I
### (Unpaid Overtime Under the FLSA)

The FLSA, 29 U.S.C. § 207(a)(1), requires that employees receive overtime premium pay of "not less than one and one-half times" their regular pay rate for hours worked beyond 40 per workweek. FedEx is liable under the FLSA for unpaid overtime owed to Plaintiffs and other similarly situated delivery drivers who have worked for FedEx under ISPs. FedEx's violation of the FLSA has been willful and in reckless disregard of these drivers' rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek the following relief on behalf of themselves and other similarly situated drivers:

A. An order permitting this lawsuit to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this lawsuit to all potential class members allowing them to opt-in to join the claim in this case;

C. Restitution for all unpaid overtime owed to the drivers;

D. Liquidated damages and prejudgment interest;

E. Litigation costs, expenses, and attorneys' fees; and

F. Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiffs demand a jury trial on their claim.

Respectfully submitted,

JORDAN ROY, ANGEL SULLIVAN-BLAKE, and JUSTIN TRUMBULL, on behalf of themselves and others similarly situated

By their attorneys

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan (BBO #640716)
Peter Delano (BBO #685079)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800
sliss@llrlaw.com
pdelano@llrlaw.com

Richard E. Hayber (pro hac vice forthcoming)
The Hayber Law Firm, LLC.
221 Main Street, Suite 502
Hartford, CT  06106
(860) 522-8888 telephone
(860) 218-9555 facsimile
rhayber@hayberlawfirm.com

August 29, 2017