# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JORDAN ROY, ANGEL SULLIVAN-BLAKE, and JUSTIN TRUMBULL, on behalf of themselves and others similarly situated, | : : : : : | CIVIL ACTION NO. 3:17-cv-30116-KAR |
| Plaintiffs, | : : | LEAVE TO FILE GRANTED 11/17/17 |
| v. | : : | ORAL ARGUMENT REQUESTED |
| FEDEX GROUND PACKAGE SYSTEM, INC. | : : : | |
| Defendant. | : : | |

## DEFENDANT FEDEX GROUND'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS AND MOTION TO STAY

In opposition to Defendant FedEx Ground Package System, Inc.'s ("FedEx Ground") Motion, ECF No. 15, Plaintiffs concede that there is no general personal jurisdiction of FedEx Ground in Massachusetts.[1] Instead, Plaintiffs argue that there is specific personal jurisdiction because (1) *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., San Francisco Cty.*, 137 S. Ct. 1773 (2017) does not apply to a federal-question case pending in federal district court and 29 U.S.C. § 216(b) contemplates joinder of opt-in plaintiffs; and (2) Plaintiffs' claims "arise directly" from activities of FedEx Ground. These arguments fail, and the case should be dismissed.  In addition, Plaintiffs also offer no argument regarding why the Motion to Issue Notice should not be stayed, and the motion to stay should therefore be granted.

---

[1] General personal jurisdiction is addressed nowhere in Plaintiffs' brief. *See* ECF No. 19, *passim.*

<u>**ARGUMENT**</u>

I.     ***BRISTOL-MYERS SQUIBB* APPLIES TO § 216(b) ACTIONS.**

Plaintiffs argue that *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., San Francisco Cty.*, 137 S. Ct. 1773 (2017) is inapplicable because this is a federal-question case pending in federal district court and 29 U.S.C. § 216(b) contemplates joinder of opt-in plaintiffs. This argument fails for two reasons.

A.     **The Fourteenth Amendment Standard of *Bristol-Myers Squibb* Governs.**

Plaintiffs' argument—particularly the incorrect distinction between Fifth Amendment and Fourteenth Amendment due process limits—is mistaken about the nature of personal jurisdiction under the FLSA. In any case in federal district court (regardless of whether it is an FLSA case, some other kind of federal-question case, or a diversity case), there is personal jurisdiction of a defendant like FedEx Ground only if "[s]erving a summons or filing a waiver of service establishes" it.  Fed. R. Civ. P. 4(k)(1); 4(k)(2) (introductory paragraphs); *see, e.g.*, *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 618 (1st Cir. 2001). Subject to constitutional limits, service or waiver of a summons can potentially establish personal jurisdiction in four circumstances, roughly speaking: when a special so-called bulge provision applies to parties joined under Federal Rules of Civil Procedure 14 or 19, *see* Fed. R. Civ. P. 4(k)(1)(B); when there is no general jurisdiction of the defendant anywhere in the United States, *see* Fed. R. Civ. P. 4(k)(2); when an applicable federal statute specifically provides for personal jurisdiction, *see* Fed. R. Civ. P. 4(k)(1)(C); and when the state courts of the state in which the federal district court sits would have personal jurisdiction had the case been filed in state court, *see* Fed. R. Civ. P. 4(k)(1)(A).

In this case, there is no basis to apply either the provision regarding joinder under Rules 14 or 19, Rule 4(k)(1)(B), or the provision for parties nowhere subject to general jurisdiction, Rule

4(k)(2), to FedEx Ground. Nor does the FLSA, even though it is a federal statute, provide for personal jurisdiction by statute as required to apply Rule 4(k)(1)(C). *See* 29 U.S.C. §§ 201, et seq.; *Wang v. Schroeter*, No. 11-10009-RWZ, 2011 WL 6148579, at *4 & n.12 (D. Mass. Dec. 9, 2011); *McCarthy v. Waxy's Keene, LLC*, No. 16-cv-122-JD, 2016 WL 4250290, at *2 & n.1 (D.N.H. Aug. 10, 2016). This leaves only the remaining provision drawing on the general jurisdiction of the Massachusetts state courts, Rule 4(k)(1)(A). This Rule 4(k)(1)(A) jurisdiction is "subject to Fourteenth Amendment limitations" just as they would apply had this case been filed in Massachusetts Superior Court. *See Medici v. Lifespan Corp.*, 239 F. Supp. 3d 355, 367 (D. Mass. 2017) (citation omitted); *Wang*, 2011 WL 6148579, at *4; *McCarthy*, 2016 WL 4250290, at *2; *Mendez v. Pure Foods Mgmt. Grp., Inc.*, No. 3:14-cv-1515, 2016 WL 183473, at *6 (D. Conn. Jan. 14, 2016) ("In federal question cases, when the defendant resides outside the forum state, federal courts apply the forum state's personal jurisdiction rules unless the applicable federal statute provides for nationwide service of process."). This case, therefore, is governed by the Fourteenth Amendment holding of *Bristol-Myers Squibb*, and Plaintiffs' arguments for the inapplicability of *Bristol-Myers Squibb* fail.

Congress is, of course, free to establish statutory schemes under which only the standards of the Fifth Amendment's Due Process Clause need be applied to a case pending in federal district court since it is the Fifth Amendment that is the ultimate due process limit on the branches of the federal government. Thus, Congress, and the United States Supreme Court in its rulemaking capacity authorized under the Rules Enabling Act, have established nationwide service schemes that may apply when a federal statute provides for personal jurisdiction, *see* Rule 4(k)(1)(C), or when there is no general jurisdiction of the defendant anywhere in the country, *see* Rule 4(k)(2). Likewise, federal courts have sometimes held that the standards of the Fifth Amendment's Due

Process Clause are the only constitutional due process standards that such schemes must satisfy, and that those standards are satisfied so long as the defendant has sufficient contacts with the country as a whole.

Plaintiffs here have cited a Rule 4(k)(2) case involving one of these schemes and repeatedly invoked the Fifth Amendment accordingly. *See* ECF No. 19, at 3, 11 (citing *Plixer Int'l, Inc. v. Scrutinizer GMBH*, No. 2:16-CV-578-DBH, 2017 WL 4683922, at *3 (D. Me. Oct. 18, 2017)). Plaintiffs' invocation of *Plixer* and the Fifth Amendment do not govern or save personal jurisdiction in this case, however. This is because Congress has not established a nationwide service scheme applicable to this case under the FLSA or otherwise. *See Wang*, 2011 WL 6148579, at *4 n.12; *McCarthy*, 2016 WL 4250290, at *2 n.1. Instead, this case is a Rule 4(k)(1)(A) case in which the standards of the Fourteenth Amendment must be applied to determine if each of the Plaintiffs can "subject" FedEx Ground to "the jurisdiction of" the Massachusetts Superior Court. Fed. R. Civ. P. 4(k)(1)(A). *Daimler* and *Bristol-Myers Squibb* govern how this is to be done, and they forbid "loose and spurious" assertions of broad personal jurisdiction. *See Bristol-Myers Squibb*, 137 S. Ct. at 1781. Further, even if Congress had established a nationwide service scheme applicable to this case under the FLSA or otherwise, it is not clear that such a scheme would withstand constitutional scrutiny because asserting personal jurisdiction based on nationwide contacts may not stand the test of time even under the Fifth Amendment. *See Bristol- Myers Squibb*, 137 S. Ct. at 1783-84 (citing *Omni Capital Int'l, Ltd. V. Rudolf Wolff & Co.*, 484 U.S. 97, 102 n.5 (1987)).

### B.   Applying *Bristol-Myers Squibb* is Consistent with § 216(b).

While § 216(b) provides for joinder of opt-ins, the paradigm FLSA collective action case using the joinder provision is local, not multistate or national. *See, e.g.*, *Torezani v. VIP Auto*

*Detailing, Inc.*, 318 F.R.D. 548, 553, 558 (D. Mass. 2017) (conditionally certifying class of individuals who performed auto detailing at two Massachusetts auto dealerships); *Brayak v. New Boston Pie, Inc.*, No. 16-12322-RWZ, 2017 WL 5468181, at *1, 3 (D. Mass. Nov. 14, 2017) (certifying class of drivers working for Domino's Pizza franchise in Boston); *Yayo v. Museum of Fine Arts*, No. 13-11318-RGS, 2014 WL 2895447, at *1, 5 (D. Mass. June 26, 2014) (certifying class of security personnel who worked a certain shift at a particular Massachusetts museum); *Burns v. City of Holyoke*, 881 F. Supp. 2d 232, 235 (D. Mass. 2012) (seeking certification of a class of individuals employed by a particular city in Massachusetts). Thus, courts have long found no particular interest of Congress in ensuring that cases extend beyond one state. While Plaintiffs cite nationwide FLSA collective actions, none they cite are from within this Circuit, are subsequent to or address *Bristol-Myers Squibb*, or deal with personal jurisdiction at all. *See* ECF No. 19, at 4-5 & n.2 (citing cases pre-dating *Bristol-Myers Squibb* that address conditional certification and not personal jurisdiction). Indeed, if Congress thought it an important matter of federal policy for federal district courts to preside over nationwide § 216(b) actions, it could have made the federal subject matter jurisdiction of FLSA actions exclusive of state courts, rather than co-extensive of state courts. *See* 29 U.S.C. § 216(b). More importantly, Congress could have chosen to provide for nationwide service of process as it has done for a number of other federal statutory schemes. *Compare* 29 U.S.C. § 216(b) *with* 29 U.S.C. § 1132(e)(2) (ERISA), 18 U.S.C. § 1965(b) (RICO), 15 U.S.C. § 22 (Clayton Act). Congress did not do so.

Further, like the plaintiffs in the *Bristol-Myers Squibb* mass action, plaintiffs and opt-ins in an FLSA case are individually joined parties as to each of whom the requirements of personal jurisdiction must be satisfied. *See Halle v. West Penn Allegheny Health Sys. Inc.*, 842 F.3d 215, 225 (3d Cir. 2016). For instance, they even can be held accountable for their allocable share of

awards of costs against the named plaintiffs. *See Frye v. Baptist Mem'l Hosp., Inc.*, 507 F. App'x 506, 508 (6th Cir. 2012); *Dunkel v. Warrior Energy Servs., Inc.*, 304 F.R.D. 193, 204-05, 207 (W.D. Pa. 2014) (collecting cases). Likewise, there must be personal jurisdiction as to them individually.[2]

## II.     THIS CASE DOES NOT "ARISE DIRECTLY" FROM ACTIVITIES OF FEDEX GROUND.

Plaintiffs also argue that there is specific personal jurisdiction of FedEx Ground because Plaintiffs' claims "arise directly" from activities of FedEx Ground in Massachusetts. This argument fails for three reasons.

*First*, even if allegations of joint employment were enough for personal jurisdiction of FedEx Ground for the claims of Roy and Trumbull, that would still not be enough for personal jurisdiction of FedEx Ground for the claims of Sullivan-Blake. Indeed, Plaintiffs make no argument that Sullivan-Blake's claim is somehow connected to the Massachusetts Plaintiffs, to a Massachusetts ISP, or to Massachusetts. *See Bristol-Myers Squibb*, 137 S. Ct. at 1780 (explaining that for a court to exercise personal jurisdiction, "the *suit* must arise out of or relate to the defendant's contacts with the *forum*." (quotations omitted)).[3]

---

[2] While Plaintiffs here have not raised the issue, the *dissent* to *Bristol-Myers Squibb* suggested that *Bristol-Myers Squibb* might not apply to class actions. *See Bristol-Myers Squibb*, 137 S. Ct. at 1789 n.4. However, the majority opinion suggested nothing of this sort at all. And even if *Bristol-Myers Squibb* did not apply to class actions, it applies to § 216(b) actions. This is because § 216(b) is a true joinder provision rather than a class action provision like Federal Rule of Civil Procedure 23, and is therefore analogous to the mass action in *Bristol-Myers Squibb*. Unlike class members in a class action—whose status as "parties" may be debated—there is no doubt that persons who opt-in to a § 216(b) action are parties to the lawsuit. *See Halle*, 842 F.3d at 225.

[3] If the Court determines that there is a want of jurisdiction as to Texas Plaintiff Sullivan-Blake but not as to the two Massachusetts Plaintiffs, Roy and Trumbull, then the claims of Roy and Trumbull should remain in this Court. Their claims are essentially local matters because they arise from, and will inevitably implicate, the alleged exemption and pay practices and records of a

*Second*, in their Opposition, Plaintiffs nowhere argue—or even assert—that FedEx Ground determined whether they were exempt or non-exempt from the overtime requirements of the FLSA or, more generally, made any decisions or had any control whatsoever over what they were paid. Thus, FedEx Ground's contacts simply did not cause the underpayment injury that Plaintiffs allege, regardless of how many hours they worked or why; only the ISPs did that. Since FedEx Ground did not cause the underpayment injury they allege, regardless of how much they worked or why, there is no personal jurisdiction of FedEx Ground for these claims. *See* ECF No. 15, at 4-5 (citing cases dismissing FLSA defendants that did not determine plaintiffs' status as exempt or the method or amount of plaintiffs' pay).[4]

*Third*, Plaintiffs confuse the substantive issue of joint employment with the issue of personal jurisdiction. *See* ECF No. 19, at 9. In doing so, they replicate arguments that were rejected in the cases cited by FedEx Ground. *See* ECF No. 15, at 5. These cases hold that allegations of joint employment are not a sufficient basis for the exercise of personal jurisdiction, and Plaintiffs make little effort to address them. They do not distinguish *Rodkey v. 1-800 Flowers Team Servs., Inc.*, No. 3:16-CV-311, 2017 WL 318473, at *5 (S.D. Ohio Jan. 23, 2017) or *Mendez v. Pure Foods Mgmt. Grp., Inc.*, No. 3:14-cv-1515, 2016 WL 183473, at *6 (D. Conn. Jan. 14, 2016) at all. *See* ECF No. 15, at 4; ECF No. 19, *passim*. And while Plaintiffs do address *Cardenas v. McLane FoodService, Inc.*, No. SACV 10-473 DOC (FFMx), 2010 WL 11465450 (C.D. Cal. Oct.

---

Massachusetts company, the ISP that paid them, regardless of Plaintiffs' choice thus far not to include that company in a suit in its own backyard. *See* ECF No. 15, at 5 n.2.

[4] References in the Opposition to affidavits are thus irrelevant. Indeed, rather than showing that Plaintiffs' claims arise out of uniform, nationwide conduct by FedEx Ground, Plaintiffs' affidavits actually show that ISPs and not FedEx Ground are responsible for determining the method and amount of pay for the delivery drivers ISPs employ. *See* ECF No. 6-8, at ¶¶ 7, 20; ECF No. 6-9, ¶¶ 7, 10-11; ECF No. 6-10, at ¶¶ 6, 23.

25, 2010), in which the parent corporation was not subject to personal jurisdiction, they omit several facts from their treatment. For example, Plaintiffs omit that the parent company in *Cardenas* owned property in the forum, had engaged in litigation in the forum, maintained information regarding the routes drivers completed, and promulgated a handbook used to train employees, including one of the plaintiffs. *Id.* at *5, 7. The parent company in *Cardenas* did have contacts with the forum state and, yet, was not subject to personal jurisdiction.  This is because the parent corporation—like FedEx Ground—was not responsible for determining the key issues in the case. *Id.* at *1, 6.[5]

## III.    THE COURT SHOULD STAY THE MOTION TO ISSUE NOTICE.

Finally, Plaintiffs do not respond to FedEx Ground's arguments regarding the priority of personal jurisdiction over the MIN or assert any other reason not to stay the Motion to Issue Notice. The stay should therefore be granted. Indeed, it may actually expedite the notice process to resolve the scope of personal jurisdiction, if any, first. This motion should eliminate or, at a minimum, severely limit the potential scope of notice quickly. In contrast, issuance of notice nationwide will be costly and time consuming, and even briefing such issuance will involve time-consuming resolution of complex disputes such as advising notice recipients that the interests of Plaintiffs' counsel may not align totally with their own, *see* ECF No. 15, at 5 n.2, and how to deal with the diversity of pay records of ISPs throughout the United States.

---

[5] Plaintiffs suggest in passing that claims in this case should be transferred if there is a want of jurisdiction as to the claims of all of them. Contrary to this suggestion, which is unsupported by motion or argument, these cases have consistently dismissed out-of-state putative joint employers that did not determine the plaintiffs' exemption or pay under the FLSA and left the in-state plaintiffs to pursue claims in their home forum against the parties that actually did determine their exemption and pay. Under such circumstances, transfer would not serve the interests of justice.

If the Court nevertheless decides that the MIN should go forward, then FedEx Ground respectfully submits that the appropriate—and, for the Court, efficient—course will be for the parties to confer and propose an orderly schedule for briefing. The MIN has been marked so far by unnecessary dispute that need not continue regarding FedEx Ground's note in its opening brief indicating that the MIN had not been served or the subject of pre-filing conferral. *See* ECF No. 15, at 6 n.3.[6]

## IV.   CONCLUSION

For the reasons stated herein, as well as those stated in ECF No. 15, the Court should stay the MIN pending a ruling on this motion, and the Court should dismiss the Complaint under Rule 12(b)(2).

Dated: December 4, 2017

<div style="margin-left:40%">

Defendant FEDEX GROUND PACKAGE SYSTEM, INC.

By: *s/ Kenneth D. Sansom*
    Kenneth D. Sansom
    Admitted Pro Hac Vice

</div>

---

[6] Although Plaintiffs accused FedEx Ground of being "disingenuous," see ECF No. 15, at 6 n.3, Plaintiffs did not argue that the MIN was actually served under the rules. Only for the record, FedEx Ground notes that Plaintiffs' remark was itself made in a brief filed late at night, *see* L.R. 5.4(d), and the MIN has never been served using the Court's ECF transmission facilities as the Rules of this Court contemplate for any motion that is not submitted for decision ex parte, *see* L.R. 5.4(c); 7.1(c). Originally, Plaintiffs simply emailed the MIN without warning to undersigned counsel who informed them both that it was premature and that he was not authorized to accept service. See Exhibit A, at 1 (E-mail from Kenneth D. Sansom to Peter Delano dated September 7, 2017). Undersigned counsel had not appeared in this case, there was no consent by FedEx Ground to accept the emailed motion, and FedEx Ground was far from any deadline to appear or answer, much less to respond to motions. To allow it ample time to answer, as the Federal Rules contemplate, FedEx Ground did return the form proceeding under Federal Rule of Civil Procedure 4(d) as to the summons and complaint on September 8, 2017, but both Rule 4(d) and the form are for the summons and complaint, not a motion. *Contrast* FRCP 4, including 4(c)(1), *with* FRCP 5, including 5(a)(1)(B), (D). Later, the day after Plaintiffs filed their Opposition to the Motion to Dismiss, Plaintiffs mailed a copy of the MIN to FedEx Ground notwithstanding that the ECF transmission facilities of the Court are now operative in the case.

Spotswood Sansom & Sansbury LLC
1819 Fifth Avenue North
Suite 1050
Birmingham, AL 35203
Telephone: (205) 986-3622
Facsimile: (205) 986-3639
E-Mail: ksansom@spotswoodllc.com

Jeffrey A. Dretler
Fisher & Phillips LLP
200 State Street
7th Floor
Boston, MA 02109
Telephone: (617) 532-9322
Facsimile: (617) 532-5899
E-mail: jdretler@fisherphillips.com

Attorneys for FedEx Ground

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 4, 2017, a true copy of the above document was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties who have appearances as of the time of this filing by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/ *Morgan B. Franz*