# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JORDAN ROY, ANGEL SULLIVAN-BLAKE, and JUSTIN TRUMBULL, on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> FEDEX GROUND PACKAGE SYSTEM, INC. <br><br> Defendant. | CIVIL ACTION NO. <br> 3:17-cv-30116-KAR |

## DEFENDANT FEDEX GROUND'S OPPOSITION TO PLAINTIFFS' MOTION FOR EQUITABLE TOLLING OF THE STATUTE OF LIMITATIONS

Defendant FedEx Ground Package System, Inc. ("FedEx Ground") submits this opposition to Plaintiffs' March 5, 2018 motion seeking equitable tolling of the statute of limitations for potential opt-in plaintiffs. *See* ECF No. 32. This Court should deny Plaintiffs' motion for three reasons. (1) Plaintiffs' request for tolling is improper and would result only in an advisory opinion. (2) A ruling on equitable tolling at this juncture is not necessary to protect the rights of individuals who choose to join in suit against FedEx Ground. (3) Plaintiffs have failed to carry their burden of establishing that they satisfy the high standard for equitable tolling—a standard under which tolling may be granted only when a plaintiff or opt-in shows diligent pursuit of his or her rights and that extraordinary circumstances prevented timely filing.

1

**ARGUMENT**

**I.     PLAINTIFFS' REQUEST FOR TOLLING IS IMPROPER AND WOULD RESULT ONLY IN AN ADVISORY OPINION.**

Plaintiffs' request for tolling is improper for three reasons. (1) Plaintiffs seek tolling for individuals who have not opted in and therefore are not parties to this case; such an order would be an advisory opinion. (2) Plaintiffs and their counsel lack standing to request relief on behalf of individuals who have not opted in. (3) There is no personal jurisdiction over FedEx Ground for the claims in this case.

First, the equitable tolling that Plaintiffs seek for putative class members is premature because the individuals for whom Plaintiffs seek tolling have not opted in—and indeed, may never do so—and therefore are not parties to this case. Such an order would be only advisory in its effect. In addition, because such an order would be only advisory, it would violate Article III of the Constitution. *See United States v. Cook*, 795 F.2d 987, 994 (Fed. Cir. 1986); *Tidd v. Adecco USA, Inc.*, No. CIV.A. 07-11214-GAO, 2010 WL 996769, at *3 (D. Mass. Mar. 16, 2010). While Plaintiffs point to cases granting equitable tolling for putative opt-ins, those cases are advisory opinions. Additionally, none of those courts were presented with or considered this Constitutional argument. Courts that do consider such an argument routinely decline to order tolling on behalf of putative opt-ins on the basis that such an order would be an advisory opinion.[1]

---

[1] *See, e.g.*, *Werner v. Waterstone Mortg. Corp.*, No. 17-CV-608-JDP, 2018 WL 272761, at *2 (W.D. Wis. Jan. 3, 2018); *Richert v. LaBelle HomeHealth Care Serv. LLC*, No. 2:16-CV-437, 2017 WL 4349084, at *6-7 (S.D. Ohio Sept. 29, 2017); *Rule v. S. Indus. Mech. Maint. Co., L.L.C.*, No. CV 16-1408, 2017 WL 4276936, at *1-2 (W.D. La. Aug. 22, 2017), *report and recommendation adopted*, No. CV 16-1408, 2017 WL 4273115 (W.D. La. Sept. 25, 2017); *Ruder v. CWL Invs. LLC*, No. CV-16-04460-PHX-DGC, 2017 WL 3834783, at *2 (D. Ariz. July 27, 2017); *Soto v. Wings 'R US Romeoville, Inc.*, No. 15-CV-10127, 2016 WL 4701444, at *11 (N.D. Ill. Sept. 8, 2016); *Miller-Basinger v. Magnolia Health Sys., Inc.*, No. 15-CV-00089-WTL-DKL, 2016 WL 773191, at *2 (S.D. Ind. Feb. 22, 2016); *Volz v. Provider Plus, Inc.*, No. 4:15-CV-0256 TCM, 2015 WL 4255614, at *1 n.4 (E.D. Mo. July 14, 2015).

Second, Plaintiffs' motion for tolling is improper because Plaintiffs and their counsel lack standing to request relief on behalf of putative opt-ins, who are third parties not currently before the Court. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) (A party "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."); 29 U.S.C. § 216(b) ("[N]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought").

Third, Plaintiffs' motion is improper because there is no personal jurisdiction of a claim on the basis of which a remedy, like tolling, could be ordered. *See* ECF Nos. 1, 1-3, 1-4, 8-1, 15, 22, 31; *Carta v. Town of Fairfield*, 959 F.2d 230 (1st Cir. 1992) (unpublished) ("[W]ithout personal jurisdiction, a court is without power to adjudicate a claim or obligation of a person, and any judgment or order so rendered is null and void."); *Gen. Contracting & Trading Co., LLC v. Interpole, Inc.*, 899 F.2d 109, 114 (1st Cir. 1990) (a judgment "entered by a court which lacks personal jurisdiction over the defendant . . . is a nullity").

## II.   A RULING ON EQUITABLE TOLLING AT THIS JUNCTURE IS NOT NECESSARY TO PROTECT THE RIGHTS OF INDIVIDUALS WHO CHOOSE TO JOIN IN SUIT AGAINST FEDEX GROUND.

Once a plaintiff joins in litigation against FedEx Ground, nothing prevents that plaintiff from moving for equitable tolling based on the necessary showing. *See Cook*, 795 F.2d at 994 ("When and if the time comes, the district court will presumably apply the doctrine of equitable tolling consistently with Congress' intent in enacting the particular statutory scheme set forth in FLSA."); *Tidd*, 2010 WL 996769, at *3 (denying tolling as premature "without prejudice to renewal at an appropriate time"). Courts routinely consider such motions for equitable tolling once plaintiffs have actually opted in. *See, e.g.*, *McLaughlin v. Harbor Cruises LLC*, No. CIV.A. 06-

11299-GAO, 2009 WL 890101, at *1 (D. Mass. Mar. 31, 2009) (considering equitable tolling arguments raised by seven opt-in plaintiffs). Indeed, it is only once a plaintiff has opted in that the Court can make an individualized factual determination regarding whether the exacting requirements of equitable tolling have been met. *See Nunnally v. MacCausland*, 996 F.2d 1, 4 (1st Cir. 1993) ("Relief from limitations periods through equitable tolling . . . remains subject to careful case-by-case scrutiny."). Therefore, ordering equitable tolling at this juncture is not necessary to protect the rights of individuals who ultimately choose to join in suit against FedEx Ground.

**III.   PLAINTIFFS HAVE FAILED TO CARRY THEIR BURDEN OF ESTABLISHING THAT THEY SATISFY THE STANDARD FOR EQUITABLE TOLLING—A STANDARD UNDER WHICH TOLLING MAY BE GRANTED ONLY WHEN A PLAINTIFF OR OPT-IN SHOWS DILIGENT PURSUIT OF RIGHTS AND THAT EXTRAORDINARY CIRCUMSTANCES PREVENTED TIMELY FILING.**

Equitable tolling is to be "sparsely applied" and is available only in extraordinary circumstances. *See Abraham v. Woods Hole Oceanographic Inst.*, 553 F.3d 114, 119 (1st Cir. 2009); *Delaney v. Matesanz*, 264 F.3d 7, 14 (1st Cir. 2001) ("[E]quitable tolling, if available at all, is the exception rather than the rule; resort to its prophylaxis is deemed justified only in extraordinary circumstances."); *Neves v. Holder*, 613 F.3d 30, 36 (1st Cir. 2010) ("[E]quitable tolling 'is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs.'" (quoting *Wallace v. Kato,* 549 U.S. 384, 396 (2007))). "The party who seeks to invoke equitable tolling bears the burden of establishing the basis for it." *Delaney*, 264 F.3d at 14. To establish equitable tolling, a petitioner must demonstrate: "(1) that he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way." *Neves*, 613 F.3d at 36 (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)).

Plaintiffs seek equitable tolling for absent collective action class members beginning on August 29, 2017, when Plaintiffs filed their Complaint, or alternatively based on the MIN, which

was filed on September 7, 2017. *See* ECF No. 32, at 1, 5. However, Plaintiffs fail to establish that tolling should begin on these dates because they make neither the required diligent pursuit showing (or even a diligent pursuit argument) nor the required extraordinary circumstance showing.

> **A.    Plaintiffs fail to argue—much less show—that potential opt-ins diligently pursued their rights.**

Plaintiffs do not make any attempt to establish the first element of equitable tolling, that the individual for whom tolling is sought has pursued his or her rights diligently. *See Neves,* 613 F.3d at 36. Plaintiffs' failure to establish the diligence requirement defeats tolling for three reasons.

First, while Plaintiffs argue for tolling based on the fact that notice has not been issued, this argument is immaterial to any opt-ins who otherwise did not pursue their rights diligently. *See Kale v. Combined Ins. Co. of Am.*, 861 F.2d 746, 752 (1st Cir. 1988) ("[A]n employee's ignorance of his statutory rights, in itself, will not toll a statute of limitations . . . ."); *O'Donnell v. Robert Half Int'l, Inc.*, 534 F. Supp. 2d 173, 182 (D. Mass. 2008) (denying tolling based on a delay in ruling on issuance of notice because "nothing has prevented other individuals from joining the lawsuit"); *Sylvester v. Wintrust Fin. Corp.*, No. 12 C 01899, 2014 WL 10416989, at *3 (N.D. Ill. Sept. 26, 2014) (denying tolling based on a delay in ruling on certification because "[n]o ruling by this Court was necessary to permit the filing of another law suit or an opt-in notice in this suit; nothing prevented any former employee of the defendants from either filing their own law suit or filing an opt-in notice for this law suit before a ruling on the conditional certification motion was issued"); *id.* ("The question is not whether delay in issuing notice prevented others from learning about this law suit but whether such delay prevented them from discovering their own claims once those claims accrued."); *Bitner v. Wyndham Vacation Resorts, Inc.*, 301 F.R.D. 354, 363–64 (W.D. Wis. 2014) (denying tolling based on a delay in ruling on certification because "Plaintiffs have

5

offered no reason why delay on the motion for conditional certification rendered them unable to obtain information necessary to determining whether they had a viable FLSA claim").

Second, tolling from the date an FLSA collective action complaint is filed or notice is requested, as Plaintiffs seek, would be contrary to the scheme established by Congress for potential opt-ins to pursue their rights diligently.[2] *See Grayson v. K Mart Corp.*, 79 F.3d 1086, 1106 (11th Cir. 1996) ("In [amending § 216(b)], Congress expressed the concern that an opt-in plaintiff should not be able to escape the statute of limitations bearing on his cause of action by claiming that the limitations period was tolled by the filing of the original complaint." (citing 93 Cong. Rec. 2,182 (1947))); *Contrera v. Langer*, 278 F. Supp. 3d 702, 726 (S.D.N.Y. 2017) ("[W]hile Congress could have instituted a statutory scheme under which opt-in FLSA plaintiffs benefit from the filing date of the original plaintiff (similar to the regime that governs class actions under Fed. R. Civ. P. 23), Congress did not do so. Instead, the FLSA explicitly measures the statute of limitations from the date an opt-in plaintiff joins the lawsuit, and limits an employer's exposure to [two or] three years worth of claims. *See* 29 U.S.C. §§ 255(a), 256. Thus, one of the purposes of the FLSA is to protect employers from suits that accrue more than [two or] three years before that date."); *Woodard v. FedEx Freight E., Inc.*, 250 F.R.D. 178, 194 (M.D. Pa. 2008) ("Congress knew when it enacted 29 U.S.C. § 256 that time would lapse between the filing of the collective action complaint by the named plaintiff and the filing of written consents by the opt-in plaintiffs, yet it chose not to provide for tolling of the limitations period . . . As such, courts must be cautious about equitably tolling the FLSA limitations period especially where, as here, there are no allegations of wrongdoing on the part of the defendant."). In adopting the opt-in requirement

---

[2] Notably, with respect to diligent pursuit, Plaintiffs have not suggested that any potential opt-in has advised the ISP that paid her of any perceived underpayment, has asked that ISP to correct that perceived underpayment, or has sued that ISP. *See* ECF No. 15, at 5 n.2.

without providing for tolling upon the filing of a complaint or a request for notice, Congress balanced the remedial purposes of the FLSA with the need to "give employers a greater measure of certainty about whom they would be facing in court and to protect against half-hearted litigation." *See Vivone v. Acme Mkts., Inc.*, 687 F. Supp. 168, 170 (E.D. Pa. 1988).

Third, Plaintiffs could not make the diligence showing, even if they tried, because the individuals for whom tolling is sought are merely *potential* opt-ins about whose diligence the Court has no facts. *See Kale*, 861 F.2d at 752-53 (requiring at least that a plaintiff have no actual or constructive knowledge for tolling to be considered in the First Circuit); *Brittmon v. Upreach, LLC*, No. 2:17-CV-219, 2018 WL 557920, at *9 (S.D. Ohio Jan. 23, 2018) (denying tolling because "without having information about the potential plaintiffs whose claims the Court is being asked to toll, the Court is unable to determine whether those potential plaintiffs lacked actual or constructive notice of the filing requirement, diligently pursued their rights, or were reasonably ignorant of the legal requirements of their claims").[3] There are many ways in which a potential opt-in may not have been diligent in pursuing his or her rights, including through inaction despite actual or constructive knowledge.

**B.     Plaintiffs show no extraordinary circumstance.**

Even if Plaintiffs showed that one or more opt-ins were otherwise diligent, tolling would still not be due because the circumstances at issue are normal litigation processes that do not warrant tolling contrary to the limitations period scheme that Congress has established. *See supra* at 6-7; *Titchenell v. Apria Healthcare Inc.*, No. CIV.A. 11-563, 2012 WL 3731341, at *7 (E.D. Pa.

---

[3] For instance, Plaintiffs' footnote 4 contains no facts pertaining to the knowledge or diligence of any potential opt-in. *See* ECF No. 32, at 8, n.4. In addition, without any notice from this court, the four individuals who have already opted in to this lawsuit, and who do not seek tolling in this motion, have obviously consulted with counsel and acted.

Aug. 29, 2012) ("[I]n the average [FLSA] case in which the delay is attributable to the normal litigation process, courts have held that equitable tolling is not appropriate."); *Muhammad v. GBJ, Inc.*, No. H–10–2816, 2011 WL 863785, at *2 (S.D. Tex. Mar. 9, 2011) (declining to apply tolling due to delay arising from "the need for limited discovery to determine whether certification is appropriate" because such a need "is present in many FLSA actions . . . and does not qualify as a 'rare and exceptional circumstance'"). In particular, the pendency of a motion to dismiss does not create an extraordinary circumstance warranting tolling. *See, e.g.*, *MacGregor v. Farmers Ins. Exch.*, No. 2:10-CV-03088, 2011 WL 2731227, at *2 (D.S.C. July 13, 2011) (denying tolling in a case where the court considered a motion to dismiss prior to ruling on certification because "[a] motion to dismiss is not out of the ordinary, nor is the time frame in which the court considered the motion; both are far from 'extraordinary' without more."); *Johnson v. Serenity Transp., Inc.*, 15-cv-02004-JSC, 2016 WL 1569984, at *5-6 (N.D. Cal. Apr. 19, 2016) (denying tolling based on pendency of motion to dismiss because "consistent with Congressional design . . . good faith motion practice by a defendant does not amount to wrongful conduct warranting equitable tolling of FLSA claims" (citation omitted)).[4]

To hold otherwise would allow the exception to swallow the rule. *Tidd v. Adecco USA, Inc.*, No. CIV.A. 07-11214-GAO, 2008 WL 4286512, at *5 (D. Mass. Sept. 7, 2008) (denying tolling based on the time to rule on a motion to dismiss, motion for partial summary judgment, and

---

[4] FedEx Ground will not repeat again here the procedural irregularities surrounding the MIN, *see* ECF No. 15, at 6 n.3; ECF No. 22, at 8-9 & n.6, but notes that the motions to dismiss and to stay are the natural consequences of Plaintiffs' litigation choices to pursue exceedingly broad claims against only FedEx Ground rather than local claims against the ISPs who set their pay and paid them. *See* ECF 22, at 6-7 n.3; *Pike v. New Generation Donuts, LLC*, No. CV 12-12226-FDS, 2016 WL 707361, at *6 (D. Mass. Feb. 20, 2016) (holding that a plaintiff's "strategic choice" is not an extraordinary circumstance beyond plaintiff's control warranting tolling).

motion to amend along with certification, reasoning that "the circumstances of this case are not substantially different from other FLSA cases, and acceptance of the plaintiffs' argument would essentially mean that equitable tolling should occur in every FLSA collective action, changing the principle of equitable tolling from the exception to the norm."); *Garrison v. ConAgra Foods Packaged Food, LLC*, No. 4:12-CV-00737-SWW, 2013 WL 1247649, at *5 (E.D. Ark. Mar. 27, 2013) ("[T]here is nothing extraordinary about a motion for conditional certification and the delay in notice while that motion is pending and to hold otherwise would be to opine that equitable tolling should be granted in every § 216(b) case as a matter of course during the pendency of a conditional class certification request, thereby transforming this extraordinary remedy into a routine, automatic one." (internal quotations and alteration omitted)).

Thus, along with being improper and unnecessary at this juncture, Plaintiffs' motion falls far short of establishing the extraordinary circumstances necessary to justify the rarely-granted relief of equitable tolling.[5]

## **CONCLUSION**

For the reasons stated herein, FedEx Ground respectfully asks the Court to deny Plaintiffs' motion for equitable tolling.

Dated: March 19, 2018                             Respectfully Submitted,

                                                             Defendant FEDEX GROUND PACKAGE SYSTEM, INC.

                                                             By: */s/ Kenneth D. Sansom*
                                                                  Kenneth D. Sansom
                                                                  Admitted Pro Hac Vice

---

[5] In the interest of compromise, and without agreeing that tolling is appropriate at this juncture, FedEx Ground has joined in the previous stipulation, ECF 30, because of the limited forbearance terms in which it is phrased.

9

Spotswood Sansom & Sansbury LLC
1819 Fifth Avenue North
Suite 1050
Birmingham, AL 35203
Telephone: (205) 986-3622
Facsimile: (205) 986-3639
E-Mail: ksansom@spotswoodllc.com

Jeffrey A. Dretler
Fisher & Phillips LLP
200 State Street
7th Floor
Boston, MA 02109
Telephone: (617) 532-9322
Facsimile: (617) 532-5899
E-mail: jdretler@fisherphillips.com

Attorneys for FedEx Ground

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that on March 19, 2018, a true copy of the above document was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties who have appearances as of the time of this filing by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

<u>/s/ *Morgan B. Franz*</u>