**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JORDAN ROY, ANGEL SULLIVAN-BLAKE, and JUSTIN TRUMBULL, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC.<br><br>Defendant. | CIVIL ACTION NO.<br>3:17-cv-30116-KAR<br><br>Leave to file granted on<br>April 12, 2018 |

**DEFENDANT FEDEX GROUND'S SUR-REPLY IN OPPOSITION TO**
**PLAINTIFFS' MOTION FOR EQUITABLE TOLLING**

Plaintiffs prominently but mistakenly rely on *Davenport v. Charter Commc'ns, LLC*, No. 4:12CV0007 AGF, 2014 WL 2993739 (E.D. Mo. July 3, 2014) as "expressly reject[ing]" FedEx Ground's advisory opinion argument. ECF No. 37, at 3. *Davenport* relies on two cases, *Dolgin v. Monsanto Co.*, No. 4:12CV01793 ERW, 2013 WL 4829218, at *4 (E.D. Mo. Sept. 10, 2013) and *Ondes v. Monsanto Co.*, No. 4:11CV197 JAR, 2011 WL 6152858, at *5 (E.D. Mo. Dec. 12, 2011). 2014 WL 2993739, at *6 (citing). Neither addresses an advisory opinion argument. *See Dolgin*, 2013 WL 4829218; *Ondes*, 2011 WL 6152858. And *Davenport* has no other reasoning regarding advisory opinions.[1] Moreover, *Davenport* contradicts other authority, *see* ECF No. 33, at 2 & n.1, including authority from both this District, *see id.* at 2, and its own, *see Volz v. Provider Plus, Inc.*,

---

[1] The *Davenport* court thought the defendant was arguing that a tolling decision is advisory absent factual declarations from potential opt-ins. *See* 2014 WL 2993739, at *6. But the point is that future opt-ins are simply not before the Court. *See* ECF No. 33, at 2.

1

No. 4:15-CV-0256 TCM, 2015 WL 4255614, at *1 n.4 (E.D. Mo. July 14, 2015) ("ruling on equitable tolling at this time" would be an "improper advisory opinion").

Further, Plaintiffs ignore FedEx Ground's standing, personal jurisdiction, and non-necessity points; confuse diligent pursuit of FLSA rights (shown with evidence) with diligently joining a particular lawsuit (*compare* ECF. No. 33, at 5-7 *with* ECF No. 37, at 4-5); and rely only on cases outside this Circuit.[2]

| | |
|---|---|
| Dated: April 12, 2018 | Respectfully Submitted, |
| | Defendant FEDEX GROUND PACKAGE SYSTEM, INC. |
| | By: */s/ Kenneth D. Sansom* |
| |     Kenneth D. Sansom |
| |     Admitted Pro Hac Vice |
| | Spotswood Sansom & Sansbury LLC |
| | 1819 Fifth Avenue North, Suite 1050 |
| | Birmingham, AL 35203 |
| | Telephone: (205) 986-3622 |
| | Facsimile: (205) 986-3639 |
| | E-Mail: ksansom@spotswoodllc.com |
| | Jeffrey A. Dretler |
| | Fisher & Phillips LLP |
| | 200 State Street, 7th Floor |
| | Boston, MA 02109 |
| | Telephone: (617) 532-9322 |
| | Facsimile: (617) 532-5899 |
| | E-mail: jdretler@fisherphillips.com |
| | Attorneys for FedEx Ground |

---

[2] Plaintiffs contend that FedEx Ground, by stipulating as to tolling in ECF No. 30 but opposing broader court-ordered tolling, wants to "have its cake and eat it too." ECF No. 37, at 2. Plaintiffs blur the distinction between a party stipulation regarding tolling (permissible) and court-ordered tolling (impermissible for the reasons FedEx Ground has articulated). FedEx Ground, by stipulating as to tolling in ECF No. 30, has not conceded that the Court has the power to order tolling, which is a separate matter entirely.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on April 12, 2018, a true copy of the above document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties who have appearances as of the time of this filing by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ *Morgan B. Franz*