UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JORDAN ROY and JUSTIN TRUMBULL, on behalf of themselves and others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 3:17-cv-30116-KAR |
| FEDEX GROUND PACKAGE SYSTEM, INC. | ) ) ) ) | |
| Defendant. | ) | |

DISCOVERY ORDER
(Docket No. 98)

ROBERTSON, U.S.M.J.

I. INTRODUCTION

This Fair Labor Standards Act ("FLSA") collective action is before the court to consider the number of opt-in plaintiffs to whom written discovery should be directed. The court has determined that the parties will utilize a questionnaire as the first phase of discovery in lieu of interrogatories and requests for production of documents and admissions. The content of the questionnaire has not yet been finalized.[1] There are approximately 544 opt-in class members. Defendant FedEx Ground Package System, Inc. ("FedEx Ground") requested leave to issue discovery questionnaires to each individual opt-in plaintiff. Plaintiffs Jordan Roy and Justin Trumbull ("Plaintiffs"), who represent the putative class, propose that the questionnaires initially be issued to twenty opt-in plaintiffs with the potential for issuing additional questionnaires after

---

[1] At the December 11, 2019 status conference, the parties agreed to confer concerning modifications to FedEx's proposed questionnaire and to submit any objections to the court on or before January 6, 2020.

1

the responses from the first twenty opt-in plaintiffs are assessed. After hearing the parties' arguments, the court directs FedEx to choose fifty opt-in plaintiffs who will receive written questionnaires.

II. BACKGROUND

FedEx Ground employed Plaintiffs as full-time delivery drivers through intermediary entities that FedEx Ground calls "independent service providers," or "ISPs." Plaintiffs assert a single claim against FedEx Ground for unpaid overtime pursuant to the FLSA (Dkt. No. 1). *See* 29 U.S.C. § 207.

The court granted Plaintiffs' motion for conditional certification on November 27, 2018, thereby allowing notice to be sent to similarly situated drivers who could "opt into" the collective action (Dkt. No. 64). *See Roy v. FedEx Ground Package Sys., Inc.,* 353 F. Supp. 3d 43, 76 (D. Mass. 2018). Notices were issued to FedEx Ground drivers who worked in Massachusetts after February 19, 2015, drove trucks weighing less than 10,001 pounds, and were not paid overtime compensation for all hours worked over forty each week (Dkt. Nos. 82, 83). Approximately 544 opt-in plaintiffs submitted consent forms to Plaintiffs' counsel (Dkt. Nos. 85-91, 96, 97).

On November 15, 2019, FedEx Ground requested a hearing to discuss several issues, including the number of opt-in plaintiffs who would receive its proposed discovery questionnaire (Dkt. No. 98 at 2-5; Dkt. No. 98-1). In lieu of formal interrogatories, requests for production of documents, and requests for admissions, FedEx Ground asked to propound an eleven question form, which it described as containing "seven interrogatory-style questions, two requests for production of documents, and two requests for admission," to each individual opt-in plaintiff (Dkt. No. 98 at 4). Plaintiffs opposed FedEx Ground's request to issue written questionnaires to all of the opt-in plaintiffs on the ground that it would defeat the purpose of an FLSA collective action and would be unduly burdensome (Dkt. No. 103 at 4-7). Instead, Plaintiffs proposed

initially issuing the questionnaires to a "representative sample" of twenty opt-ins, which is about 4% of the opt-in class (Dkt. No. 103 at 2-3, 5). Plaintiffs cited cases in which written discovery was issued to approximately that percentage of the opt-ins and noted that cases in which individual discovery to all opt-ins was permitted involved "significantly smaller numbers of opt-in plaintiffs than the size of the class in this case" (Dkt. No. 103 at 3-7 & n.2).

III. DISCUSSION

"Discovery matters are for the informed discretion of the district court, and the breadth of that discretion in managing pre-trial mechanics and discovery is very great." *Fennell v. First Step Designs, Ltd.*, 83 F.3d 526, 532 (1st Cir. 1996) (citing *Fusco v. General Motors Corp.,* 11 F.3d 259, 267 (1st Cir. 1993)).

In the court's view, the appropriate scope of discovery lies between the positions of the parties. "FLSA '[c]ollective actions were created to promote the "efficient adjudication of similar claims, so similarly situated employees, whose claims are often small and not likely to be brought on an individual basis, may join together and pool their resources to prosecute claims."'" *Cunha v. Avis Budget Car Rental, LLC*, 221 F. Supp. 3d 178, 181 (D. Mass. 2016) (quoting *Iriarte v. Café 71, Inc.*, No. 15 Civ. 3217 (CM), 2015 WL 8900875, at *2 (S.D.N.Y. Dec. 11, 2015)). Plaintiffs persuasively argue that permitting discovery of approximately 544 opt-in plaintiffs would defeat the purpose of the FLSA and would place an undue burden on the opt-in plaintiffs and their counsel. Although FedEx Ground proposes to use a questionnaire in lieu of interrogatories and requests for production of documents and admissions, the scope of the proposed questionnaire was exceedingly broad. In other cases in which all opt-in plaintiffs participated in discovery, there were fewer opt-ins. None of the cases upon which FedEx Ground relies permitted written discovery of over 500 opt-in plaintiffs (Dkt. No. 112 at 3). *See,*

3

*e.g., Scovil v. FedEx Ground Package Sys., Inc.,* No. 1:10-CV-00515-DBH, 2011 WL 5526033, at *3 (D. Me. Nov. 14, 2011) (anticipating forty opt-in plaintiffs). On the other hand, Plaintiffs' suggestion that twenty opt-in plaintiffs is a sufficient representative sample is not adequately supported, particularly in view of FedEx Ground's representation that there are 140 ISPs in Massachusetts. In the court's view, a larger sample is necessary to permit FedEx Ground to determine whether or not all employees are "similarly situated" in terms of employment practices. *Roberts v. TJX Cos.,* Civil Action No. 13-cv-13142-ADB, 2017 WL 1217114, at *3 (D. Mass. Mar. 31, 2017). If they are not, the class is susceptible to decertification and dismissal. *See id.* It is the court's position that fifty opt-in plaintiffs, or about 10% of the total number, is an adequate representative sample. *See Morangelli v. Chemed Corp.,* 922 F. Supp. 2d 278, 283 (E.D.N.Y. 2013) (where there were 432 opt-in plaintiffs, 9% (39) were sufficient for representational discovery); *Scott v. Bimbo Bakeries USA, Inc.,* Civil Action No. 10-3154, 2012 WL 6151734, at *1, *6 (E.D. Pa. Dec. 11, 2012) (permitting written discovery requests to be served on 10% of the class of 650 opt-in plaintiffs); *Davis v. Westgate Planet Hollywood Las Vegas, LLC,* No. 2:08-cv-00722-RCJ-PAL, 2010 WL 2872406, at *3-4 (D. Nev. July 19, 2010) (defendants were limited to a 10% representative sample); *Smith v. Lowe's Home Centers, Inc.,* 236 F.R.D. 354, 357–58 (S.D. Ohio 2006) ("limiting discovery to a statistically significant representative sampling . . . will both reasonably minimize the otherwise extraordinary burden imposed on the plaintiffs and their counsel and yet afford the defendant a reasonable opportunity to explore, discover, and establish an evidentiary basis for its defenses.").

Accordingly, the court orders that the written questionnaire be propounded to fifty opt-in plaintiffs. The parties have agreed that FedEx Ground will choose which opt-in plaintiffs will be served with the written questionnaire.

IV.     CONCLUSION

In response to FedEx Ground's request for individualized discovery (Dkt. No. 98), the court orders that the finalized written questionnaire be transmitted to fifty of the opt-in plaintiffs who will be selected by FedEx Ground.

It is so ordered.

Date:  December 30, 2019                    /s/ Katherine A. Robertson
                                                                          KATHERINE A. ROBERTSON
                                                                          United States Magistrate Judge