**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

JORDAN ROY and JUSTIN TRUMBULL,
on behalf of themselves and others
similarly situated,

                           Plaintiffs,

        v.

FEDEX GROUND PACKAGE SYSTEM,
INC.,

                         Defendant.

CIVIL ACTION NO. 3:17-cv-30116

## PLAINTIFFS' OPPOSITION TO FEDEX GROUND'S
## RULE 19(A) MOTION TO JOIN SERVICE PROVIDERS AS REQUIRED PARTIES

In its Rule 19(a) Motion to Join Service Providers as Required Parties, Defendant FedEx Ground Package System, Inc. ("FedEx"), FedEx asks the Court to join as parties to this case the more than 120 intermediary companies through which the named and opt-in Plaintiffs work as FedEx drivers ("Service Providers").  Rule 19(a) requires the joinder of parties only if the non-party's absence would impair its ability to protect its interests, if the existing party would be at risk for inconsistent obligations because of the non-party's absence, or if the Court cannot provide complete relief among the existing parties.  See Fed. R. Civ. P. 19(a).  As discussed below, none of these circumstances are present here.

The Service Providers' interests are not at stake in this case, which is alleged solely against FedEx.  The fact that FedEx may subsequently seek indemnification from the Service Providers does not necessitate their joinder in this case.  As courts in this district and nationwide have concluded, courts routinely hold that Rule 19(a) does not

require joinder under the same circumstances.  See, e.g., Charest v. Fed. Nat. Mortg. Ass'n, 9 F. Supp. 3d 114, 133 (D. Mass. 2014) ("A risk to a defendant who, after successfully defending 'against a party[,] may be found liable to another party in a subsequent action arising from the same incident' presents 'a risk of inconsistent adjudications or results' and, as such, 'does not necessitate joinder of all of the parties into one action'") (citing and quoting Delgado v. Plaza Las Americas, Inc., 139 F.3d 1, 3 (1st Cir. 1998)); Sullivan v. Starwood Hotels & Resorts Worldwide, Inc., 949 F. Supp. 2d 324, 331 (D. Mass. 2013) ("[J]oint tortfeasors and indemnitors are generally not required parties.  Starwood has not demonstrated that a contrary rule applies in this case. Starwood is free to file a separate suit for contribution or indemnity against the absent parties."); see also cases cited infra pages 7-8.  Plaintiffs have not made any allegations in this case against the Service Providers; rather, this case is about FedEx's status and potential liability as Plaintiffs' employer under the Fair Labor Standards Act.  Nor does the possibility of indemnification proceedings against the Service Providers mean that FedEx could be subject to inconsistent obligations.

Finally, the Court can easily provide complete relief between the existing parties in this case; Plaintiffs are alleging that FedEx is their joint employer under the FLSA and that FedEx is therefore jointly and severally liable for the wage violations Plaintiffs and opt-ins have suffered.  See 29 C.F.R. § 791.2.  As numerous courts have held in analogous circumstances, in light of this potential joint and several liability, there is no need to join the Service Providers to this FLSA case.  See, e.g., Arwine-Lucas v. Caesars Enterprises Servs., LLC, 2019 WL 4296496, at *3 (W.D. Mo. Feb. 25, 2019) ("unnamed co-employers may not need to be included when a joint employment

relationship is adequately alleged in a FLSA case"); <u>Iraheta v. Lam Yuen, LLC</u>, 2012

WL 5995689, at *5 (D. Md. Nov. 29, 2012) ("[C]ourts generally hold that where a plaintiff

states an FLSA claim against a defendant who is alleged to be his employer, an

unnamed co-employer is not a necessary party who should be joined under Rule

19(a)"); <u>see also</u> cases cited <u>infra</u> page 10.

Because FedEx has failed to establish that the requirements of Rule 19(a) are

satisfied here, the Court should deny FedEx's motion.

## LEGAL STANDARD

Rule 19(a) defines a required party as follows:

 (1) A person ... shall be joined as a party in the action if
  (A) in the person's absence complete relief cannot be accorded among
  those already parties, or
  (B) the person claims an interest relating to the subject of the action and is
  so situated that the disposition of the action in the person's absence may
    (i) as a practical matter impair or impede the person's ability to
    protect that interest or
    (ii) leave any of the persons already parties subject to a substantial
    risk of incurring double, multiple, or otherwise inconsistent
    obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a).  As the moving party, FedEx carries the burden of proving that the

above criteria are satisfied and that the Service Providers must be joined.  <u>See</u> <u>In re</u>

<u>Veluchamy</u>, 879 F.3d 808, 819 n.4 (7th Cir. 2018*)*.

In evaluating whether a party must be joined pursuant to Rule 19(a), "the judge

first decides whether, if the absentees can be joined, they must be joined (absentees

cannot be joined if, for example, service-of-process or subject-matter-jurisdiction

problems exist).  One scenario in which the judge ought to join them (if they can be

joined) is if he cannot "accord complete relief among the existing parties" without their

joinder. Absentees that meet the Rule-19(a)(1) standard are called "required part[ies]"

(once called "necessary parties" in days gone by). And if the judge identifies such parties, he then looks to Rule 19(a)(2) – a rule that says that if they have not been joined as required, the [judge] must order that they be made ... part[ies]."  Delgado-Caraballo v. Hosp. Pavia Hato Rey, Inc., 889 F.3d 30, 37 (1st Cir. 2018) (internal citations and quotations omitted).

## ARGUMENT

### I.  The Service Providers Are Not Required Parties Under Rule 19(a)(1)(B)(i)

#### A.  The Contractual Rights of the Service Providers Are Not At Issue in this Case

In a complete mischaracterization of the claims in this lawsuit, FedEx argues that the Service Providers must be joined because "the lawsuit centers on the contractual obligations between the Plaintiff-Drivers and the Service Providers."  Mot. at 5.  But this case is not about any contractual obligations between the Service Providers and the drivers; it is about whether FedEx is an employer of Plaintiffs and thus whether FedEx is liable for the wage violations Plaintiffs have suffered.  Plaintiffs' complaint alleges no wrongdoing on the part of the Service Providers: it alleges only that FedEx, as a joint employer under the FLSA, has failed to pay FedEx drivers overtime in accordance with the law.  The fact that Plaintiffs may be paid by Service Providers, not FedEx, does not mean that the Service Providers' contractual obligations are at issue in this case; if FedEx is deemed to be a joint employer, then it will be responsible for ensuring that Plaintiffs are compensated for their overtime work in compliance with the FLSA (regardless of whether Plaintiffs also seek payment from the Service Providers).

FedEx's reliance on Gilliand v. Koch Trucking, Inc., 2015 WL 2395148 (D. Md. May 19, 2015), is misplaced.  In Gilliand, the court found the absent employer was a

necessary party in a wage-and-hour case where it was originally a named defendant (which was later dismissed), the plaintiffs' complaint referred to a contract between the absent defendant and the remaining defendant, and, perhaps most importantly, the absent employer "bore the brunt of the plaintiffs' allegations" as the party that allegedly violated plaintiffs' rights.  Id. at *4.  The court thus found that the absent defendant had an interest in the case because the court would be required to "interpret and rule on liability under the employment contracts" between the absent defendant and the named defendants.  Id. In contrast, Plaintiffs here have not directed any claims or allegations against the Service Providers, and the Court will not need to determine the potential liability of the Service Providers in order to determine whether FedEx is an employer, in which case FedEx would be jointly and severally liable.  The test to determine employer status is applied to each putative employer individually.  See Hamilton v. Partners Healthcare Sys., Inc., 209 F. Supp. 3d 379, 391 (D. Mass. 2016).  The rights and obligations of the Service Providers are simply not at issue here.

FedEx's effort to distinguish Romero v. Clean Harbors Surface Rentals USA, Inc., 368 F. Supp. 3d 152, 159 (D. Mass. 2019), is similarly unpersuasive.  In Romero, the named defendant argued that a staffing agency should be joined in an FLSA case because the court would need to make determinations about the employment relationship between the unnamed agency and the plaintiffs, in addition to the named defendant.  Id. at 158.  Chief Judge Saris rejected this argument, finding that the Court did not need to make any determinations about the unnamed agency in order to determine if the named defendant was liable as an employer under the FLSA because "[w]hile the analysis of the alleged employment relationship between Romero and Clean

Harbors likely would consider facts about Drilling Professionals' relationship with [Plaintiff], the fact finder does not need to decide whether an employment relationship also existed between Drilling Professionals and [Plaintiff]." Id. at 159.  The same is true here: while the Court may be called upon in this case to consider certain facts about the Service Providers' relationships with Plaintiffs, the Court will not need to make *any* findings about the Service Providers' liability in order to determine whether FedEx is Plaintiffs' employer.

**B. FedEx and the Service Providers Have Identical Interests**

FedEx next argues that the Service Providers need to be joined so they can defend their own interests, which it argues are not identical to the interests of FedEx. According to FedEx, if it is found to be Plaintiffs' joint employer, FedEx intends to argue that any willful violations of the FLSA were the fault of the Service Providers, not FedEx. Mot. at 8.  Thus, FedEx contends that the Service Providers' interests are not identical to FedEx's because the Service Providers risk exposure for three years of damages if they are found to have acted willfully.  See 29 U.S.C. § 255(a).

Chief Judge Saris rejected a similar argument in Romero, where the named defendant argued that the absent party needed to be joined because the factfinder could conclude that the absent party was responsible for willful violations of the FLSA. Romero, 368 F. Supp. 3d at 160.  The Court concluded that this argument about a "specific, hypothetical scenario …. misses the point of Rule 19" because "the absence of [the staffing agency] does not in any way prevent the Court from resolving [Plaintiff's] claims against Clean Harbors, either for three years of unpaid overtime or for liquidated damages."  Id.  Similarly, here, there is nothing preventing the Court from determining

whether FedEx acted willfully.  FedEx's speculative future argument against a finding of willfulness in no way requires the joinder of the Service Providers.

Nor is the fact that the Service Providers may be required to indemnify FedEx for any liability related to the Service Providers' pay practices sufficient to require joinder. The indemnification provision on which FedEx relies provides that the Service Provider agrees to indemnify FedEx against "any and all losses and threatened losses resulting from, arising out of, in connection with, or based on allegations whenever made of…any claims relation to assertions by any current or former [Service Provider] agent, employee, or subcontractor *arising in any way out of their relationship with [the Service Provider]* or the termination of that relationship."  Dkt. 55-7, § 14.3(A) (emphasis added). As an initial matter, it is not at all clear (nor has FedEx even attempted to demonstrate) that Plaintiffs' claims in this case – which are directed entirely against FedEx, not the Service Providers – would be covered by this indemnification provision.

Even if such a right to indemnification does exist, though, courts have routinely rejected the argument that a possibility of indemnification warrants joinder under Rule 19.  See Charest, supra p.1, 9 F. Supp. 3d at 133; Sullivan, supra p.1, 949 F. Supp. 2d at 331; Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs., 844 F.2d 1050, 1054 (3d Cir.1988) ("[A] defendant's right to contribution or indemnity from an absent non-diverse party does not render that absentee indispensable pursuant to Rule 19."); Nottingham v. Gen. Am. Commc'ns Corp., 811 F.2d 873, 880–81 (5th Cir. 1987); Rochester Methodist Hosp. v. Travelers Ins. Co., 728 F.2d 1006, 1016–17 (8th Cir.1984); Pasco Int'l (London) Ltd. v. Stenograph Corp., 637 F.2d 496, 503 (7th Cir. 1980) ("[P]otential  indemnitors have never been considered indispensable parties, or

even parties whose joinder is required if feasible.")); <u>Boggs v. Landmark 4 LLC</u>, No. 1:12 CV 614, 2012 WL 3485288, at *3 (N.D. Ohio Aug. 13, 2012) ("Courts have consistently found that the potential for future litigation based on contractual indemnification or contribution is merely speculative and does not make the potential future defendant a necessary party in the current action under Rule 19."); <u>see also</u> <u>Temple v. Synthes Corp., Ltd.</u>, 498 U.S. 5, 7, (1990) ("It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit.").

Because the contractual obligations of the Service Providers are not at issue in this case, and because FedEx has failed to establish that its interests are distinct from the Service Providers, the Service Providers are not required parties under Rule 19(a)(1)(B)(i).

## II.  The Service Providers Are Not Required Parties Under Rule 19(a)(1)(B)(ii)

FedEx next argues that it could be subject to inconsistent obligations pursuant to Rule 19(a)(1)(B)(ii) because it could be forced to relitigate liability if it is found liable in this lawsuit and is forced to file indemnification proceedings against the Service Providers.  Again, this argument must be rejected out of hand.  If this were sufficient risk of inconsistent obligations to warrant joinder, then the courts, in the cases noted above at pages 6-7 would not routinely reject the argument that potential indemnitors are necessary parties under Rule 19(a).  Moreover, as the <u>Charest</u> court explained, the potential for inconsistent adjudications in subsequent proceedings is not the concern of this provision of the Rule:

> Rule 19(a)(1)(B)(ii) also protects the existing parties
> against "inconsistent <u>obligations</u>," not inconsistent
> <u>adjudications</u>. Inconsistent obligations occur when a
> party is unable to comply with one court's order without

breaching another court's order concerning the same incident.  Inconsistent adjudications or results, by contrast, occur when a defendant successfully defends a claim in one forum, yet loses on another claim arising from the same incident in another forum.  A risk to a defendant who, after successfully defending against a party[,] may be found liable to another party in a subsequent action arising from the same incident presents a risk of inconsistent adjudications or results and, as such, does not necessitate joinder of all of the parties into one action" under Rule 19(a).  The risk that Fannie Mae may not recover indemnity from GMAC in the event that the Charests succeed against Fannie Mae under chapter 93A therefore does not constitute a risk of inconsistent obligations.

Charest, 9 F. Supp. 3d at 132 (internal quotations and citations omitted) (emphasis added).  See also General Refractories Co. v. First State Insurance Co., 500 F.3d 306, 319 (3d Cir. 2007) (rejecting argument that non-party indemnitor was necessary in order to preserve indemnification rights because "the possibility defendants may have to shoulder the entire loss if found liable is a necessary consequence of joint and several liability.").

Because Rule 19(a)(1)(B)(ii) plainly does not require joinder in order to prevent the possibility of inconsistent judgments in future proceedings, the Court should reject FedEx's argument that the Service Providers must be joined in order to ensure that such a result does not occur.

### III. The Service Providers Are Not Required Parties under Rule 19(a)(1)(A)

FedEx's final argument is that the Court cannot grant complete relief to the existing parties without the Service Providers' participation in this case.  As shown below, the Court can easily do so, and the Court should reject FedEx's argument that the Service Providers are required under Rule 19(a)(1)(A).

9

### A.  Plaintiffs Can Obtain Complete Relief Without the Service Providers

FedEx argues that the Plaintiffs cannot obtain complete relief in this case because it is the Service Providers that purportedly calculate and disburse Plaintiffs' pay.  But the FLSA permits a party to recover from any individual or entity found to be a joint employer.  29 C.F.R. § 791.2.  Thus, as courts that have addressed this question have routinely concluded, Rule 19(a) does not require the joinder of all entities alleged to be employers.  See, e.g., Arwine-Lucas, supra p.1, 2019 WL 4296496, at *3; Iraheta, supra p.1, 2012 WL 5995689 at *5; Moreno v. EDCare Management, 243 F.R.D. 258, 259-60 (W.D. Tex. 2007) ("Plaintiffs contend that EDCare is an employer of plaintiffs, it is therefore jointly and severally liable with Southwest for any FLSA violations, and Southwest is not a necessary party."); DeWitt v. Daley, 336 B.R. 552, 556 (S.D. Fla. 2006) ("the FLSA provides for joint and several liability. Therefore, Plaintiffs can obtain complete relief from Defendant without making BBC a party to the case."); Yates v. Applied Performance Techs., Inc., 209 F.R.D. 143, 1449 (S.D. Ohio 2002) (finding that because "the FLSA imposes joint and severable liability on employers," an unnamed joint employer "is not a necessary party because complete relief can be accorded among those already parties to this case.").[1]

Here, having alleged FedEx to be their employer, there is no question that Plaintiffs can obtain complete relief from FedEx if it is found liable.  The FLSA requires FedEx to have a pay structure that complies with the FLSA; if FedEx does not have such a structure, then it is jointly and severally liable to its drivers for their FLSA damages if it is deemed to be their employer.  The mere fact that Service Providers

---

[1]     The sole case on which FedEx relies, Mattera v. Clear Channel Commc'ns, Inc., 239 F.R.D. 70, 76 (S.D.N.Y. 2006), is plainly an outlier against this weight of authority.

might be jointly liable for the alleged FLSA violations does not render them required parties under Rule 19(a)(1).

FedEx next urges the Court to find Plaintiffs cannot be afforded complete relief because the Court cannot issue an injunction requiring the Service Providers to comply with the FLSA in the future if the Service Providers are not parties to the case.  The Court must reject this straw man argument, as it is plainly Plaintiffs' decision as to whether to request such relief, and Plaintiffs did not request such prospective relief in their Complaint.  See Dkt. 1.

Finally, FedEx argues that Plaintiffs' rights could be impaired because, if they do not prevail in this case and later decide to sue the Service Providers directly, the statute of limitations may have run for certain claims.  Again, this argument is without merit. Plaintiffs are entitled to make their own strategic decision about whether to litigate against the Service Providers for the wage violations at issue.  It is not for the defendant or even the Court to consider Plaintiffs' litigation strategy under Rule 19(a)(1)'s required party analysis.

In sum, because the Plaintiffs can readily obtain complete relief from FedEx in this case, the Service Providers are not required under Rule 19(a)(1)(A).

### B.  FedEx Can Obtain Complete Relief Without the Service Providers

FedEx's last-ditch argument is that FedEx itself cannot obtain complete relief without the Service Providers.  But FedEx's rationale rests on circumstances which can only be described as problems of entirely of FedEx's own making, neither of which prevent it from obtaining complete relief in this litigation.

First, FedEx argues that it cannot obtain complete relief in this case without the Service Providers because, if they are not joined, then FedEx will have to use "several dozen, if not over 100," third-party subpoenas to obtain information necessary to defend itself in this case.  Mot. at 13.  The contention that the Service Providers must be joined in this case because FedEx chooses not to maintain these records (which it would be required to maintain if it were deemed to be Plaintiffs' employer) and will be inconvenienced in obtaining them is meritless.  Not surprisingly, FedEx does not cite any authority for the proposition that such discovery convenience issues are appropriate for the Court to consider in deciding a Rule 19 motion, and this Court should decline to do so here.

Similarly, the Court should reject FedEx's argument that the Service Providers must be joined because, without them, FedEx will need to initiate and litigate dozens of separate indemnification proceedings against Service Providers.[2]  Again, it was FedEx

---

[2]    Sections 16.3 and 16.5 of the contract apparently require FedEx and the Service Provider to individually arbitrate any disputes between the parties:

> The Parties agree that any dispute that would be recognized in a court of appropriate jurisdiction, including any claim or controversy between the Parties arising since the effective date of this Agreement and out of or relating in any way to this Agreement and/or the relationship between the Parties resulting from this Agreement, including without limitation the interpretation of any provision of this Agreement, the performance by UFT or FXG, the treatment by one Party of the other, the termination of this Agreement and/or the determination of the scope or applicability of this agreement to arbitrate, shall be determined by final binding arbitration.

> * * * *

> There shall be no right or authority for any claims to be arbitrated on a class representative, multi-party, or multiclaimant basis, regardless of forum.

12

that drafted its contracts with Service Providers, which apparently require the institution of such a multiplicity of individualized indemnification proceedings.  FedEx has made its bed and it should now have to lie in it.  Nothing in Rule 19(a) speaks to whether the existing parties will be inconvenienced in this way, and, as noted <u>supra</u>, the risk of inconsistent decisions in indemnification proceedings is not an appropriate consideration under Rule 19.

Because FedEx's arguments that it cannot obtain complete relief without the Service Providers both fail, the Court should find that the Service Providers are not required under Rule 19(a)(1)(A).

## CONCLUSION

For the foregoing reasons, FedEx's Rule 19(a) Motion to Join Service Providers As Required Parties should be denied.

---

Dkt. 55-7, §§ 16.3, 16.5.  Thus, to the extent FedEx is seeking to join the Service Providers in order to seek indemnification as part of this case, they plainly cannot be joined for that purpose.

Notably, this arbitration provision likely explains why FedEx has not impleaded the Service Providers pursuant to Fed. R. Civ. P. 14(a)(5), which allows a defendant to implead a third-party who may be liable to the defendant for all or part of the claim.

Dated:  January 6, 2020                    Respectfully submitted,

                                           JORDAN ROY and JUSTIN TRUMBULL, on
                                           behalf of themselves and others similarly
                                           situated,

                                           By their attorneys,

                                           */s/ Shannon Liss-Riordan*
                                           Shannon Liss-Riordan (BBO #640716)
                                           Michelle Cassorla (BBO #688429)
                                           LICHTEN & LISS-RIORDAN, P.C.
                                           729 Boylston Street, Suite 2000
                                           Boston, Massachusetts 02116
                                           (617) 994-5800
                                           sliss@llrlaw.com
                                           mcassorla@llrlaw.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on January 6, 2020, I caused a true and correct copy of the foregoing to be filed with the Court's CM/ECF system, which constitutes service on Defendant, whose counsel are registered participants in that system.

/s/ Shannon Liss-Riordan_____
Shannon Liss-Riordan
