UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JORDAN ROY and JUSTIN TURNBULL, on behalf of themselves and others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 3:17-30116-KAR |
| FEDEX GROUND PACKAGE SYSTEM, INC., | ) ) ) | |
| Defendant. | ) ) | |

MEMORANDUM AND ORDER REGARDING DEFENDANT'S RULE 19(a)
MOTION TO JOIN SERVICE PROVIDERS AS REQUIRED PARTIES
(Docket Number 114)

ROBERTSON, U.S.M.J.

I.     INTRODUCTION

This Fair Labor Standards Act ("FLSA") collective action is before the court on

defendant FedEx Ground Package System, Inc.'s ("Defendant" or "FedEx") Rule 19(a) Motion to

Join Service Providers as Required Parties (Dkt. No. 114).  FedEx seeks to join the companies

that contracted with FedEx to provide delivery services in Massachusetts (hereinafter "Service

Providers").  Plaintiffs Jordan Roy and Justin Turnbull (collectively, "Plaintiffs"), who allege

that FedEx employed them as delivery drivers, have opposed Defendant's motion (Dkt. No. 123),

and Defendant has replied (Dkt. No. 130).  Both parties have notified the court of recent

decisions in companion cases from other jurisdictions (Dkt. Nos. 133, 142, 143).[1]  After

---

[1] The parties brought the following supplemental authorities to the court's attention:  *Johnson v. FedEx Ground Package Sys., Inc.,* No. 5:19-cv-196-Oc-30PRL (M.D. Fla. Apr. 6, 2020); *Overpeck v. FedEx Corp.,* Case No. 18-cv-07553-PJH, 2020 WL 1557433 (N.D. Cal. Apr. 1,

reviewing the parties' submissions and hearing their arguments, FedEx's motion is DENIED for the reasons that follow.

II.   RELEVANT BACKGROUND

Plaintiffs, acting on behalf of themselves and other similarly situated persons who purportedly have been employed by FedEx through the intermediary Service Providers, have brought a single claim against FedEx for unpaid overtime pursuant to the FLSA (Dkt. No. 1). *See Roy v. FedEx Ground Package Sys., Inc.,* 353 F. Supp. 3d 43, 51-52 (D. Mass. 2018); 29 U.S.C. § 207.  On November 27, 2018, the court conditionally certified a collective of similarly situated individuals who delivered FedEx's packages in Massachusetts and were paid by Service Providers to perform delivery services on FedEx's behalf.  *See Roy,* 353 F. Supp. 3d at 76.  After approximately 544 opt-in plaintiffs submitted consent forms to Plaintiffs' counsel (Dkt. Nos. 85-91, 96, 97), FedEx moved for joinder of the Service Providers (Dkt. No. 114).  *See Roy v. FedEx Ground Package Sys., Inc.*, Case No. 3:17-cv-30116-KAR, 2019 WL 7316333, at *1 (D. Mass. Dec. 30, 2019).

III.   ANALYSIS

A.   Legal Standard

FedEx contends that Fed. R. Civ. P. 19(a)(1) requires joinder of the Service Providers who employed the drivers and established the pay practices at issue.  Plaintiffs respond that their claims depend on their contention that FedEx is an employer under the FLSA and the Service Providers are not parties required under Rule 19(a)(1) for resolution of this contention (Dkt. No. 123 at 2).

---

2020); and *Sullivan-Blake v. FedEx Ground Package Sys., Inc.,* Civil Action No. 18-1698, 2020 WL 518139 (W.D. Pa. Jan. 31, 2020).

"Rule 19 deals with situations where 'a lawsuit is proceeding without a party whose interests are central to the suit.'" *Phoenix Ins. Co. v. Delangis,* Civil Action No. 14-10489-GAO, 2015 WL 1137819, at *3 (D. Mass. Mar. 13, 2015) (quoting *Bacardi Int'l Ltd. v. V. Suarez & Co.*, 719 F.3d 1, 9 (1st Cir.), *cert. denied*, 134 S. Ct. 640 (2013); *Charest v. Fed. Nat'l Mortg. Assoc.*, 9 F. Supp. 3d 114, 119 (D. Mass. 2014)).   In considering a motion brought pursuant to Fed. R. Civ. P. 19(a), "[t]he [c]ourt is tasked with engaging in an analysis that is 'fact-bound and driven by the nature of the issues' at hand." *Id.* (quoting *Bacardi Int'l. Ltd.,* 719 F.3d at 9–10; *Charest,* 9 F. Supp. 3d at 129).   The court must be mindful of "the policies that underlie Rule 19, 'including the public interest in preventing multiple and repetitive litigation, the interest of the present parties in obtaining complete and effective relief in a single action, and the interest of absentees in avoiding the possible prejudicial effect of deciding the case without them.'" *Picciotto v. Cont'l Cas. Co.*, 512 F.3d 9, 15-16 (1st Cir. 2008) (quoting *Acton Co. of Mass. v. Bachman Foods, Inc.*, 668 F.2d 76, 78 (1st Cir. 1982)).   "Fundamentally, the 'Rule aims to achieve a practical objective[,]' specifically '"to achieve judicial economies of scale by resolving related issues in a single lawsuit," while at the same time preventing "the single lawsuit from becoming fruitlessly complex or unending."'" *Plymouth Yongle Tape (Shanghai) Co. v. Plymouth Rubber Co.,* 683 F. Supp. 2d 102, 112 (D. Mass. 2009) (quoting *Pujol v. Shearson/Am. Express, Inc.,* 877 F.2d 132, 134 (1st Cir. 1989)).

Rule 19 lays out a two-step process to determine whether a party must be joined.  *See Latin Uno, Inc. v. Univision Commc'ns, Inc.,* Civ. No. 15-2122 (ADC), 2019 WL 469843, at *1 (D.P.R. Feb. 5, 2019).  First, the court must determine if an absent party is a "required party" under Rule 19(a).  *See Picciotto,* 512 F.3d at 16.  Assuming the absent party is subject to service

of process and will not deprive the court of subject matter jurisdiction, a party must be joined as a "required party" under Rule 19(a)(1) if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).  The party moving for joinder has the burden of establishing that one of the three Rule 19(a)(1) criteria have been met.  *See Romero v. Clean Harbors Surface Rentals USA, Inc.,* 368 F. Supp. 3d 152, 157 (D. Mass. 2019); *Charest,* 9 F. Supp. 3d at 130; *Sullivan v. Starwood Hotels & Resorts Worldwide, Inc.,* 949 F. Supp. 2d 324, 330 (D. Mass. 2013).

"If the Court finds that the absent party is a required party, it must then determine whether joinder is feasible." *Romero,* 368 F. Supp. 3d at 157 (citing Fed. R. Civ. P. 19(b)).  If it is not feasible to join the "required party," the court must take the second step, which requires application of the four factors enumerated in Rule 19(b) to determine whether the party is "indispensable." *Pujol,* 877 F.2d at 134.  Dismissal is appropriate if a "required party" is deemed to be "indispensable but cannot be joined." *See Picciotto,* 512 F.3d at 16 (citing Fed R. Civ. P. 19(b)); *Sullivan,* 949 F. Supp. 2d at 330.  Because FedEx has failed to demonstrate that the Service Providers are "required parties" under the first step of the analysis, the court need not reach the step two "indispensable" determination.

B.      <u>FedEx has not sustained its burden of demonstrating that the Service Providers are required parties under Rule 19(a).</u>

1.      Because the court can accord complete relief to the existing parties
        without the presence of the Service Providers, Rule 19(a)(1)(A) does not
        require their joinder.

Under Rule 19(a)(1)(A), the court must determine whether, in the absence of the

unnamed party, it has the ability to grant complete relief to the existing parties in the suit.  *See*

*Bacardi Int'l Ltd.,* 719 F.3d at 10; *Charest,* 9 F. Supp. 3d at 130; Fed. R. Civ. P. 19(a)(1)(A).

The gravamen of FedEx's argument is that the court cannot accord the named parties complete

relief on the FLSA underpayment claim because the Service Providers determined Plaintiffs' pay

(Dkt. No. 114 at 15-18; Dkt. No. 130 at 17).   But, say Plaintiffs, regardless of the role of the

Service Providers, their fundamental claim is that FedEx is an employer under the FLSA and, if

they succeed in establishing FedEx's employer status, FedEx will be liable for any failure to

comply with the FLSA regardless of the Service Providers' role.  (Dkt. No. 123 at 9-13).

Plaintiffs are right.

In order to prove a violation of the FLSA, Plaintiffs will be required to show that (1) they

were employed by FedEx, and (2) they were not lawfully compensated for overtime hours

worked.  *See Manning v. Boston Med. Ctr. Corp.*, 725 F.3d 34, 43 (1st Cir. 2013) (describing the

elements of an FLSA claim).  "The existence of the FLSA cause of action . . . is dependent on a

threshold finding that Plaintiffs are employees of [FedEx] under the FLSA." *Hamilton v.*

*Partners Healthcare Sys., Inc.*, 209 F. Supp. 3d 379, 389 (D. Mass. 2016), *aff'd,* 879 F.3d 407

(1st Cir. 2018).  As to that element, Plaintiffs maintain that FedEx was an employer

notwithstanding the fact that the Service Providers actually paid the drivers.  *See Roy,* 353 F.

Supp. 3d at 68-69.  "The FLSA's definition of 'employer' 'has been interpreted expansively,'

*Donovan v. Agnew*, 712 F.2d 1509, 1510 (1st Cir. 1983), to include 'several simultaneous

employers, each responsible for compliance with the Act.'"  *Roy,* 353 F. Supp. 3d at 66 (quoting

*Baystate Alt. Staffing, Inc. v. Herman*, 163 F.3d 668, 675 (1st Cir. 1998) (citing *Falk v. Brennan,*

414 U.S. 190, 195 (1973); *Bonnette v. Cal. Health & Welfare Agency,* 704 F.2d 1465, 1469–70

(9th Cir. 1983)).  *See Hamilton*, 209 F. Supp. 3d at 391 ("joint employer status recognizes that an

employee can have multiple discrete but related employers, not that employment status can be

ineffable.").

> [I]f the facts establish that the employee is employed jointly by two or more
> employers, i.e., that employment by one employer is not completely disassociated
> from employment by the other employer(s), all of the employee's work for all of
> the joint employers during the workweek is considered as one employment for
> purposes of the [FLSA].  In this event, all joint employers are responsible, *both
> individually and jointly*, for compliance with all of the applicable provisions of
> the act, including the overtime provisions, with respect to the entire employment
> for the particular workweek.

29 C.F.R. § 791.2(a) (emphasis added).

While there is some authority for requiring joinder of a subsidiary that employed the

plaintiffs, paid them, and allegedly violated a state wage and hour law, *see Mattera v. Clear

Channel Commc'ns, Inc.,* 239 F.R.D. 70, 74-76 (S.D.N.Y. 2006), the weight of authority,

including two companion cases that are virtually indistinguishable from this one, favors a

contrary determination.  The companion cases found that the Service Providers were not required

parties under Rule 19(a)(1)(A) because FedEx's status as an alleged employer with individual

and joint liability under the FLSA would permit the courts to completely resolve the dispute

between the plaintiff-delivery drivers and FedEx without the Service Providers' presence.  *See

Johnson,* slip op. at 2-4; *Sullivan-Blake,* 2020 WL 518139, at *2.  In *Sullivan-Blake,* the court for

the Western District of Pennsylvania conditionally certified a nationwide collective of all

individuals outside Massachusetts who, like Plaintiffs in the instant case, worked as FedEx

delivery drivers, were paid by the intermediary Service Providers, and alleged that they were not

paid overtime in violation of the FLSA.  *See Sullivan-Blake,* 2020 WL 518139, at *1.  The court

found that if the plaintiffs proved that FedEx was an employer and that there was a violation of the FLSA, which recognizes joint and several liability, FedEx would be "individually liable to [p]laintiffs for *all* damages" and Rule 19(a)(1)(A) did not require joinder of the Service Providers. *Id.* at *2 (emphasis added) (citing *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc. (Janney),* 11 F.3d 399, 406 (3d Cir. 1993)). The *Johnson* court agreed with *Sullivan-Blake's* ruling. *See Johnson,* slip op. at 2-4 (quoting *Sullivan-Blake,* 2020 WL 518139, at *2). *Sullivan-Blake's* and *Johnson's* holdings are consistent with those of other cases which support the conclusion that Rule 19(a)(1)(A) does not require joinder of the Service Providers here.[2] *See Arwine-Lucas v. Caesars Enters. Servs., LLC,* Case No. 4:17-cv-00451-HFS, 2019 WL 4296496, at *3 (W.D. Mo. Feb. 25, 2019) ("unnamed co-employers may not need to be included when a joint employment relationship is adequately alleged in a[n] FLSA case."); *Iraheta v. Lam Yuen, LLC,* Civil Action No. DKC 12-1426, 2012 WL 5995689, at *5 (D. Md. Nov. 29, 2012) ("courts generally hold that where a plaintiff states an FLSA claim against a defendant who is alleged to be his employer, an unnamed co-employer is not a necessary party who should be joined under Rule 19(a).") (citing *Moreno v. EDCare Mgmt., Inc.,* 243 F.R.D. 258, 259-60 (W.D. Tex. 2007); *DeWitt v. Daley,* 336 B.R. 552, 556 (S.D. Fla. 2006); *Yates v. Applied Performance Techs., Inc.,* 209 F.R.D. 143, 149 (S.D. Ohio 2002)); *see also Sullivan,* 949 F. Supp. 2d at 330 (finding that

---

[2] The *Overpeck* case, which FedEx submitted as supplemental authority to support its motion for joinder of the Service Providers*,* is distinguishable because it was an action brought by FedEx's current or former long-haul and local delivery drivers under the California Labor Code, which, unlike the FLSA, does not provide for joint and several liability. *See Overpeck,* 2020 WL 1557433, at *5 (distinguishing liability under the FLSA because "the California Labor Code, as a general rule, does not hold joint employers to be joint and severally liable unless the statutory section in question explicitly authorizes joint and several liability" and finding that the statutory exceptions did not apply).

joinder of alleged potential joint tortfeasors and indemnitors was not required under Rule 19(a)(1)(A)).

FedEx's contention that the First Circuit does not agree with the holding of *Janney,* upon which the *Sullivan-Blake* court relied, is unavailing (Dkt. No. 134). *Sullivan-Blake* cited *Janney* for the principle that "where liability is joint and several among multiple parties, complete relief may be granted with respect to any one of them." *Sullivan-Blake,* 2020 WL 518139, at *2 (citing *Janney,* 11 F.3d at 406). That principle has been accepted by the First Circuit. *See Bacardi Int'l, Ltd.*, 719 F.3d at 10; *Pujol*, 877 F.2d at 137; *see also Romero,* 368 F. Supp. 3d at 159 (in an FLSA action, Rule 19 did not require joinder of one joint employer in order for plaintiff to obtain complete relief from another joint employer); *Charest,* 9 F. Supp. 3d at 131 ("GMAC['s] and Fannie Mae's joint liability does not affect the [plaintiff's] ability to obtain complete relief against Fannie Mae.").

FedEx's additional arguments for joinder of the Service Providers in order for Plaintiffs to obtain complete relief also miss the mark. "'In general, the plaintiff is the master of the complaint and has the option of naming only those parties the plaintiff chooses to sue, subject only to the rules of joinder [of] necessary parties.'" *Moreno,* 243 F.R.D. at 260 (alteration in original) (quoting 16 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 107.14[2][C] (3d ed. 2005)). First, if Plaintiffs fail to recover from FedEx, the fact that the statute of limitations may bar their ability to recover from the Service Providers does not make the Service Providers required parties. *See Sullivan-Blake,* 2020 WL 518139, at *2 n.1 ("This contention is irrelevant to the [c]ourt's analysis . . . because the focal point of the inquiry under Rule 19(a)(1)(A) is whether the [c]ourt can accord complete relief if Plaintiffs prevail in *this* litigation."). Second, FedEx claims that injunctive relief against the Service Providers' unlawful

pay practices will not be available to Plaintiffs unless the Service Providers are joined.

However, Plaintiffs are not seeking injunctive relief (Dkt. No. 1).  *Compare Mattera,* 239 F.R.D.

at 75 (the alleged joint employer was deemed a necessary party where the plaintiffs sought

injunctive relief).

Without citation to authority, FedEx contends that the Service Providers are required

because, without joinder, FedEx will have to use "many several dozen, if not over 100" third

party subpoenas to obtain the information necessary to its defense (Dkt. No. 114 at 18; Dkt. No.

130 at 18).  The Service Providers' absence as parties will not preclude the parties from obtaining

discovery concerning Plaintiffs' compensation, *see Charest,* 9 F. Supp. 3d at 131 n.31, and the

volume of discovery is inconsequential to the joinder analysis.  That the agreements between

FedEx and the Service Providers may provide that FedEx can seek indemnification from the

Service Providers does not prevent Plaintiffs from obtaining complete relief from FedEx.  *See*

*Sullivan-Blake,* 2020 WL 518139, at *2 n.1; *Charest,* 9 F. Supp. 3d at 131; *Sullivan,* 949 F.

Supp. 2d at 331 & n.26 ("indemnitors are generally not required parties") (collecting cases).

Thus, that FedEx might wind up bringing "dozens" of separate indemnification proceedings

because the agreements between the Service Providers and FedEx contain arbitration provisions

does not dictate the outcome of the court's Rule 19(a)(1)(A) analysis (Dkt. No. 114 at 18; Dkt.

No. 130 at 17).  The hypothetical dozens of indemnification proceedings FedEx *may* ultimately

choose to bring if its liability to Plaintiffs is established, *see Arvest Bank v. RSA Sec., Inc.*, Civil

Action No. 1:15-cv-11798-IT, 2017 WL 4287358, at *4 (D. Mass. Sept. 27, 2017) (the duty to

indemnify "contemplates reimbursement for a loss suffered[;]" any right to indemnification

arises when the scope of an indemnitee's liability is established) (citing *Indemnify*, BLACK'S

LAW DICTIONARY (10th ed. 2014)), are a function of its decision to include arbitration

provisions in its contracts with the Service Providers.  If anything, this threat of a multiplicity of separate proceedings cuts against joining the Service Providers under Rule 19, as such a decision would likely lead to unending and fruitless complications.  *See Plymouth Yongle Tape (Shanghai) Co.*, 683 F. Supp. 2d at 112.

In sum, FedEx has failed to sustain its burden of demonstrating that the Service Providers are required parties under Rule 19(a)(1)(A).

> 2.      The Service Providers are not required parties under Fed. R. Civ. P. 19(a)(1)(B)

Subsection (B) of Rule 19(a)(1) "is concerned with protecting the interests of the absent party." *Bacardi Int'l Ltd.,* 719 F.3d at 10.  Joinder is required under subsection (B) if the absent party "claims an interest relating to the subject of the action."  Fed. R. Civ. P. 19(a)(1)(B). Arguably, the failure of any Service Provider to claim such an interest defeats FedEx's motion for joinder under both Rule 19(a)(1)(b)(i) and (ii).  *See Bacardi Int'l Ltd.,* 719 F.3d at 12 (holding that the absent party did not meet the requirements of Fed. R. Civ. P. 19(a)(1)(B)(i) as it failed to file "an affidavit with the district court or provide[] some notice that its interests would be impaired"); *Charest,* 9 F. Supp. 3d at 131-32 (finding that the unnamed party was not required under Fed. R. Civ. P. 19(a)(1)(B)(i) and (ii) because it "has not claimed an interest in this suit by affidavit or otherwise."); *Sullivan,* 949 F. Supp. 2d at 330 ("None of the absent parties have claimed an interest in the case.").

> a.      Rule 19(a)(1)(B)(i) does not require joinder of the Service Providers in order to protect their interests.

To show that joinder is required under Rule 19(a)(1)(B)(i), FedEx must demonstrate "'[1] the nature of the interest possessed by the [Service Providers] and [2] that the protection of that interest will be impaired by the absence.'"  *Sullivan,* 949 F. Supp. 2d at 330 n.24 (quoting *Colon*

*v. Blades,* 570 F. Supp. 2d 204, 209 (D.P.R. 2008)).  "The Rule calls for courts to make

pragmatic, practical judgments that are heavily influenced by the facts of each case." *Bacardi*

*Int'l Ltd.,* 719 F.3d at 9 (citing *Picciotto*, 512 F.3d at 14-15; *Travelers Indem. Co. v. Dingwell*,

884 F.2d 629, 635 (1st Cir. 1989); 7 CHARLES ALLAN WRIGHT & ARTHUR R. MILLER,

FEDERAL PRACTICE & PROCEDURE § 1604) (3d ed.) ("By its very nature Rule 19(a) calls for

determinations that are heavily influenced by the facts and circumstances of individual cases . . .

.")); *see also Pujol*, 877 F.3d at 134 (Rule 19 determinations must be practical and fact-based;

citing cases).

　　Notwithstanding that no Service Provider has claimed an interest in this case, FedEx

contends that the failure to join the Service Providers will "impair or impede" the Service

Providers' ability to defend the "pay practices" in their contracts with Plaintiffs, which,

according to FedEx, are at the heart of Plaintiffs' complaint (Dkt. No. 114 at 10-14; Dkt. No. 130

at 8-14).  Fed. R. Civ. P. 19(a)(1)(B)(i).  FedEx argues that if it is found liable for violating the

FLSA, the Service Providers will be forced to change their pay practices or risk being sued by

their current delivery drivers (Dkt. No. 130 at 9).  FedEx also claims that their indemnification

agreements with the Service Providers give the Service Providers a direct stake in the litigation

(Dkt. No. 114 at 10, 13-14).  These contentions do not suffice to meet FedEx's burden.

　　As an initial matter, the Service Providers have no interest in the first of the two central

issues in this case, which is whether, for purposes of the FLSA, FedEx is an employer of the

"package delivery drivers within [Massachusetts] . . . who . . . have worked more than forty

hours per week delivering packages for FedEx but are not paid time-and-a-half compensation for

hours worked beyond forty each week" (Compl., ¶ 9).  Because "the [economic reality] test

[which determines whether an entity is an employer under the FLSA] is applied to each putative

employer individually," *Baystate Alt. Staffing, Inc.,* 163 F.3d at 675 (citing *Hamilton,* 209 F.

Supp. 3d at 391), and because employers may be individually and jointly liable under the FLSA,

*see* 29 C.F.R. § 791.2(a), Fed Ex's alleged liability as an employer of Plaintiffs is not a factor in

determining whether the Service Providers are also Plaintiffs' employers for purposes of the

FLSA.  In this case, the fact finder will decide only:  (1) whether or not FedEx was an employer;

and (2) if it was, whether or not Plaintiffs worked overtime; and, if they did, whether or not their

compensation complied with the FLSA's requirements.  *See Marzuq v. Cadete Enters., Inc.,* 807

F.3d 431, 435 (1st Cir. 2015) (the FLSA is violated if employees "worked in excess of a forty-

hour workweek" and were not paid "at least 'one and one-half times the regular rate.'") (quoting

29 U.S.C. § 207(a)(1)).  *See Johnson,* slip op. at 4 (in a companion case that rejected FedEx's

similar claim for joinder of the Service Providers, the court found that "Plaintiffs' claims and

allegations center on the actions of FedEx, not the [Service Providers].").

The decision in *Romero,* 368 F. Supp. 3d at 152, persuasively disposes of FedEx's

contention that the Service Providers are required parties because their pay practices are central

to this litigation.  In *Romero,* the plaintiff and other putative members of the collective

performed work for the defendant Clean Harbors.  *See id* at 156.  Like FedEx in the instant case,

Clean Harbors did not directly negotiate terms of employment with the workers, pay them, or

determine the amount of their compensation.  *See id.* at 158.  Instead, Clean Harbors negotiated

"'rates for services'" with a staffing company, Drilling Professionals.  *Id.*  Similar to the Service

Providers, Drilling Professionals supplied and contracted with the workers, paid them, and

provided their tax-related documents.  *See id*.  In rejecting Clean Harbors' claim that as a joint

employer, Drilling Professionals was a required party under Rule 19(a)(1), the court found that

"[w]hile the analysis of the alleged employment relationship between [the plaintiff] and Clean

Harbors likely would consider facts about Drilling Professionals' relationship with [him], the fact finder does not need to decide whether an employment relationship also existed between Drilling Professionals and [the plaintiff]." *Id.* at 159.  Regardless of the role of the Service Providers, in determining FedEx's liability, the fact finder will not be required to decide whether the Service Providers violated any legal obligations to Plaintiffs.  *See Pujol,* 877 F.2d at 136 ("The mere fact . . . that Party A, in a suit against Party B, intends to introduce evidence that will indicate that a non-party, C, behaved improperly does not, by itself, make C a necessary party.").  Because the Service Providers' possible liability to Plaintiffs will remain the same whether or not FedEx is also an employer under the FLSA, the Service Providers have no interest in the decision on that central issue in this case.  Furthermore, there is nothing in the record to suggest that, if Plaintiffs are successful in obtaining relief from FedEx, they would then seek to sue the Service Providers in a subsequent action.  *See id.* at 138.

Second, "an absent party's interests cannot be harmed or impaired if they are [virtually] identical to those of a present party."  *Bacardi Int'l Ltd.*, 719 F.3d at 11.  Accepting FedEx's contention that the Service Providers' pay practices will be at issue in this case, FedEx has an interest in defending those pay practices that is virtually identical to the interest of the Service Providers.  FLSA regulations unambiguously provide that, if employment by one employer "is not completely disassociated from employment by the other employer(s)," then each joint employer is responsible, individually, "for compliance with all of the applicable provisions of the act."  29 C.F.R. § 791.2(a).  In the circumstances of this case, FedEx cannot shift responsibility for FLSA violations, if any, to the Service Providers.  If Plaintiffs prove that FedEx is their employer, FedEx still will not be liable to Plaintiffs unless Plaintiffs also prove, by a preponderance of the evidence, that they were not lawfully compensated for some or all of the

overtime hours that they worked.  *See, e.g., Manning*, 725 F.3d at 43.  In view of its potential

liability for all damages arising from a failure to pay overtime in compliance with the FLSA,

FedEx has virtually the same incentive as do the Service Providers to defend against Plaintiffs'

allegations that they worked, and were not paid for, overtime.

FedEx seeks to avoid this conclusion by arguing that its interests differ from those of the

Service Providers because the statutes of limitations differ for willful and a non-willful violations

of the FLSA, and that the Service Providers "risk additional exposure for damages" because

FedEx will argue that if there is any willfulness, it was on the part of the Service Providers, not

on the part of FedEx (Dkt. No. 114 at 13).  With FedEx as the only defendant, the fact finder will

not be required to decide whether the Service Providers committed a willful violation of the

FLSA.  The fact finder will only be required to decide whether *FedEx* did so.  That Plaintiffs

may rely on evidence of willfulness that might also implicate or point to the Service Providers

does not make the Service Providers required parties.  *See Pujol,* 877 F.2d at 136.  "The absence

of [the Service Providers] does not in any way prevent the Court from resolving [Plaintiffs']

claims against [FedEx], either for three years of unpaid overtime or for liquidated damages."

*Romero*, 368 F. Supp. 3d at 160.

FedEx's fundamental contention seems to be that the Service Providers are required

parties because, "where rights sued upon arise from a contract, all parties to the contract must be

joined" (Dkt. No. 114 at 11 (quoting *Japan Petroleum Co. (Nigeria) v. Ashland Oil Co.*, 456 F.

Supp. 831, 836 n.7 (D. Del. 1978)).  *See Acton Co. of Mass.*, 668 F.2d at 77-79 (parent

corporation was indispensable because it was a party to the agreements at issue in the litigation

and plaintiffs' claims were largely directed against it, not the diverse defendant subsidiary

corporation).  But FedEx has pointed to no contact to which the Service Providers, FedEx and

Plaintiffs are all parties.  Arguably, there are implied-in-fact employment contracts between

Plaintiffs and the Service Providers.  FedEx has denied that it is Plaintiffs' employer and that it

can be held liable for the pay practices of the Service Providers (Def.'s Answer at 2, 4, 5, 9).  To

the extent Plaintiffs have FLSA rights that are incorporated into implied employment contracts

with the Service Providers as suggested in *Gilliand v. Koch Trucking, Inc.,* Civil No. JFM 11-

3073, 2015 WL 2395148, at *4 (D. Md. May 19, 2015), a point on which this court makes no

finding, FedEx has disclaimed any status as a party to such implied contracts.[3]  FedEx admits

that "the rights and obligations of the [Service Providers] and FedEx . . . are set forth in

Independent Service Provider Agreements" (Def.'s Answer at 5).  FedEx has not suggested or

shown that Plaintiffs are parties to the agreements between FedEx and the Service Providers.

As much as FedEx wants to turn this case into a contract dispute between Plaintiffs and

the Service Providers, that is not the gravamen of the complaint, which is, instead, Plaintiffs'

allegation that FedEx has engaged in a long-running campaign to avoid compliance with its

obligations to its delivery drivers under the FLSA and other wage laws (Compl., ¶¶ 9-12).  To

the extent FedEx has pointed to circumstances suggesting that a verdict in Plaintiffs' favor

---

[3] The *Gilliand* case upon which FedEx principally relies is neither persuasive nor controlling here.  In *Gilliand,* the plaintiff bus drivers and attendants initially sued the School Board and the companies with which the School Board contracted to provide bus services alleging that the defendants' failure to pay overtime violated the FLSA.  *Gilliand,* 2015 WL 2394148, at *1, *4. After the School Board was dismissed from the suit, the defendant bus companies moved to dismiss on the ground that the School Board was a required and indispensable party.  *See id.* at *1.  According to the first three complaints, the School Board "bore the brunt of plaintiffs' allegations as the party whose actions allegedly violated the plaintiffs' rights" and "unilaterally determined" that the FLSA did not apply to bus drivers and contractors.  *Id.* at *4.  Because the Fourth Circuit had characterized the plaintiffs' claims as contractual in nature, and had held that a contracting party is the paradigm of an indispensable party, the district court held that the Board was indispensable and dismissed the case without prejudice.  *Id.* at *4, *7.  *Gilliand* is inconsistent with the weight of authority, cited *supra,* which is to the effect that an employee is not required to sue all entities that may be responsible as joint employers for violations of the FLSA.

"conceivably could work to the [Service Providers'] disadvantage in a later proceeding," *Pujol*, 877 F.2d at 137, it is well-settled in the First Circuit that "a person potentially [jointly] liable . . . is *not* a necessary or indispensable party but merely a permissive party subject to joinder under Rule 20." *Id.  See Sullivan-Blake*, 2020 WL 518139, at *3 ("The requirements of [Rule 19(a)(1)(B)(i)] are 'not satisfied simply because a judgment in this action might set a persuasive precedent in any potential future action against [the absentee Service Providers].'") (quoting *Huber v. Taylor*, 532 F.3d 237, 250 (3d Cir. 2008)); *see also Romero,* 368 F. Supp. 3d at 160. Here, too, although evidence about Plaintiffs' employment relationship with the Service Providers may be relevant, it is not at issue in determining FedEx's liability for violating the FLSA.

> b.    Rule 19(a)(1)(B)(ii) does not require joinder of the Service Providers in order to protect FedEx from the risk of multiple or inconsistent obligations.

Finally, FedEx asserts that joinder of the Service Providers is required under Fed. R. Civ. P. 19(a)(1)(B)(ii) because, in their absence, FedEx may incur inconsistent obligations.  (Dkt. No. 114 at 14-15; Dkt. No. 130 at 14-15).  "An inconsistent *obligation* is not the same as inconsistent relief; Rule 19 protects against the former, not the latter."  *Sykes v. Hengel,* 220 F.R.D. 593, 598 (S.D. Iowa 2004).

> Inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident. Inconsistent adjudications or results, by contrast, occur when a defendant successfully defends a claim in one forum, yet loses on another claim arising from the same incident in another forum.

*Delgado v. Plaza Las Americas, Inc.,* 139 F.3d 1, 3 (1st Cir. 1998) (citations omitted).

None of FedEx's speculative scenarios warrants joinder under Rule 19(a)(1)(B)(ii). FedEx argues that if it is found liable to Plaintiffs in this lawsuit and "has to file separate

proceedings to pursue its contractual indemnification rights," the Service Providers "might"

argue that they are not bound by the judgment reached in their absence.  FedEx would then be

forced to relitigate "the questions of both joint employment and whether the Service Providers'

pay practices were compliant with the FLSA," which "might" result in FedEx being subject to

"inconsistent obligations;" that is, FedEx could be found to be a joint employer in the instant

case and not in the indemnification case (Dkt. No. 114 at 14-15; Dkt. No. 130 at 14-15).  Again,

FedEx's contentions are unpersuasive.

    As previously noted, the legality of the Service Providers' possible FLSA liability for

their pay practices will not be decided in this case.  *See Romero,* 368 F. Supp. 3d at 160.

*Compare Gilliand,* 2015 WL 2395148, at *4-5.  Further, as the *Sullivan-Blake* court noted in

rejecting this contention by FedEx, the possibility that FedEx ultimately might not be entitled to

indemnification and might have to "'shoulder the entire loss'" is the consequence of joint and

several liability, which is not the harm targeted by Rule 19(a)(1)(B)(ii).  *Sullivan-Blake,* 2020

WL 518139, at *3 (quoting *Gen. Refractories Co. v. First State Ins. Co.,* 500 F.3d 306, 319 (3d

Cir. 2007)).

> "The possibility that [the defendant] may bear the whole loss if it is found liable is not the equivalent of double liability.  It is instead a common result of joint and several liability and should not be equated with prejudice.  Inherent in the concept of joint and several liability is the right of a plaintiff to satisfy its whole judgment by execution against any one of the multiple defendants who are liable to him, thereby forcing the debtor who has paid the whole debt to protect itself by an action for contribution against the other joint obligors."

*Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.,* 184 F. Supp. 2d 55, 82 (D. Mass.

2001), *rev'd on other grounds,* 290 F.3d 42 (1st Cir. 2002) (quoting *Janney,* 11 F.3d at 412).  *See*

*S. Shore Hellenic Church, Inc. v. Artech Church Interiors, Inc.,* Civil Action No. 12-11663-

GAO, 2015 WL 846533, at *15 (D. Mass. Feb. 26, 2015) ("A defendant entitled to contribution

or indemnity . . . is not subjected to double or multiple obligations under Rule 19(a)(1)(B)(ii) because his liability is joint and several for the entire amount."); *Charest,* 9 F. Supp. 3d at 133 (same); *Sullivan,* 949 F. Supp. 2d at 331 (same).

FedEx fares no better with its next variation on the theme.  FedEx posits that if "certain drivers in this case are able to prove their employing Service Provider did not pay them in compliance with the FLSA and that FedEx Ground jointly employed them," such a finding would mean that the Service Provider "breached its contract with FedEx ground to pay [the drivers] in compliance with the law" (Dkt. No. 130 at 15).  Then, FedEx could terminate its contract with the Service Provider (Dkt. No. 130 at 15).  If the Service Provider sued FedEx for breach of contract based on the termination and the Service Provider proved that it complied with the FLSA, the Service Provider's recovery of breach of contract damages would subject FedEx to double liability (Dkt. No. 130 at 15).  The short and sufficient answer to this argument is that this extended series of "what ifs" is based on a false assumption – that Plaintiffs would undertake to prove that the Service Providers failed to comply with the FLSA – and on speculation, which is an insufficient basis for joinder of an absent party under Rule 19(a)(1)(B)(ii).  *See Bacardi Int'l Ltd.,* 719 F.3d at 13 ("the risk of inconsistency may be theoretically possible, but is not a practical concern"); *Dale v. Abeshaus*, Civil Action No. 06-CV-04747, 2013 WL 5379384, at *16 (E.D. Pa. Sept. 26, 2013) (joinder was not required "where the possibility of defendants incurring inconsistent obligations [was] purely speculative.").  Moreover, "[w]here two suits arising from the same incident involve different causes of action, defendants are not faced with the potential for double liability because separate suits have different consequences and different measures of damages." *Delgado,* 139 F.3d at 3.  Any claim that a Service Provider might someday bring against FedEx for a breach of contract would

involve a different cause of action and a different theory of recovery from the single FLSA claim

that has been raised in this case and would not subject FedEx to a risk of double obligations.

The Service Providers are not required parties under Rule 19(a)(1)(B)(ii).

IV.    CONCLUSION

For the above-stated reasons, FedEx's Rule 19(a) Motion to Join the Service Providers as

Required Parties (Dkt. No. 114) is denied.

It is so ordered.

Date:   July 7, 2020                                   /s/ Katherine A. Robertson
                                                      KATHERINE A. ROBERTSON
                                                      United States Magistrate Judge