UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JORDAN ROY and JUSTIN TRUMBULL, on behalf of themselves and others similarly situated,<br><br>  Plaintiffs,<br><br> v.<br><br>FEDEX GROUND PACKAGE SYSTEMS, INC.,<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 3:17-cv-30116-KAR<br>)<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM AND ORDER REGARDING PLAINTIFFS' MOTION FOR
LEAVE TO FILE AN AMENDED COMPLAINT
(Dkt. No. 162)

ROBERTSON, U.S.M.J.

  I.  INTRODUCTION

  In August 2017, Jordan Roy, Justin Trumbull, and Angel Sullivan-Blake brought a proposed nationwide collective action against FedEx Ground Package Systems, Inc. ("FedEx") as their purported employer, alleging that FedEx failed to pay overtime wages to its delivery drivers in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* More than two years after the court conditionally certified a collective of drivers who delivered packages for FedEx in Massachusetts, the remaining named Plaintiffs, Roy and Trumbull (hereinafter "Plaintiffs"), moved for leave to file an amended complaint adding a class action claim for violation of the Massachusetts overtime statute, Mass. Gen. Laws ch. 151, § 1A (Dkt. No. 162).[1] Plaintiffs' motion is DENIED for the reasons that follow.

---

[1] The parties have consented to this court's jurisdiction for all purposes (Dkt. No. 9). *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

1

## II.     RELEVANT PROCEDURAL HISTORY

On August 29, 2017, Roy, Trumbull, and Sullivan-Blake, who delivered packages for FedEx, brought a proposed nationwide collective action (Dkt. No. 1). Each named plaintiff asserted a single claim against FedEx for unpaid overtime in violation of § 207(a)(1) of the FLSA (Dkt. No. 1). The court granted FedEx's motion to dismiss the complaint for lack of personal jurisdiction over Sullivan-Blake, and denied the motion as to Roy and Trumbull, who delivered FedEx packages in Massachusetts (Dkt. No. 41). FedEx answered the complaint on June 19, 2018 (Dkt. No. 49).

On November 27, 2018, the court determined that it lacked personal jurisdiction over non-Massachusetts drivers, but conditionally certified a collective of similarly situated drivers who delivered packaged for FedEx and who were employed by Independent Service Providers ("ISP"), drove vehicles with a gross vehicle weight rating under 10,001 pounds, and delivered FedEx packages in Massachusetts after February 19, 2015 (Dkt. No. 64). *See Roy v. FedEx Ground Package Sys., Inc.,* 353 F. Supp. 3d 43, 62, 68, 76 (D. Mass. 2018). On July 8, 2019, the court approved distribution of the notice of the right to opt-in to the lawsuit and the proposed opt-in consent form (Dkt. Nos. 81, 82, 83). *See* 29 U.S.C. § 216(b). Plaintiffs were directed to issue the notice and opt-in consent form by no later than the close of business on July 22, 2019 (Dkt. No. 81). On that date, Plaintiffs informed the court that they had issued the notice and that the opt-in period would expire on September 20, 2019 (Dkt. No. 84).

From July 29, 2019 through November 13, 2019, Plaintiffs filed opt-in consent forms with the court and identified opt-in plaintiffs who had withdrawn (Dkt. Nos. 85-91, 96, 97). A total of approximately 544 plaintiffs opted in (Dkt. Nos. 85-91, 96, 97).

On January 3, 2020, the court ordered that a written questionnaire the contents of which had been agreed to by the parties be served on fifty opt-in plaintiffs designated by FedEx (Dkt. No. 121). On January 22, 2020, the court adopted the parties' joint proposal, which provided that the fifty questionnaires would be completed by May 29, 2020 (Dkt. Nos. 126, 128). Thereafter, the discovery schedule was revised to permit Plaintiffs to submit the completed questionnaires by July 31, 2020 (Dkt. Nos. 148, 149). On September 14, 2020, the parties jointly requested an extension of time to October 14, 2020 to enable Plaintiffs to obtain completed questionnaires (Dkt. No. 150). In addition, the parties notified the court that fifteen opt-ins originally selected by FedEx either could not be located or intended to opt out and, therefore, FedEx would select fifteen replacement opt-ins to respond to the questionnaire (Dkt. No. 150). The parties anticipated that the discovery from the existing and the replacement group could be completed by December 11, 2020 (Dkt. No. 150). The court adopted the parties' revised discovery schedule (Dkt. No. 151). On December 29, 2020, the court granted the parties' request for a further extension of time to January 11, 2021 for submission of either a joint proposal or competing proposals for the completion of discovery related to certification of the collective (Dkt. Nos. 156, 158). The parties submitted their respective proposals to the court on January 13, 2021 (Dkt. Nos. 163, 164). On March 3, 2021, FedEx reported that it had not yet received completed questionnaires from all fifty opt-ins (including the 15 replacements) that it had selected for purposes of responding to written discovery requests (Dkt. No. 177).

On January 13, 2021, Plaintiffs moved for leave to file an amended complaint adding Thomas Davis as a class representative for a Fed. R. Civ. P. 23 class action claim against FedEx for failing to pay overtime as required by the Massachusetts overtime statute, Mass. Gen. Laws

ch. 151, § 1A (Dkt. Nos. 162, 162-1 at 10, 11).  FedEx opposes the motion to amend (Dkt. No. 168, 176).

    III.    LEGAL STANDARD

Plaintiffs contend that they should be allowed to plead a so-called "hybrid' action" combining the FLSA opt-in collective action with a new Rule 23 opt-out state law class action (Dkt. No. 162).  *See Kuncl v. Int'l Bus. Mach. Corp.,* 660 F. Supp 2d 1246, 1248 (N.D. Okla. 2009).  FedEx objects on the ground that Plaintiffs' motion for leave to amend was filed too late (Dkt. No. 168).  FedEx's position is persuasive.

Under Fed. R. Civ. P. 15(a)(2), a party may amend its complaint only with the opposing party's written consent or the court's leave and leave should be given "freely . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Leave to amend may be denied for several reasons, however, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment …."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  "As relevant here, undue delay, on its own, may be enough to justify denying a motion for leave to amend."  *Hagerty ex rel. U. S. v. Cyberonics, Inc.*, 844 F.3d 26, 34 (1st Cir. 2016) (citing *Calderón–Serra v. Wilmington Tr. Co.*, 715 F.3d 14, 20 (1st Cir. 2013)).

"A motion to amend a complaint will be treated differently depending on its timing and the context in which it is filed."  *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 11-12 (1st Cir. 2004).  According to the First Circuit, "'[w]here . . . considerable time has elapsed between the filing of the complaint and the motion to amend, the *movant* has the burden of showing some "valid reason for his neglect and delay."'"  *Grant v. News Grp. Boston, Inc.*, 55 F.3d 1, 6 (1st Cir. 1995) (second alteration in original) (quoting *Stepanischen v. Merchs. Despatch Transp. Corp.*,

722 F.2d 922, 933 (1st Cir. 1983)). "In assessing whether a movant has carried this burden, courts must take into account '[w]hat the plaintiff knew or should have known and what he did or should have done.'" *Hagerty,* 844 F.3d at 34 (quoting *Leonard v. Parry*, 219 F.3d 25, 30 (1st Cir. 2000)).

    IV.    ANALYSIS

Plaintiffs have not shown a valid reason for their delay in moving for leave to amend their complaint. *See Grant,* 55 F.3d at 6. "Although Rule 15(a) does not prescribe a particular time limit for a motion to amend, it is well established that such a motion 'should be made as soon as the necessity for altering the pleading becomes apparent.'" *Hum. Res. Dev. Press, Inc. v. IKON Office Sols., Inc.*, 246 F.R.D. 82, 86 (D. Mass. 2007) (quoting 6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 1488 (2d ed. 2003)).

To the extent Plaintiffs desired to assert state law claims for overtime compensation on behalf of drivers delivering for FedEx, it was apparent as of November 27, 2018, when the court limited the FLSA collective action to Massachusetts delivery drivers, that this lawsuit would be an appropriate vehicle for claims brought pursuant to Mass. Gen. Laws ch. 151, § 1A (Dkt. No. 64). *See Roy*, 353 F. Supp. 3d at 76. For reasons that remain unexplained, Plaintiffs waited for well over two years, until January 13, 2021, to move for leave to assert state law claims (Dkt. No. 162). *See Zullo v. Lombardo* (*In re Lombardo),* 755 F.3d 1, 3 (1st Cir. 2014). Indeed, Plaintiffs acknowledge that the proposed Massachusetts class action claim is based on the same set of operative facts as the FLSA claim and add that "plaintiffs often wait until the scope of the collective is set before adding state claims" (Dkt. No. 173). Even granting (but not wholly accepting) Plaintiffs' premise that plaintiffs often wait until the scope of the collective is set

5

before they seek to add state law claims, the deadline in the instant action for filing opt-in notices was in September 2019, and all opt-in notices were filed with the court by November 2019.  By their own reasoning, Plaintiffs in the instant action were in a position to move for leave to add state law claims by, at the latest, November 2019.  Their motion for leave to amend was not filed until January 2021.  They have offered no explanation for this fourteen to sixteen month delay (Dkt. No. 162 at 4; Dkt. No. 182 at 30).  *See Hum. Res. Dev. Press, Inc.,* 246 F.R.D. at 86 (denying motion to amend the complaint where plaintiff failed to "indicate why it could not seek to make the proposed changes much earlier in the litigation.").  "[T]he longer a plaintiff delays, the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend."  *Steir*, 383 F.3d at 12 (citing *Acosta–Mestre v. Hilton Int'l of P.R., Inc.,* 156 F.3d 49, 52–53 (1st Cir. 1998)).  Unexplained delays comparable to those in the instant case have been held to justify denying motions for leave to amend operative pleadings.  *See In re Lombardo,* 722 F.2d at 4 (seventeen months), *Acosta-Mestre,* 156 F.3d at 52-53 (fifteen months); *Hum. Res. Dev. Press, Inc.,* 246 F.R.D. at 86 (twenty-eight months after the initial complaint and twenty months after the first amendment).

      Without addressing the question of delay, Plaintiffs assert that fairness entitles them to amend the complaint.  According to Plaintiffs, the request for amendment should be granted because "[t]here are a substantial number of class members who did not opt-in to this case and are entitled to the statutory protections of the Massachusetts Wage Act" (Dkt. No. 173 at 2-3).  Allowing Plaintiffs to add their proposed claims under the state wage law to be litigated as a Rule 23 class action "would significantly alter the scope and course of the present case."  *Westbrook v. Advanced Solids Control, LLC,* Civil Action No. 2:14-CV-131, 2015 WL 4389044,

at *3 (S.D. Tex. July 15, 2015).  Here, the FLSA case consists of fewer than 544 opt-in plaintiffs. Plaintiffs maintain that there are "thousands" of drivers who did not opt into the FLSA collective action but who might qualify as Rule 23 class members (Dkt. No. 162 at 3).  "Allowing the amendment would very likely transform the case midstream from a relatively small and straight forward opt-in FLSA collective action case . . . to a significantly more complex state law labor opt-out class action lawsuit." *Westbrook,* 2015 WL 4389044, at *3.  In *Westbrook*, the court concluded that expanding the lawsuit into a hybrid action would prejudice the defendant "in terms of case preparation, planning, and efficiently allocating and managing its resources and dealing with the inevitable delays caused by allowing the amendment." *Id.*  This court agrees that allowing Plaintiff's proposed amendment at this time would complicate and delay resolution of a case that was filed in 2017 and has been delayed, most recently, by the failure of a number of opt-in plaintiffs to respond to FedEx's written discovery requests.

The cases on which Plaintiffs rely to distinguish *Westbrook* are unpersuasive (Dkt. No. 173 at 7).  According to Plaintiffs, "the more common view in FLSA litigation allows plaintiffs to amend their case to add state claims after the scope of the collective action takes shape and courts do not assume prejudice or delay will ensue by granting leave" (Dkt. No. 173 at 7).  In the cases upon which Plaintiffs rely, the original complaints were hybrid FLSA/state law class actions and the universe of potential state law claims was not established until the opt-in period expired.  *Compare Higgins v. Bayada Home Health Care, Inc.,* CIVIL ACTION NO. 3:16-2382, 2019 WL 6467857, at *1, *3-4 (M.D. Pa. Dec. 2, 2019) (allowing amendment where the original complaint contained FLSA and state law class action claims and the additional plaintiffs and state law claims were first discovered when the opt-in period closed); *Scott v. Chipotle Mexican Grill, Inc.,* 300 F.R.D. 193, 195, 198-99 (S.D.N.Y. 2014) (allowing the motion to amend, which

was filed three months after the close of the opt-in period, to add new state law class action claims in a nationwide FLSA collective action that originally alleged state law violations where information concerning the additional opt-in plaintiffs and their states of residence was not available until notice was issued to the nationwide collective, potential plaintiffs opted in, and the opt-in period closed); *Ruggles v. Wellpoint, Inc.,* 687 F. Supp. 2d 30, 34-37 (N.D.N.Y. 2009) (same).  In contrast, here, the identity of potential plaintiffs was established in November 2018 when the court limited the collective to Massachusetts delivery drivers.  Plaintiffs knew as early as November 2018 that the instant action would be limited to drivers in Massachusetts delivering packages for FedEx.  Even if Plaintiffs' knowledge of the precise scope of the collective was not established until the close of the opt-in period on September or November 2019, Plaintiffs still waited some fourteen to sixteen months to move for leave to add a stat class action claim and offered no explanation for the delay (Dkt. No. 84).

Plaintiffs' unexcused and significant delay in moving for leave to amend the complaint, standing alone, provides a sufficient ground to deny their motion for leave to amend the complaint.  *See Kader v. Sarepta Therapeutics, Inc.,* 887 F.3d 48, 61 (1st Cir. 2018); *In re Lombardo,* 755 F.3d at 3.

    V.    CONCLUSION

For the reasons stated above, Plaintiffs' motion for leave to file an amended complaint (Dkt. No. 162) is DENIED.

It is so ordered.

April 21, 2021                                         /s/ Katherine A. Robertson
                                                              KATHERINE A. ROBERTSON
                                                              U.S. MAGISTRATE JUDGE