UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JORDAN ROY and JUSTIN TRUMBULL,
on behalf of themselves and others
similarly situated,

    Plaintiffs,

v.

FEDEX GROUND PACKAGE SYSTEM,
INC.,

    Defendant.

Case No.: 3:17-cv-30116-KAR

**PLAINTIFFS' OPPOSITION TO FEDEX GROUND'S MOTION TO COMPEL FROM PLAINTIFF-SELECTED OPT-INS**

In its Motion to Compel from Plaintiff-Selected Opt-Ins, Defendant FedEx Ground Package System, Inc. ("FedEx") seeks yet again to compel information from drivers in order obtain the subsequent dismissal of non-responsive opt-ins.[1] The Motion should be denied. FedEx inaccurately seeks to portray Plaintiffs' agreement to produce questionnaire responses as the result of a negotiated compromise related to Plaintiffs' discovery requests. As described below, this portrayal is inaccurate; the agreements were reached *nine months apart* and have no relationship to one another. Moreover, the Court has already made clear on numerous occasions that it did not believe those

---

[1] Plaintiffs note that FedEx filed its motion without conferring with the undersigned counsel, in violation of Local Rules 7.1(a)(2) and 37.1(a). "Local Rule 7.1 plays an important role in the practices and procedures of the District. It fosters discussion between parties about matters before they come before the court, and it preserves scarce judicial resources." Sun Capital Partners III, LP v. New England Teamsters & Trucking Indust., 329 F.R. D. 102, 105 (D. Mass 2018). Had FedEx done so, rather than proceeding to file a motion to compel, the parties could have attempted to narrow their dispute without burdening the Court with yet another discovery motion.

opt-ins should be compelled to respond. For these reasons, as discussed below, FedEx's motion should be denied.

## ARGUMENT

In this case, the Court ordered in January 2020 that FedEx could obtain written discovery in the form of a questionnaire from 50 opt-in drivers in this case, all of whom would be selected by FedEx. Dkt. 121. Plaintiffs subsequently served written discovery requests on FedEx in March 2020 and agreed that FedEx's response to Plaintiffs' requests would be limited to 50 opt-ins identified by Plaintiffs. See Exhibit A (email correspondence between counsel on March 25, 2020, confirming discussion that FedEx would respond to Plaintiffs' discovery for 50 Plaintiff-selected opt-ins). These Plaintiff-selected drivers are those whom Plaintiffs might use as witnesses, and thus counsel understood that there would be an obligation to provide information about these opt-ins to FedEx.

It was not until late December 2020, nine months later, that FedEx requested – and Plaintiffs agreed – that the 50 Plaintiff-selected opt-ins for whom FedEx had produced discovery responses also complete the same questionnaire that was served on the 50 FedEx-selected opt-ins. See Exhibit B (email correspondence between counsel on December 23, 2020, confirming that Plaintiffs would agree to FedEx's request for questionnaire responses from the 50 Plaintiff-selected opt-ins). Plaintiffs' counsel again committed to continuing to obtain responses from 50 FedEx-selected

drivers, while also pointing out that obtaining responses from the 50 Plaintiff-selected drivers would allow FedEx to have discovery from even more drivers.[2]

In support of its Motion, FedEx cites only a single case, in which a court enforced a stipulation between the parties as to the manner in which the Rule 35 medical examination of the plaintiff would be conducted by two medical experts.  See Milazzo v. KG Enterprises, Inc., 1999 WL 1327394 (D.N.H. Feb. 16, 1999).  The agreement reached in that case related to the timing of the production of examination notes and expert reports.  Id. at *1.  Here, obviously, the discussion and agreement between the parties was quite different: as discussed above, Plaintiffs simply agreed to endeavor to produce discovery responses from an additional 50 drivers, on top of the drivers whom the Court had already ordered needed to respond.

In short, there is absolutely no reason to treat the Plaintiff-selected opt-ins the same as the Court-ordered opt-ins or as if they are subject to a negotiated stipulation between the parties by compelling them to respond or produce documents.  The Court appears to have recognized this already.  On March 4, 2021, the Court noted:

> It's not so clear to me when the plaintiffs have sort of volunteered to provide certain information, that's not a function or a result of an order by the Court saying you, FedEx, are entitled to this amount of discovery. That's something that the plaintiffs have said they're willing to make available.

Transcript, March 4, 2021 hearing, 8:18-23.

---

[2]  Notably, in an obvious effort to imply that these agreements were negotiated in tandem as a global discovery compromise, FedEx fails to mention any dates in its description of the parties' agreements.  See Mot. at 4.  FedEx's misleading characterization of Plaintiffs' offer as an agreement reached as part of a negotiation over the number of opt-ins for whom FedEx needed to respond to Plaintiffs' written discovery requests is inaccurate.

> Later in the same hearing, the Court stated:
>
> With respect to the 50 people that the plaintiffs identified, I'm still not persuaded, Ms. Scott, that I will penalize them in the way that I will penalize the people who were selected by FedEx.

Id., 17:24-18:3.

And on June 7, 2021, the Court reiterated its skepticism when counsel for FedEx inquired as to whether a motion to compel from the plaintiff-selected opt-ins should be filed, noting that:

> So to the extent that you want that, file a motion to compel. Again those people are not identified by any court order. There is a requirement -- to the extent they're required to -- I understand you did a lot of work, you gathered information, but you know to -- but in any event, I will think about whether or not I will permit such a motion…

Transcript, June 7, 2021 hearing, 28:12-19.

The Court is entirely correct in its inclination to treat these Plaintiff-selected opt-ins as distinct from the Court-ordered discovery opt-ins, as their selection to complete FedEx's questionnaires was not the result of any stipulation or negotiated compromise but rather was simply voluntary on the part of Plaintiffs. Moreover, Plaintiffs agree that they will not use as witnesses any opt-ins from whom they have not produced questionnaires; there is no reason to sanction or compel questionnaires from this group of opt-ins.

Finally, Plaintiffs note that in addition to the 15 opt-ins whom Plaintiffs have not yet been able to produce responses for, FedEx seeks to compel information from three other Plaintiff-selected drivers. In addition to the reasons described above, that request should also be denied for each of them for the following reasons:

- ***Erick Robertson***: FedEx contends that Mr. Robertson's response that he discarded his paystubs but did not indicate when he did so or whether he could

4

obtain copies. It is not clear exactly what FedEx is seeking to compel. To the extent it is seeking to compel more information about when Mr. Robertson discarded his paystubs or whether he could obtain copies, it can simply ask him at his deposition, which has been scheduled for July 13.

- ***Wallace Santos***: FedEx apparently contends that Mr. Santos should have access to his paystubs because he is a current driver. For the reasons explained in Plaintiffs' Opposition to FedEx's Motion to Compel Pay Documents from Current Drivers, Dkt. 200, Plaintiffs oppose FedEx's request to compel additional documents from Mr. Santos.

- ***Marco S. Lima***: FedEx states that Mr. Lima has produced "illegible" documents. The documents that FedEx refers to as "illegible", however, are not. Rather, Mr. Lima produced photographs of some of his paystubs where the date of the paystub was inadvertently cut off from the photo. All of the information in the photo is perfectly clear and legible. Since FedEx requested better versions of the photos in April, Plaintiffs' counsel have been seeking to obtain those from Mr. Lima. There is no dispute between the parties and there is no need to burden the Court with this issue.

## CONCLUSION

For the reasons explained above, the Court should deny FedEx's motion to compel from Plaintiff-selected opt-ins.

Dated:  July 6, 2021

Respectfully submitted,

JORDAN ROY and JUSTIN TRUMBULL, on behalf of themselves and others similarly situated,

By their attorneys,

*/s/ Shannon Liss-Riordan*
Shannon Liss-Riordan (BBO #640716)
Michelle Cassorla (BBO #688429)
Zachary Rubin (BBO #704485)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800
sliss@llrlaw.com
mcassorla@llrlaw.com
zrubin@llrlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed through the ECF system and will be sent electronically to the registered participants on July 6, 2021.

*/s/ Shannon Liss-Riordan*
Shannon Liss-Riordan