**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JORDAN ROY, and<br>JUSTIN TRUMBULL, on behalf of<br>themselves and others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM,<br>INC.,<br><br>        Defendant. | Case No.:  3:17-cv-30116-KAR |

**DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S MOTION TO COMPEL RESPONSE TO SUBPOENA SERVED ON HP TRANSPORTATION, INC.**

This is an FLSA collective action in which more than 500 opt-in Plaintiff-drivers are employed by more than 100 Service Providers ("SPs"). Defendant Fed Ex Ground, to this point in the case, has served one subpoena on one SP.[1] That SP—HP Transportation, Inc.—has failed to respond. Pursuant to Rule 37, FedEx Ground now moves the Court for an order compelling HP Transportation to fully respond.

## FACTUAL BACKGROUND

FedEx Ground first sought documents, including payroll records and employment handbooks, from HP Transportation (through its counsel) on February 17, 2020. (Declaration of Jessica G. Scott ("Scott Decl.") ¶ 3, attached as Exhibit 1.) After numerous requests over the next several months, in November 2020, HP Transportation's counsel stated that he was still unable to obtain any documents from HP, that FedEx Ground should issue a subpoena, and that he would accept service on behalf of HP. (*Id.* ¶ 5.)

FedEx Ground served the subpoena for the production of documents on HP Transportation's counsel on November 25, 2020. (*Id.* ¶ 6; *see also id.*, Ex. A.) The subpoena set a return date of December 28, 2020, and sought two categories of documents: (1) documents and communications sufficient to identify the method and amount of HP's drivers' pay, hours worked, overtime paid, policies on driver compensation, and any determination that a driver is exempt or non-exempt from the requirement to pay overtime under the FLSA from February 2015 to the present for those HP drivers who had opted into the action; and (2) documents

---

[1] Given that the case is only conditionally certified, FedEx Ground is gathering evidence sufficient to defeat final certification. Should the case nevertheless be finally certified, Plaintiffs and opt-in Plaintiffs should bear the burden of either producing their pay, time, and vehicle weight documents, or issuing subpoenas to their Service Providers to obtain them. All of this is the most fundamental key evidence relating to liability and all of it, to the extent it exists, is in the possession of Plaintiffs and/or their employing Service Providers, not FedEx Ground. By having served this one subpoena that is the subject of this motion, FedEx Ground did not intend on accepting any burden to issue additional subpoenas.

sufficient to identify the vehicles and weights driven by those drivers for the same time period. (*Id.*)

Despite follow-up requests FedEx Ground made through counsel in February, April, and May 2021, FedEx Ground still had not received any documents at all. (*Id.* ¶¶ 8-11.) Given the repeated and continued lack of response, FedEx Ground served a copy of the subpoena on the Authorized Officer of HP Transportation on June 9, 2021, with a return date of June 22, 2021. (*Id.* ¶ 12; *see also id.*, Ex. B.)

The same day, HP's counsel emailed FedEx Ground's counsel with a chart embedded in the email purporting to show "all trucks currently in use or owned by HP Transportation, Inc." and stating that "[a]ll of these trucks are over 10,001 pounds in weight." (*Id.* ¶ 13) HP's counsel further produced a bill of sale "containing a list of trucks which were used since 2015, but which were sold" stating "[t]hese trucks, also, are all over 10,001 pounds." (*Id.*) Finally, HP's counsel promised to provide FedEx Ground with "payroll information as soon as we can." (*Id.*)

On July 9, 2021, FedEx Ground once again asked for the outstanding documents, indicating its intent to file a motion to compel. (*Id.* ¶ 14.) To date, FedEx Ground has received no further response. (*Id.*)

**LEGAL STANDARD**

Federal Rule of Civil Procedure 45 permits a party to issue a subpoena commanding the person to whom it is directed to "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control," among other things. Fed. R. Civ. P. 45(a)(1)(A)(iii). Ownership of the documents is not a prerequisite to the obligation to comply with the terms of a subpoena. 9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2456 (3d ed.) (citing cases). A document is in a person's control if he has the legal right or the practical ability to obtain the document. *Id.* (citing cases).

Documents outside the Court's territorial jurisdiction are also subject to the subpoena so long as

the person subpoenaed is subject to the Court's jurisdiction. *Id.* (citing cases).

Issuance of the subpoena "requires the responding person to permit inspection, copying,

testing, or sampling of the materials" sought. Fed. R. Civ. P. 45(a)(1)(D). The documents must

be produced "as they are kept in the ordinary course of business" or must be "organize[d] and

label[ed] to correspond to the categories in the demand." Fed. R. Civ. P. 45(e)(1)(A).

Electronically stored information, likewise, must be produced as it is ordinarily maintained or in

a reasonably usable form. Fed. R. Civ. P. 45(e)(1)(B).

Objections, if any, must be served before the time specified for compliance or 14 days

after service, whichever is earlier. Fed. R. Civ. P. 45(d)(2)(B). A failure to timely make

objections "generally requires the court to find that any objections have been waived" absent

"unusual" circumstances. *Merchant Consulting Grp., Inc. v. Beckpat, LLC*, No. 17-11405-PBS,

2018 WL 4510269, at *1 (D. Mass. Jul. 11, 2018) (granting motion to compel). And, the failure

to obey the command of a subpoena subjects the person to contempt sanctions. Fed. R. Civ. P.

45(g); *Martha's Vineyard Scuba Headquarters, Inc. v. Wrecked and Aban*, 280 F.R.D. 76, 77

(D. Mass. 2011) (granting motion to compel production of documents); *Merchant Consulting*,

2018 WL 4510269, at *2 (issuing order to show cause why non-responding person should not be

held in contempt).

Rule 37(a) provides the Court with the power to compel a subpoena response from a

nonparty. Fed. R. Civ. P. 37(a)(2); *see also, e.g.*, *Metro. Prop. & Cas. Ins. Co. v. Advanced Spine*

*Ctrs., Inc.*, 07-cv-10746-RCL, 2009 WL 10692663, at *2 (D. Mass. Jan. 30, 2009) ("When

discovery is not forthcoming in accordance with a subpoena, and the conferencing requirements

3

of Local Rule 37.1 have been satisfied, 'a party may move for an order compelling disclosure or

discovery.'").

## ARGUMENT

**I.    THE REQUESTED DOCUMENTS ARE RELEVANT TO THE CLAIMS AND
DEFENSES AT ISSUE**

FedEx Ground's subpoena seeks to discover documents from HP that are directly

relevant to Plaintiffs' claims. *See Romano v. Computershare, Inc.*, No. 3:17-cv-10208-MGM,

2020 WL 6907076, at *3 (D. Mass. Nov. 24, 2020) (Rule 45 subpoena may seek documents that

"fall within the scope of proper discovery under Fed. R. Civ. P. 26(b)(1)"); *Metro. Prop. & Cas.*,

2009 WL 10692663, at *2 (in determining relevance on motion to compel documents pursuant to

a subpoena, court "must construe relevancy broadly to include any information that is, or may

become an issue during litigation, or might be relevant to the subject matter of the action").

Plaintiffs seek overtime pay from FedEx Ground as a putative joint employer with each

of Plaintiffs' SP-employers. (*See generally* Complaint.) One factor to be considered by the Court

in deciding whether or not to decertify the collective is "the disparate factual and employment

settings" of the plaintiffs. *Reeves v. Alliant Techsystems, Inc.*, 77 F. Supp. 2d 242, 247 (D. R.I.

1999). Relevant to this factor, among others, FedEx Ground is therefore seeking from HP—

which employed or employs over 20 opt-in Plaintiffs—payroll documents, time records,

overtime records, compensation handbooks and policies, and documents that may establish the

compensation policies HP applied to its employees. FedEx Ground also seeks documents relating

to whether HP's employees were exempt from overtime pay, for example, because of the weight

of the vehicles they drove, as well as documents showing whether the drivers in fact worked

overtime as claimed and whether they were paid for that time. (*See id.*)

The subpoena is tailored to discover these salient facts.

## II.     THE COURT SHOULD COMPEL A FULL RESPONSE

Not only does the subpoena seek relevant documents, HP Transportation never objected

to the subpoena and, indeed, responded that it would in fact produce documents. HP's failure to

respond waived any objections it might have. *See Merchant Consulting*, 2018 WL 4510269, at

*1.

HP's partial response to the subpoena (producing only two items, both of which related to

vehicle weights and neither of which related to pay information) is insufficient to excuse it from

additional responses to fully comply with the unobjectionable (and unobjected to) requests.

FedEx Ground asks the Court to grant this motion to compel, ordering HP Transportation to fully

respond to the subpoena for documents. *See Martha's Vineyard Scuba Headquarters*, 280 F.R.D.

76 (granting motion to compel); *Merchant Consulting*, 2018 WL 4510269 (same); *Metro. Prop.

& Cas.*, 2009 WL 10692663 (same).

## CONCLUSION

As FedEx Ground has made clear from the start of this case, it does not have control

over, let alone possession of, Service Providers' payroll or other documents. There are therefore

only two sources for payroll information: (1) the opt-in Plaintiffs, and (2) the implicated Service

Providers. These documents are critical to completing the required "similarly situated" analysis

related to the question of final certification. HP Transportation should be ordered to fully comply

with FedEx Ground's subpoena within 14 days of service of an order from this Court. A

proposed order is attached.

## CERTIFICATION

Pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rules 7.1 and

37.1, FedEx Ground has in good faith conferred with HP Transportation's counsel in an effort to

obtain HP's subpoena response without court action. (*See generally* Scott Decl.) On July 9, 2021,

FedEx Ground's counsel informed HP's counsel that FedEx Ground was going to file a motion

to compel and that if they believed additional conferral was necessary, to so indicate; otherwise,

FedEx Ground would indicate that HP intended to oppose this motion. (*See id.*) FedEx Ground's

counsel received no further response.

Dated:  July 23, 2021

Respectfully submitted,

*/s/ Jessica G. Scott*

Jessica G. Scott
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Telephone:   303.244.1800
Facsimile:    303.244.1879
Email:         scott@wtotrial.com

Attorneys for Defendant,
FedEx Ground Package System, Inc.

## <u>CERTIFICATE OF SERVICE</u>

       I HEREBY CERTIFY that a true and correct copy of the foregoing **DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S MOTION TO COMPEL RESPONSE TO SUBPOENA SERVED ON HP TRANSPORTATION, INC.** was served via the manner indicated below this 23rd day of July, 2021, to the following:

| | |
|---|---|
| David R. Lucas | (X) First Class Mail |
| Ann F. DeBaggis | (  ) Hand Delivery |
| Lucas Law Group LLC | (  ) Facsimile |
| One Nelson Terrace, Suite D | (  ) Overnight Delivery |
| Melrose MA 02176 | (X) E-Mail |
| Email:   dlucas@LucasLawGropuLLC.com | |
|        adebaggis@LucasLawGroupLLC.com | |

*Attorneys for HP Transportation Inc.*


                                    */s/ Jessica G. Scott*

## <u>CERTIFICATE OF SERVICE (CM/ECF)</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 23, 2021.

The following are those who are currently on the list to receive e-mail notices for this case.

- **Shannon Liss-Riordan**
  sliss@llrlaw.com

- **Michelle Cassorla**
  mcassorla@llrlaw.com

- **Zachary Rubin**
  zrubin@llrlaw.com

- **Richard E. Hayber** (pro hac vice forthcoming)
  rhayber@hayberlawfirm.com

- **Joseph P. McHugh**
  joseph.mchugh@fedex.com

- **Kenneth D. Sansom**
  ksansom@spotswoodllc.com

- **Cheryl B. Pinarchick**
  cpinarchick@fisherphillips.com

- **Jessica G. Scott**
  scott@wtotrial.com

- **Andrew H. Myers**
  myers@wtotrial.com

- **Michele O. Choe**
  choe@wtotrial.com

- **David J. Schaller**
  schaller@wtotrial.com

- **Kori F. Miller**
  kmiller@wtotrial.com

- **Brian T. Ruocco**
  ruocco@wtotrial.com

                                        */s/ Jessica G. Scott*