UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JORDAN ROY and JUSTIN TRUMBULL, on behalf of themselves and others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>FEDEX GROUND PACKAGE SYSTEMS, INC.,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 3:17-cv-30116-KAR<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM AND ORDER ON DEFENDANT FEDEX GROUND PACKAGE SYSTEMS, INC.'S MOTION FOR RECONSIDERATION AND CLARIFICATION OF COURT'S DISCOVERY ORDER REGARDING OBTAINING PAY DOCUMENTS FROM OPT-IN PLAINTIFFS
(Dkt. No. 222)

ROBERTSON, U.S.M.J.

　　Familiarity with the basic facts of the case and the court's August 23, 2021, discovery order (Order) is assumed (Dkt. No. 221). FedEx seeks reconsideration and clarification of three aspects of the Order (Dkt. Nos. 222 at 1). "The Federal Rules of Civil Procedure 'do not specifically provide for the filing of motions for reconsideration.'" *Vega Colon v. Colomer & Suarez San Juan, Inc.*, Civ. No. 18-1360(MDM), 2020 WL 5997145, at *1 (D.P.R. Oct. 9, 2020) (quoting *Sánchez-Pérez v. Sánchez-González*, 717 F. Supp. 2d 187, 193-94 (D.P.R. 2010)). A court may grant a motion for reconsideration "where the movant shows a manifest error of law or newly discovered evidence," *Kansky v. Coca-Cola Bottling Co. of New Eng.,* 492 F.3d 54, 60 (1st Cir. 2007), or if the court 'has patently misunderstood a party . . . or has made an error not of reasoning but apprehension.'" *Ruiz Rivera v. Pfizer Pharm., LLC,* 521 F.3d 76, 82 (1st Cir. 2008) (quoting *Sandoval Diaz v. Sandoval Orozco,* Civil No. 01–1022 (JAG/GAG), 2005 WL

1

1501672, at *2 (D.P.R. June 24, 2005)). "The granting of a motion for reconsideration is 'an extraordinary remedy which should be used sparingly.'" *Intellectual Ventures I, LLC v. Lenovo Grp. Ltd.*, 392 F. Supp. 3d 138, 140 (D. Mass. 2019) (quoting *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006)).

Plaintiffs have no opposition to certain of FedEx's requests for clarification (Dkt. No. 229 at 1). After careful consideration, and in light of Plaintiffs' response, the courts clarifies its August 23, 2021 order to the following extent.

1. To the extent the court's Order was not clear, opt-in plaintiffs selected for representational discovery, which, as agreed to by the parties, includes production of documents related to pay and hours worked, must produce records from all on-line sources of information that are available and accessible to them (including their personal electronic devices) in addition to seeking records from the ISPs of pay and hours worked. Because Plaintiffs do not oppose the request, the court further clarifies its order by directing that opt-in plaintiffs selected for representational discovery answer or revise or supplement their answers in their questionnaire responses to explain the efforts they have made to obtain records related to pay and hours worked.

2. The court declines to revise or remove footnote 1 in the Order. The court's source of information about the scope of the Scanner data reflecting hours worked was not, as FedEx posits, derived from Plaintiffs, but, rather, from FedEx's filings at docket numbers 55-27 and 55-28, which are FedEx Scanner data for Jordan Roy and Justin William Trumbull. Those documents show that, as to each date on which Messrs. Roy and Trumball reported to work at a FedEx distribution center, FedEx has data that shows the on-duty time, the dispatch time, and the final stop time. Footnote 1 was premised on this detailed daily record of hours worked by

Plaintiffs.  The footnote informed FedEx that, in light of this data, which is available to FedEx, the court would not entertain any motion by FedEx to dismiss an opt-in plaintiff's claims based on the contention that the opt-in had failed to produce records of hours worked.  This is so because any resulting prejudice to FedEx would not warrant dismissal with prejudice as a sanction for a discovery violation.  *See, e.g., Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72, 78 (1st Cir. 2009) (listing factors a district court should consider when imposing a sanction for failing to provide discovery, including prejudice to the opposing party).

   3.   Nor will the court revise or remove footnote 2.  This case and the related case in Pennsylvania are important to FedEx and Plaintiffs and are being vigorously litigated.  *See generally Sullivan-Blake v. FedEx Ground Package Sys., Inc.*, 2:18-cv-01698-RJC, 2021 WL 3563388 (W.D. Pa. Aug. 12, 2021).  The court has and will continue to consider FedEx's legitimate need for information, while taking into account "[t]he purpose for which discovery is sought, including whether it is sought 'to mount a scorched earth defense,' or is 'undertaken with the purpose or effect … of altering the membership' of the collective …." *Mikityuk v. Cision US Inc.*, 21-cv-510 (LJL), 2021 WL 5449606, at *2 (S.D.N.Y. Nov. 22, 2021) (quoting *Lloyd v. J.P. Morgan Chase & Co.*, Nos. 11 Civ. 9305(LTS)(HBP), 12 Civ. 2197(LTS)(HBP), 2015 WL 1283681, at *4 (S.D.N.Y. Mar. 20, 2015); *Kreuger v. N.Y. Tel Co.*, 163 F.R.D. 446, 450 (S.D.N.Y. 1995); citing *Fishon v. Peloton Interactive, Inc.*, 336 F.R.D. 67, 71 (S.D.N.Y. 2020)).

   4.   The court declines to enter an order requiring all opt-ins in this case to preserve and maintain documents in their possession, custody, and control.  FedEx has not shown that the court's ruling on this issue was a manifest error of law.  FedEx does not seek this order based on newly discovered evidence.  FedEx has not shown that the court has patently misunderstood the

request or has made an error of apprehension as to the request.  FedEx has not shown that it is entitled to the extraordinary remedy of reconsideration as to this request.

For the foregoing reasons, FedEx's Motion for Reconsideration is ALLOWED in part and DENIED in part.

It is so ordered.

Dated:  March 8, 2022                                        <u>Katherine Robertson</u>
                                                             KATHERINE ROBERTSON
                                                             U.D. MAGISTRATE JUDGE