UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JORDAN ROY and JUSTIN TRUMBULL, on behalf of themselves and others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>FEDEX GROUND PACKAGE SYSTEMS, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 3:17-cv-30116-KAR<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO COMPEL
PRODUCTION OF SCANNER DATA
(Dkt. No. 256)

ROBERTSON, U.S.M.J.

  This Fair Labor Standards Act ("FLSA") collective action is before the court on the motion of plaintiffs Jordan Roy and Justin Trumbull (collectively, "Plaintiffs") to compel production of scanner data for all opt-in plaintiffs (Dkt. No. 256). Defendant FedEx Ground Package Systems, Inc. ("FedEx") has opposed the motion (Dkt. No. 259). Plaintiffs' motion is GRANTED for the reasons that follow.

  I.  RELEVANT BACKGROUND

  Familiarity with the basic facts of the case is assumed. In August 2017, Plaintiffs, acting on behalf of themselves and other similarly situated persons, who claim they were jointly employed by FedEx and Independent Service Providers ("ISPs"), brought a single claim against FedEx for unpaid overtime pursuant to the FLSA (Dkt. No. 1). *See Roy v. FedEx Ground Package Sys., Inc.,* 353 F. Supp. 3d 43, 51-52 (D. Mass. 2018). The court conditionally certified a collective of similarly situated individuals who delivered FedEx's packages in Massachusetts

1

after February 19, 2015, using vehicles with gross weights of less than 10,001 pounds, who were paid by the ISPs to perform delivery services on FedEx's behalf, and who were not paid overtime compensation for all hours worked over forty each week.  *See id.* at 72.  Notices were issued to potential members of the proposed collective.  *See id.* at 76.  Approximately 554 opt-in plaintiffs submitted consent forms affirming that they drove a vehicle with a gross vehicle weight rating (GVWR) under 10,001 pounds, worked more than forty hours a week, and, "to the best of [their] knowledge," were not paid overtime for the hours that exceeded forty hours in a week (Dkt. Nos. 85-1, 85-91, 96, 97).  According to FedEx, there are presently 483 opt-in plaintiffs (Dkt. No. 259 at 12).

Delivery drivers are required to use electronic hand-held scanners that record their daily activities (Dkt. No. 256-5 ¶ 5).  The scanner data for each date includes the driver's name and his or her ISP, destination terminal, vehicle number, and "on duty" and "off-duty" times (Dkt. No. 256-5 ¶¶ 5, 7; Dkt. No. 259-7).  The data recorded by the drivers' scanners is automatically uploaded to FedEx's servers and continuously maintained by FedEx (Dkt. No. 256-5 ¶ 6).

Plaintiffs' First Set of Requests for Production, served on or around March 23, 2020, asked FedEx to produce "scanner data (including time records and route information)" for the Plaintiffs and "each opt-in" from February 19, 2015 through the present (Dkt. No. 256-1 at 3-4).  FedEx agreed to produce Plaintiffs' scanner data and vehicle weight information, initially objected to producing scanner data for all opt-ins, but later produced scanner data for some 204 opt-in plaintiffs who were designated by FedEx or Plaintiffs for individual discovery (Dkt. No. 256-2 at 7-8; Dkt. No. 259 at 2, 6).  Plaintiffs have now moved to compel FedEx to produce scanner data for all remaining opt-in plaintiffs (Dkt. No. 256).  FedEx objects on the grounds that (1) the additional scanner data would not provide relevant information; (2) the request for

individualized information for all opt-ins is not appropriate in an FLSA collective action; (3) the burden and cost of producing the scanner data outweighs its benefits and is disproportional to the needs of the case; and (4) the GVWR is not included in the scanner data and is unduly burdensome to produce (Dkt. No. 259).

II.     DISCUSSION

Fed. R. Civ. P. 26(b)(1) states:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).  Rule 26(b)(2)(C) provides:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C).

First, FedEx argues that the scanner data that has not yet been produced will not yield any additional relevant information and is duplicative of the scanner data for the 204 opt-ins that it has already produced. "On a motion to compel, '[t]he party seeking information in discovery over an adversary's objection has the burden of showing its relevance.'" *Controlled Kinematics, Inc. v. Novanta Corp.*, Civil Action No. 17-cv-11029-ADB, 2019 WL 3082354, at *2 (D. Mass. July 15, 2019) (alteration in original) (quoting *Johansen v. Liberty Mut. Grp., Inc.,* Civil Action

3

No. 15-cv-12920-ADB, 2017 WL 6045419, at *1 (D. Mass. Dec. 6, 2017)). "At the discovery stage, relevance should be 'broadly construed,' and information should be deemed '"discoverable if there is any possibility it might be relevant to the subject matter of the action."'" *Nosalek v. MLS Prop. Info. Network, Inc.*, CIVIL ACTION NO. 20-12244-PBS, 2022 WL 4815961, at *4 (D. Mass. Oct. 3, 2022) (quoting *Cherkaoui v. City of Quincy*, Civil Action No. 14-cv-10571-LTS, 2015 WL 4504937, at *1 (D. Mass. July 23, 2015)). Then, "[o]nce a showing of relevance is made, the party opposing disclosure bears the burden of showing that the requested discovery is improper." *Controlled Kinematics*, 2019 WL 3082354, at *2.

Plaintiffs claim that FedEx violated the FLSA by not paying drivers overtime compensation for all the hours they worked each week in excess of forty. FedEx does not dispute that the scanner data shows a driver's time in and time out of the FedEx terminal each day. Plaintiffs' position in regard to relevance is that the scanner data can potentially be used to analyze the hours worked by those who have opted into the collective using a common methodology (Dkt. No. 267 at 5). *See Roy*, 353 F. Supp. 3d at 72 n.16 ("based on Roy's and Trumbull's scanner data attached to the affidavit of FedEx Ground Senior Paralegal Eric Daley, it appears that FedEx Ground has ready access to records showing the time a driver logged into FedEx Ground's scanner at a terminal, the time a driver departed the terminal, and the time of the driver's last delivery of the day . . . ."). FedEx's contention that the scanner data has deficiencies as a method of proof does not negate its relevance as that term is used for purposes of discovery.[1] *See, e.g., AMAG Pharms., Inc. v. Am. Guarantee & Liab. Ins. Co.*, Civil Action No.

---

[1] FedEx relies on the deposition testimony of two opt-in plaintiffs to argue that the scanner data is inaccurate "and should not be used as evidence in this case" (Dkt. No. 259 at 12 n.3). This argument is premature, and the court takes no position on the reliability or admissibility of the scanner data at this time.

21-CV-10618-LTS, 2022 WL 16950437, at *2 (D. Mass. Nov. 15, 2022) ("Rule 26(b)(1) generally permits liberal discovery of relevant information.") (citing *Baker v. Liggett Grp., Inc.*, 132 F.R.D. 123, 125 (D. Mass. 1990)).

FedEx's contention that the scanner data for all current opt-ins is "unreasonably cumulative or duplicative" of the scanner data it has produced for 204 opt-ins is premised on the inaccurate contention that Plaintiffs seek the scanner data to show that FedEx controls the drivers who deliver FedEx packages. FedEx ignores that Plaintiffs contend that the "actual data captured by the scanners" (Dkt. No. 259 at 9) is relevant to show that the drivers worked more than forty hours a week. The scanner data for opt-ins for whom this data has not been produced is likely to contain "materially new information" that is neither duplicative nor cumulative of the scanner data that was previously produced for a subset of opt-ins. *Kaiser v. Kirchick,* CIVIL ACTION NO. 21-10590-MBB, 2022 WL 1104585, at *2 (D. Mass. April 12, 2022).

Second, FedEx argues that Plaintiffs' motion to compel should be denied "because it is an improper request for individualized discovery" as opposed to the representative discovery that is generally made available to defendants in FLSA actions (Dkt. No. 259 at 13). "FLSA collective actions were created to promote the efficient adjudication of similar claims, so similarly situated employees, whose claims are often small and not likely to be brought on an individual basis, may join together . . . to prosecute claims." *Cunha v. Avis Budget Car Rental, LLC*, 221 F. Supp. 3d 178, 181 (D. Mass. 2016) (internal citations and quotations omitted). Representative discovery in FLSA cases is designed to minimize the outsized burden that individual discovery would impose on plaintiffs' counsel "'and yet afford the defendant a reasonable opportunity to explore, discover, and establish an evidentiary basis for its defenses.'" *Scott v. Bimbo Bakeries, USA, Inc.*, Civil Action No. 10-3154, 2012 WL 6151734, at *5 (E.D. Pa. Dec. 11, 2012)

(quoting *Smith v. Lowe's Home Ctrs., Inc.*, 236 F.R.D. 354, 357-58 (S.D. Ohio 2006)). In a similar case in Pennsylvania involving drivers who deliver packages for FedEx in all states except Massachusetts, are employed by ISPs, and use vehicles with GVWR of under 10,001 pounds, plaintiffs asked FedEx to produce GVWR information for all 30,000 opt-ins. *See Claiborne v. FedEx Ground Package Sys.,* Inc., 2:18-cv-01698-RJC, 2021 WL 3563388, at *19 (W.D. Penn. Aug. 12, 2021). According to FedEx, production of the GVWR data is much more burdensome than is the production of scanner data. In rejecting FedEx's argument that the plaintiffs were not entitled to the GVWR discovery that they sought, the court found that FedEx was "a single source for this information, as opposed to Plaintiffs' counsel being required to reach out to each of the individual collective members, who are further unlikely to be able to produce information in a format comparable to what FedEx can produce." *Id.* This court agrees with that analysis.

The cases upon which FedEx relies for its position that plaintiffs are limited to representative discovery are distinguishable. In *Branson v. Alliance Coal, LLC,* CIVIL ACTION NO. 4:19-CV-00155-JHM-HBB, 2022 WL 2717625 (W.D. Ken. July 13, 2022), the plaintiffs moved to compel the defendant to produce "a considerable amount of discovery" for the more than 500 opt-in plaintiffs and over 1,888 employees who were not opt-ins. *See id.* at *8. Here, however, Plaintiffs' discovery request is limited to scanner data for the opt-ins for whom such data has not yet been produced. In *Reno v. Western Cab Co.,* Case No.: 2:18-cv-00840-APG-NGK, 2019 WL 6310716 (D. Nev. Nov. 25, 2019), the court denied the plaintiffs' request for production of all payroll records and records showing the cost of gasoline for all opt-ins because plaintiffs failed to explain the reason for the scope of the request. *See id.* at *2. In contrast, Plaintiffs have adequately demonstrated the relevance of the scanner data. *See Dooley v. Liberty*

*Mut. Ins. Co.,* 307 F. Supp. 2d 234, 249 (D. Mass. 2004) (documents containing information relating to the number of hours appraisers worked were relevant to the FLSA claim).[2]

Third, FedEx contends that Plaintiffs' request is disproportional to the needs of the case and unduly burdensome. Because the scanner data is important and there is no dispute that FedEx has access to it or that "FedEx is clearly the party with access to more resources in this FLSA collective action," *Claiborne,* 2021 WL 3563388, at *19, the request is proportional. *See Cont'l W. Ins. Co. v. Opechee Constr. Corp.,* Civil No. 15-cv-006-JD, 2016 WL 1642626, at *1 (D.N.H. Apr. 25, 2016) (citing Fed. R. Civ. P. 26(b)(1)).

FedEx claims that the burden to produce the scanner data outweighs the "marginal, if any, benefit that this information would provide" (Dkt. No. 259 at 15). As the party resisting discovery, FedEx has the burden of showing that production of the requested scanner data imposes an undue burden. *See Sánchez-Medina v. UNICCO Serv. Co.,* 265 F.R.D. 24, 27 (D.P.R. 2009); *Flag Fables, Inc. v. Jean Ann's Country Flags and Crafts, Inc.*, 730 F. Supp. 1165, 1186 (D. Mass. 1989). Because the grounds for the objection must be stated "in concrete terms," *Viscito v. Nat'l Planning Corp.,* Civil Case No. 3:18-30132-MGM, 2019 WL 5318228, at *6 (D. Mass. Oct. 21, 2019), FedEx's "generalized objection[]" to Plaintiff's discovery request is insufficient. *Autoridad de Carreteras y Transportacion v. Transcore Atl., Inc.*, 319 F.R.D. 422, 427 (D.P.R. 2016). Rather than attempting to support its claim of undue burden by estimating the time and cost that would be expended to comply with Plaintiffs' request for scanner data for the opt-in plaintiffs in this case for whom such data has not been produced, FedEx points to the

---

[2] FedEx suggests that Plaintiffs' request is evidence that the opt-ins are not similarly situated and, consequently, the collective should be decertified (Dkt. No. 259 at 13-14). The Honorable Robert J. Colville rejected a similar request by FedEx in the *Claiborne* case and this court, finding the contention unpersuasive, does the same. *See Claiborne v. FedEx Ground Package Sys., Inc.*, 2:18-cv-01698-RJC, 2022 WL 4537003, at *6 (W.D. Pa. Sept. 28, 2022).

sixteen weeks that it took to compile the scanner data for approximately sixty times that number of opt-ins (the 30,000 opt-ins in *Claiborne*) (Dkt. No. 259 at 15; 259-13 ¶ 6). As Plaintiffs have demonstrated, FedEx has not shown that producing scanner data for all opt-in members of the collective for whom it has not produced such data would be unduly burdensome (Dkt. No. 267 at 3).

Fourth, FedEx's claim that Plaintiffs' motion encompasses GVWR information for all opt-ins is simply inaccurate. Plaintiffs have acknowledged that the scanner data does not include GVWR information and that they are not moving to compel production of this information.

### III.   CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Compel Production of Scanner Data (Dkt. No. 256) is granted. FedEx is ordered to produce the scanner data within 30 days of issuance of this order.

It is so ordered.

Dated:  November 30, 2022                      /s/ Katherine A. Robertson
                                               KATHERINE A. ROBERTSON
                                               U.D. MAGISTRATE JUDGE