UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JORDAN ROY and JUSTIN TRUMBULL,
on behalf of themselves and others
similarly situated,

        Plaintiffs,

v.

FEDEX GROUND PACKAGE SYSTEM,
INC.,

        Defendant.

Case No.:  3:17-cv-30116-KAR

**PLAINTIFFS' MOTION TO DISMISS 5 OPT-IN PLAINTIFFS
BASED ON FEDEX'S DATA**

      Plaintiffs are filing this motion to dismiss five opt-in Plaintiffs who, according to FedEx's own data, are not able to recover overtime pay because they did not drive vehicles under 10,001 pounds gross weight for more than a *de minimis* amount of time during the relevant period. Accordingly, as explained further below, they should now be dismissed.

**BACKGROUND**

**A.  Conditional Certification**

      On November 27, 2018, this Court granted Plaintiffs' conditional certification motion, see Dkt. 64, and, on January 22, 2019, granted the parties' joint motion for issuance of notice to the following collective, see Dkts. 68, 69:

> Delivery drivers who operated out of a FedEx Ground station in Massachusetts
> since February 19, 2015 using vehicles under 10,001 pounds gross weight, and
> were paid by an ISP, but were not paid one-and-a-half times their regular rate of
> pay for overtime hours worked beyond forty per week.

The conditionally certified collective is limited to drivers "who operated a vehicle weighing less than 10,001 pounds" ("light vehicle") due to the "small vehicle exception" to the federal Motor Carrier Act exemption.   That exception applies to employees who, "in whole or in part," drive vehicles weighing 10,000 pounds or less (i.e., "light" or "small" vehicles). McMaster v. E. Armored Servs., Inc., 780 F.3d 167, 168 (3d Cir. 2015); see also SAFETEA-LU Technical Corrections Act of 2008, § 306(a), (c), Pub. L. 110-244, 122 Stat. 1572.  To determine the weight of a vehicle for purposes of applying this exception, courts use the vehicle's gross vehicle weight rating, or GVWR.  See, e.g., Carley v. Crest Pumping Techs., L.L.C., 890 F.3d 575, 582 (5th Cir. 2018) ("GVWR is the proper measure of weight" when applying the small vehicle exception); McCall v. Disabled Am. Veterans, 723 F.3d 962, 966 (8th Cir. 2013) (same). This is the weight "specified by the manufacturer as the loaded weight of a single motor vehicle." 49 C.F.R. § 390.5T (effective Sept. 27, 2018).

In order to effectuate issuance of FLSA notice, FedEx provided Plaintiffs' counsel with a list of potential opt-ins based on the data it maintained, in which it purported to exclude drivers who had not driven a small vehicle.  See Dkt. 72 at 2 ("FedEx Ground voluntarily compiled a list of individuals who operated out of a FedEx Ground station in Massachusetts since February 19, 2015 and drove either a vehicle under 10,001 pounds gross vehicle weight rating ("GVWR") or a vehicle of unknown GVWR on at least one occasion.").  Accordingly, Plaintiffs' counsel emailed and mailed notice to those individuals on the list FedEx provided.  The opt-ins at issue in this motion responded to the issuance of notice by opting in to this case.

### B.  FedEx's Data

FedEx has explained that it pulls data from "an internal database that collects scan records for each CSP driver providing pick-up and delivery service across the FedEx Ground

network." Dkt. 55.06 at ¶ 32.  This data also includes the GVWR of the vehicle driven each day.
See, e.g., Dkt. 259-7 (data for Plaintiff Jordan Roy).  During discovery, FedEx has provided
Plaintiffs' counsel with copies of data with GVWR information for 156 opt-ins.

After extensive litigation and discovery, Plaintiffs have concluded that the objective
GVWR information contained within FedEx's data is largely reliable.  First, Plaintiffs' counsel
have interviewed hundreds of opt-in plaintiffs in connection with the questionnaires that opt-in
plaintiffs within the representative sample must answer in this case and the companion
nationwide case, Claiborne v. FedEx Ground Package System, Inc., Case No. 18-cv-1698 (W.D.
Pa.).  These questionnaires ask the opt-in plaintiffs to confirm the accuracy of the GVWR
information contained within the data.  After conducting hundreds of these interviews, Plaintiffs'
counsel have observed that the overwhelming majority of these opt-in Plaintiffs have agreed with
the information FedEx provided as to whether the GVWR of the driver's vehicle was heavier or
lighter than 10,001 pounds.  Second, in the Claiborne case, Plaintiffs learned additional and
important information regarding FedEx's maintenance of Scanner Data after taking two
deposition of FedEx employees – Susan Kernen, a Senior Paralegal within FedEx's legal
department on March 4, 2022, and Eric Rowland, a Manager of Field Process Engineering on
March 16, 2022.  The information learned during these depositions, coupled with a Declaration
FedEx produced explaining how it maintains its data, see Exhibit B to Declaration of Rebecca
Shuford ("Shuford Decl.") (concurrently filed), was important in helping Plaintiffs understand
the general reliability of FedEx's data.

## ARGUMENT

Under the so-called "de minimis" rule that applies to the small vehicle exception to the
MCA exemption, "employees are entitled to overtime if they worked more than a *de minimis*

amount on vehicles weighing less than 10,000 pounds." Botero v. Commonwealth Limousine Serv. Inc., 2013 WL 3929785, *12 (D. Mass. July 25, 2013) (collecting cases).  In Claiborne, FedEx took the position that under the *de minimis* rule, an opt-in must have driven a light vehicle at least 1% of all workdays during the relevant time period in order to fall within the small vehicle exception.  See Exhibit 1 at 8-9.  Said differently, an opt-in who drove a vehicle with a GVWR greater than 10,001 pounds ("heavy vehicle") for more than 99% of all workdays during the relevant time period would not fall within the small vehicle exception. Plaintiffs agree with FedEx's position regarding the 1% *de minimis* threshold as this is in accord with the majority of cases.  See Oddo v. Bimbo Bakeries U.S.A., Inc., 391 F. Supp. 3d 466 (E.D. Pa. 2019) ("Recent cases involving the small vehicle exception have also hued closely to this 1% threshold.").

Plaintiffs' counsel are able to determine that according to FedEx's data, 5 opt-in plaintiffs drove a vehicle weighing 10,001 pounds or more during 99% or more of their workdays since February 19, 2015.  See Shuford Decl.  Accordingly, those 5 opt-in plaintiffs are not able to recover overtime pay because of the *de minimis* rule.

Fed. R. Civ. P. 41 allows plaintiffs to seek voluntary dismissal of their claims.  See Fed. R. Civ. P. 41(a)(2).  Specifically, Rule 41(a)(2) provides that after a party files an answer or summary judgment motion, a plaintiff may request voluntary dismissal "by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).

Here, dismissal is plainly warranted as these opt-ins are not part of the collective as certified by this Court.  See, e.g., Pineda v. Skinner Services, Inc., 2019 WL 3754015, at *11–12 (D. Mass. Aug. 8, 2019 (granting plaintiffs' motion "to reform the collective to exclude nine

4

members…who had opted into the FLSA action" but who plaintiffs later determined did not fit the scope of the collective after post-conditional certification discovery).[1]

In Claiborne, Judge Colville granted a similar motion Plaintiffs filed that similarly sought to dismiss certain opt-ins based on the vehicle weight identified in their scanner data.  See Claiborne v. FedEx Ground Package System, Inc., 2022 WL 4537003, *5 (W.D. Pa. Sept. 28, 2022).  Judge Colville determined that those opt-ins should be dismissed with prejudice.  Id.  Plaintiffs therefore similarly request dismissal of the following five opt-ins with prejudice:

- William Bernadeau
- Marc Johnson
- Charles King
- Daniel Lara
- Geraldo Silveira, Jr.

**CONCLUSION**

For the reasons explained above, the Court should dismiss the five opt-ins identified above with prejudice.

---

[1]      As explained in their recent motion to compel, Plaintiffs are seeking this data for those opt-ins for whom FedEx has not yet produced it, which will allow them to determine if there are other opt-ins who did not drive light vehicles for more than a *de minimis* amount of time and thus may not be eligible for overtime.  See Dkt. 303.  Upon obtaining such data and performing that analysis, Plaintiffs intend to move to dismiss any other opt-ins (if any others exist) who should not be part of this case.

Dated:  March 3, 2023                                    Respectfully submitted,


                                                         JORDAN ROY and JUSTIN TRUMBULL, on
                                                         behalf of themselves and others similarly situated,

                                                         By their attorneys,

                                                         */s/ Shannon Liss-Riordan*
                                                         Shannon Liss-Riordan (BBO #640716)
                                                         Harold Lichten (BBO# 549689)
                                                         Michelle Cassorla (BBO #688429)
                                                         Zachary Rubin (BBO #704485)
                                                         Krysten Connon (*pro hac vice*)
                                                         LICHTEN & LISS-RIORDAN, P.C.
                                                         729 Boylston Street, Suite 2000
                                                         Boston, Massachusetts 02116
                                                         (617) 994-5800

                                                         Peter Winebrake (*pro hac vice*)
                                                         Mark J. Gottesfeld (*pro hac vice*)
                                                         Michelle Tolodziecki (*pro hac vice*)
                                                         Winebrake & Santillo, LLC
                                                         715 Twining Road, Suite 211
                                                         Dresher, PA  19025



## CERTIFICATION OF CONFERRAL

I hereby certify that Plaintiffs' counsel attempted to confer with counsel for FedEx about

their position on this Motion and that FedEx Ground did not respond.

                                                         */s/ Shannon Liss-Riordan*
                                                         Shannon Liss-Riordan

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was filed through the ECF system and will be sent electronically to the registered participants on March 3, 2023.

*/s/ Shannon Liss-Riordan*
Shannon Liss-Riordan
