UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JORDAN ROY and JUSTIN TRUMBULL, on behalf of themselves and others similarly situated, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 3:17-cv-30116-KAR |
| | ) | |
| FEDEX GROUND PACKAGE SYSTEMS, INC., | ) ) | |
| | ) | |
| Defendant. | | |

MEMORANDUM AND ORDER CONCERNING DEFENDANT FED-EX GROUND'S
MOTION TO SEAL DOCUMENTS OBTAINED FROM SERVICE PROVIDERS
(Dkt. No. 346)

I.      Introduction

On August 18, 2023, defendant FedEx Ground Package Systems, Inc. ("FedEx") filed its

motion to decertify the provisional collective certified by this court (Dkt. No. 347).  The

decertification motion was supported by an extensive record of exhibits.  FedEx filed a motion to

seal appendices and certain of its exhibits filed in support of its decertification motion, proposing

to file redacted copies of the documents after the court acted on its motion to seal.  On

September 22, 2023, in the absence of direction from the court, FedEx filed redacted copies of

the documents with the court (Dkt. No. 374).  Plaintiffs filed a response to FedEx's motion on

September 1, 2023 (Dkt. No. 363).  Plaintiffs oppose the filing under seal of one of the

documents FedEx identified.  They do not appear to object to the filing in redacted form of the

other documents that are the subject of FedEx's motion.  For the reasons set forth below,

FedEx's motion is granted in part and denied in part.

II.      Relevant Procedural and Factual Background

1

Familiarity with the facts and procedural history of this case are assumed.  In summary, FedEx, a federally registered motor carrier, provides pick-up and delivery services to businesses and residential customers throughout the United States.  FedEx contracts with independent service providers ("ISPs") who employ drivers who provide the last mile pick-up and delivery services between FedEx service centers and local businesses and residences.  The plaintiffs, Jordan Roy and Justin Trumbull, along with more than 400 other individuals who opted into this Fair Labor Standards Act ("FLSA") case (collectively, "Plaintiffs"), delivered FedEx packages beginning in or around February 19, 2015.  They contend that FedEx was a joint employer with the ISPs that employed them, and that they were not paid overtime for the hours over forty when they worked more than forty hours in a week.  The court authorized the issuances of notices to members of the proposed collective.  Approximately 550 individuals submitted opt-in forms.  By the time FedEx's motion for decertification was fully briefed, there were some 434 opt-ins remaining in the provisional collective.

A majority of the documents in docket entry 374 are payroll and timekeeping records for drivers, including drivers who did not opt into this action.  As to these documents, FedEx has redacted drivers' protected private identifying information, including employee names, social security numbers, and bank routing information.  Wherever an ISP was identified in these documents, FedEx also redacted the identity of the ISP.  In addition to the payroll and timekeeping records, the documents include several ISP employee manuals and a modest number of documents related to FedEx's compliance program, including annual ISP compliance disclosures, ISP responses to compliance inquiries, annual compliance disclosures, an ISP candidate application, and at least one agreement cancellation notice from FedEx to an ISP.  FedEx redacted any identifying information for each ISP that appeared in these documents.

Finally, FedEx redacted any information identifying each of the ISPs listed in its Appendix C, which it captioned as a table identifying differences in pay method and amount (Dkt. No. 374-87) and submitted in support of its motion for decertification.

     III.    <u>Discussion</u>

     A.  Legal Standards

"'Courts have long recognized 'that public monitoring of the judicial system fosters the important values of quality, honesty and respect for our legal system.'" *United States v. Kravetz*, 706 F.3d 47, 52 (1st Cir. 2013) (quoting *In re Providence Journal*, 293 F.3d 1, 9 (1st Cir. 2002)). This public monitoring is assured by, among other things, a common law right of access to "'judicial documents.'" *Id.* "When considering whether the common law right of access applies, the cases turn on whether the documents that are sought constitute 'judicial records.' Such records are those 'materials on which a court relies in determining the litigants' substantive rights.'" *Id.* at 54 (quoting *In re Providence Journal*, 293 F.3d at 9-10). While there is no common law right of public access to materials that are exchanged or procured by a party in civil discovery, *id.* at 55, "documents relevant to determination of the litigants' substantive rights that came to the attention of the district judge 'could fairly be assumed to play a role in the court's deliberations,'" *id.* at 58 (quoting *F.T.C. v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 409 (1st Cir. 1987)), and are, therefore, considered judicial records. In other words, when documents are filed in connection with a substantive motion, a court cannot freely seal documents on which the court did not actually rely to rule on the motion. *See Tourangeau v. Nappi Distribs.*, No. 2:20-cv-00012-JAW, 2022 WL 768688, at *4 (D. Me. Mar. 14, 2022). "Just as the public has a right to know the evidence the Court relied on in adjudicating a motion before it, the public also has a right to know what evidence the Court *did not* rely upon in resolving the issue." *Id.* Thus, all

documents filed in connection with a motion that determines the substantive rights of the parties "are subject to the presumption of public access." *Id.* at *5.

"The fact that a confidentiality order was in place during discovery has no bearing on the issue of whether certain documents submitted for the pending motion … should be sealed." *Id.* "To seal filings related to nondiscovery pretrial motions … 'the party seeking to overcome the presumption of public access must demonstrate significant countervailing interests, like the existence of trade secrets in the documents or confidential business information.'" *Id.* (quoting *Bradford & Bigelow, Inc. v. Richardson*, 109 F. Supp. 3d 445, 448 (D. Mass. 2015)). In addition, "'[r]uling on a motion to seal does not require a district court to make a binary choice between a blanket seal or providing unfettered access to sensitive information.'" *Id.* at *4 (alterations in original) (quoting *United States v. Nuñez*, No. 1:11-cr-00205-JAW-06, 2021 WL 1095978, at *5 (D. Me. Mar. 22, 2021)). Instead, "where the public's right of access competes with privacy rights, 'it is proper for a district court, after weighing competing interests, to edit and redact a judicial document in order to allow access to appropriate portions of the document.'" *Kravetz*, 706 F.3d at 62 (citing *United States v. Amodeo*, 44 F.3d 141, 147 (2d Cir. 1995)).

B. Employee Information in Payroll and Timekeeping Records

FedEx does not address the privacy interests of the individual ISP employees whose personal information FedEx has redacted. Plaintiffs do not object to these redactions (Dkt. No. 363 at 2). "'Employee compensation may constitute confidential business information … [which] courts have been willing to protect through seal.'" *Tourangeau*, 2022 WL 768688, at *6 (alterations in original) (quoting *Peters v. Univ. of Pittsburgh*, Civil Action No. 2:18-cv-732, 2019 WL-109402, at *3 (W.D. Pa. Jan. 4, 2019) (collecting cases)). By redacting the names of

the employees to whom the payroll and bank account information data pertains, FedEx is

protecting against the public disclosure of employee compensation and other information that is

generally considered to be protected personal information.  These redactions are consistent with

the First Circuit's directive that courts should take into account the privacy interests of third

parties and "'consider the degree to which the subject matter is traditionally considered private

rather than public.'"  *Kravetz*, 706 F.3d at 62 (quoting *In re Boston Herald*, 321 F.3d 174, 190

(1st Cir. 2003)).  Furthermore, the redactions are generally consistent, if not consistent in every

detail, with the provisions of Fed. R. Civ. P. 5.2(a) ("Rule 5.2(a)") which requires certain

redactions in most court filings to guard against identify fraud and protect individual privacy

interests.  Rule 5.2(a) requires the redaction, *inter alia*, of all but the last four numbers of an

individual's social security number, the year of an individual's birth, and the last four digits of a

financial account number.  Fed. R. Civ. P. 5.2(a)(1), (2), (4).  Balancing the right of public access

against the privacy concerns of individual drivers, the court finds that members of the public do

not require access to the identities or protected personal information of individual drivers to

understand and evaluate the parties' contentions and the court's decisions in this case.  The court,

therefore, approves the redactions of drivers' personal identifying information in all of the

documents that FedEx filed in docket entry 374.

C.  Information Identifying Massachusetts ISPs

The other redactions FedEx made to the documents in docket entry 374 were of

information that identified the Massachusetts ISPs that employed the drivers who delivered

FedEx packages.  FedEx justifies these redactions on the basis that it has redacted confidential

business information of non-party ISPs and that it obtained this information from the ISPs

pursuant to its agreements with these entities, all of which contain a confidentiality provision.

Under these confidentiality provisions in FedEx's agreements with its ISPs, both parties owe a duty of confidentiality to each other as to information exchanged in connection with the agreements (Dkt. No. 346 at 2-4).  Other than this undertaking of confidentiality, FedEx has not identified any reason why disclosing the identities of the ISPs who were employers of the Plaintiffs and other drivers would harm the ISPs, suggesting that, "[i]f the Court requires additional information about how making these documents publicly available would cause the Service Providers themselves harm, the Court should permit time for Service Providers to be notified so that they file supporting declarations if they so choose" (Dkt. No. 346 at 5).

"'In civil cases, interests which courts have found sufficient to justify impoundment include trade secrets [and] confidential business information, information covered by a recognized privilege … and information required by statute to be sealed.'" *Tourangeau*, 2022 WL 768688, at *6 (alterations in original) (quoting *Velcro Grp. Corp. v. Zijlstra*, 180 F. Supp. 3d 106, 107 (D. Mass. 2016)).  Thus, courts have agreed to seal business records that might provide an advantage to competitors.  *Id.* (citing *In re Gitto Glob. Corp.*, 422 F.3d 1, 6 (1st Cir. 2005)). "However, courts are generally unwilling to seal business information where the parties fail to explain why the specific, urgent need for confidentiality overrides the public's right of access, or where the business records are outdated or limited in scope."  *Id.* at *7.

As to the confidentiality agreements between FedEx and the ISPs, "[i]t is self-evident that counsel may not make any such binding assurances about how a court would view such documents."  *Kravetz*, 706 F.3d at 61.  As a sophisticated litigant, FedEx is aware of the importance and breadth of the right of public access.  There is no question that the documents that FedEx filed in redacted form in docket entry 374 qualify as judicial documents.  They were filed in support of FedEx's decertification motion, which affects the substantive rights of the

parties.  With this understanding, and with no assurances of confidentiality, FedEx filed

documents in support of its decertification motion that disclosed the identities of the

Massachusetts ISPs with whom it contracted.  Indeed, in Appendix C, FedEx chose to compile

an accessible list of many of its ISPs in Massachusetts along with information about their

employee compensation practices.

Because this case covers a time period commencing in 2015, much of the information in

Appendix C and in the payroll and compensation documents – about the identities of ISPs and

how employee compensation was structured – is outdated.  Aside from compensation and

protected private information about drivers, the information FedEx seeks to seal is limited to the

identity of its Massachusetts ISPs.  So far as the court is aware, the identity of a business,

combined with information about how it compensated its employees usually would not qualify as

a trade secret, nor would such information be likely to provide an unfair advantage to a

competitor.  None of the ISPs has sought to intervene to assert a confidentiality interest in the

information in the judicial documents before the court.  Employee compensation structures and

the relationship between FedEx and its ISPs are at the heart of this case.  "[A] fear of adverse

publicity," if that is the harm that FedEx implies might arise, "is insufficient to defeat public

access." *Id.* at 64.

"'[O]nly the most compelling reasons can justify non-disclosure of judicial records ….'"

*In re Providence Journal Co.*, 293 F.3d at 10 (quoting *Standard Fin. Mgmt. Corp.*, 830 F.2d at

410).  FedEx chose to file the documents in question in support of its decertification motion

without knowing whether the court would approve its proposed redactions.  It has not shown a

compelling reason for redacting the identities of the ISPs from the documents in docket entry

374.  In fact, it has not really attempted to do so.  Accordingly, these documents must be refiled disclosing the ISP identities.

    a.  <u>Conclusion</u>

For the foregoing reasons, Defendant FedEx Ground's Motion to Seal Documents Obtained from Service Providers is granted in part and denied in part.  The court approves the existing redactions of personal information about the drivers such as names, social security numbers, dates of birth, and banking information.  FedEx must refile the documents without redacting ISP identifying information within 21 days of the date on which this order is docketed.

It is so ordered.

<u>Katherine A. Robertson</u>
KATHERINE A. ROBERTSON
U.S. MAGISTRATE JUDGE

Dated:  March 29, 2024