# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

JORDAN ROY, and
JUSTIN TRUMBULL,

          Plaintiffs,

v.

FEDEX GROUND PACKAGE SYSTEM,
INC.,

          Defendant.

Case No.:  3:17-cv-30116-KAR

## DEFENDANT FEDERAL EXPRESS CORPORATION'S MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................. ii

INTRODUCTION .............................................................................................................. 1

UNDISPUTED MATERIAL FACTS ................................................................................. 2

ARGUMENT ...................................................................................................................... 4

I.      LEGAL STANDARD.............................................................................................. 4

II.     THE OVERTIME PAY PLAINTIFFS ARE OWED, IF ANY, MUST BE
        CALCULATED PURSUANT TO THE METHOD SET FORTH IN THE
        FLSA'S REGULATIONS ....................................................................................... 5

        A.      Under the FLSA, a Worker's Regular Rate of Pay as Converted to an
                Hourly Rate Is Calculated Based On Hours Actually Worked............................ 5

        B.      Under the FLSA, an Individual Is Entitled Only to Additional Half-Time
                Pay for Hours Worked Over 40 ....................................................................... 7

III.    THE STATUTE OF LIMITATIONS APPLICABLE TO PLAINTIFFS'
        CLAIMED DAMAGES IS TWO YEARS BECAUSE PLAINTIFF ROY HAS
        NOT SET FORTH ANY EVIDENCE OF WILLFUL VIOLATIONS OF THE
        FLSA ....................................................................................................................... 8

        A.      The FLSA Sets a High Bar for Plaintiffs Purporting to Allege Willful
                Violations .......................................................................................................... 8

        B.      Plaintiff Roy Has Not Made a Showing of Willfulness, Nor Can He ................. 10

CONCLUSION.................................................................................................................... 13

# TABLE OF AUTHORITIES

## CASES

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986)....................................................................................... 4

*Bay Ridge Operating Co. v. Aaron*,
  334 U.S. 446 (1948)....................................................................................... 5

*Chavez v. City of Albuquerque*,
  630 F.3d 1300 (10th Cir. 2011) ..................................................................... 7

*Compare Yessayan v. FedEx Ground Package Sys., Inc.*,
  No. CV 05-8872 ER (VBKx), 2007 WL 5162454
  (C.D. Cal. Jan. 3, 2007),
  *aff'd* 301 Fed. App'x 716 (9th Cir. 2008) .................................................... 12

*Davis v. Ne. Ctr. for Youth & Fams., Inc.*,
  662 F. Supp. 3d 151 (D. Mass. 2023) ....................................................... 9, 10

*Hillstrom v. Best W. TLC Hotel*,
  354 F.3d 27 (1st Cir. 2003)............................................................................ 9

*Holmes v. Metott, Inc.*,
  No. 4:12CV00030 BSM, 2013 WL 11041743
  (E.D. Ark. Jan. 25, 2013)............................................................................. 12

*Lemmings v. FedEx Ground Package Sys., Inc.*,
  492 F. Supp. 2d 880 (W.D. Tenn. 2007)...................................................... 12

*Martin v. Tango's Rest., Inc.*,
  969 F.2d 1319 (1st Cir. 1992)........................................................................ 6

*McLaughlin v. Richland Shoe Co.*,
  486 U.S. 128 (1988)................................................................................. 9, 13

*Rudy v. City of Lowell*,
  777 F. Supp. 2d 255 (D. Mass. 2011) ..................................................... 4, 5, 9

*Scalia v. Beleco, Inc.*,
  549 F. Supp. 3d 208 (D. Mass. 2021) ........................................................... 5

*Sebren v. Harrison*,
  552 F. Supp. 3d 249 (D.R.I. 2021)................................................................. 9

*Smiley v. E.I. Dupont De Nemours & Co.*,
  839 F.3d 325 (3d Cir. 2016)........................................................................... 7

*Tumulty v. FedEx Ground Package Sys., Inc.*,
No. C04-1425MJP, 2005 WL 8181225
(W.D. Wash. Mar. 7, 2005) ................................................................................................ 12

*Turner v. BFI Waste Servs., LLC*,
268 F. Supp. 3d 831 (D.S.C. 2017) ...................................................................................... 7

*United States v. Regeneron Pharms., Inc.*,
No. CV 20-11217-FDS, 2023 WL 6296393
(D. Mass. Sept. 27, 2023) ..................................................................................................... 5

*United States v. Teva Pharms. USA, Inc.*,
682 F. Supp. 3d 142 (D. Mass. 2023) ............................................................................... 4, 5

**STATUTES**

29 U.S.C. § 201, *et seq.* ............................................................................................................... 1

29 U.S.C. § 255 ....................................................................................................................... 8, 9

**RULES**

Fed. R. Civ. P. 56 ........................................................................................................................ 4

**REGULATIONS**

29 C.F.R. § 578.3 ........................................................................................................................ 9

29 C.F.R. § 778.101 .................................................................................................................... 6

29 C.F.R. § 778.107 .................................................................................................................... 6

29 C.F.R. § 778.109 ................................................................................................................. 5, 6

29 C.F.R. § 778.111 ............................................................................................................. 6, 7, 8

Defendant Federal Express Corporation, successor by merger to FedEx Ground Package System, Inc., ("FedEx") files this motion for partial summary judgment on (1) the proper method for calculating unpaid overtime damages for claims brought under the Fair Labor Standards Act ("FLSA"), and (2) the limitations period applicable to Plaintiff Roy's FLSA overtime claim (i.e., Plaintiff's lack of proof of willfulness). FedEx seeks only legal determinations of these damages issues without conceding any liability for any such damages. Because this case is not bifurcated between liability and damages, and should not be, it would be an error of law to permit Plaintiffs to introduce their current claimed damages at trial, which are calculated based on a method contrary to the FLSA. Additionally, because Plaintiff Roy has produced no evidence of willfulness, it would be an error of law to permit him to seek damages at trial beyond the presumptive two-year statute of limitations.

## INTRODUCTION

Non-party Up From the Ground employed Plaintiffs as drivers between 2015 and 2017. Throughout those years, Up From the Ground contracted with FedEx to provide package pickup and delivery services. According to Plaintiffs, Up From the Ground paid them a piece rate of $1.25 and then $1.30 per package pickup or delivery stop completed.

Up from the Ground terminated both Plaintiffs in early 2017. Plaintiffs then filed this lawsuit against FedEx, claiming it was their joint employer and that Up From the Ground did not pay them overtime for hours worked in excess of 40 hours per week, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"). This is the only claim Plaintiffs assert.

Plaintiffs  recently disclosed to FedEx their computations of their claimed damages. Although the FLSA regulations provide clear instructions on how to calculate damages when a plaintiff was paid by a piece-rate method, Plaintiffs have not followed those regulations, using an impermissible method that more than triples what the FLSA allows.

1

Plaintiff Roy also disregards the presumptive two-year limitations period even though he has no evidence of the willfulness needed to extend that period to three years. He calculates his damages beginning on February 22, 2015, even though he filed his case on August 29, 2017, meaning his  damages period only goes back to August 29, 2015, unless he is able to prove willfulness.[1] He has no evidence of willful conduct on the part of FedEx, therefore there is no genuine dispute as to any material fact on this issue.

Summary judgment is warranted to preclude Plaintiffs from introducing inflated and legally erroneous damages calculations.

## UNDISPUTED MATERIAL FACTS

1.      Plaintiffs' claims are for alleged unpaid overtime wages in violation of the FLSA. (*See generally* Compl., ECF No. 1.)

2.      Plaintiffs were employees of Service Provider Up From the Ground. (*Id.* at 3 ("Plaintiff Jordan Roy . . . was employed through an . . . 'independent service provider'"), 5 ("Plaintiff Justin Trumbull . . . was employed through an . . . 'independent service provider'"); *see also* Roy Dep. 12:14-18 ("I worked for a company called Up From The Ground"), excerpts attached as Ex. 1; Trumbull Dep. 7:2-8, 12:16-20 (he drove for and was employed by Up From the Ground), excerpts attached as Ex. 2.)

3.      Plaintiff Jordan Roy claims to have worked for Up from the Ground from February 22, 2015, through January 7, 2017. (*See* Ex. 3, Shuford Decl. 9.[2])

---

[1] All of Plaintiff Trumbull's time falls within the presumptive two-year limitations period, so this is not an issue for his claim.

[2] Plaintiffs have not provided Rule 26(a) damages disclosures but, instead, provided Ms. Shuford's declaration, with attachments, on June 21, 2024. Because most of the attachments to Ms. Shuford's declaration are not pertinent to this motion, FedEx includes only Exhibit E to her declaration in its exhibit.

4.      Plaintiff Justin Trumbull claims to have worked for Up from the Ground from November 22, 2015, through February 11, 2017. (*See id.*)

5.      Plaintiffs filed their complaint on August 29, 2017. (*See* ECF No. 1.)

6.      Mr. Roy contends that Up From the Ground paid him a piece rate. (*See, e.g.*, Ex. 1, Roy Dep. 27:12-13 ("I was getting paid $1.25 a stop."); *id.* at 74:4–75:15 (during the interview process, Up From the Ground told him he would be paid $1.25 per stop, and there was no discussion of how many hours he would be working); *id.* at 114:11-17 (stating that at some point his pay was increased to $1.30 per stop); *id.* at 275:22-24 (confirming that Up From the Ground informed him that he would be paid per stop).) For purposes of this motion, FedEx does not dispute this.

7.      Mr. Trumbull contends that Up From the Ground paid him a piece rate. (*See, e.g.*, Ex. 2, Trumbull Dep. 122:19-20 ("I was getting paid $1.25 a stop."); *id.* at 134:1-5 ("So when I started, I started at $1.25 a stop, and I don't remember when I got my first raise . . . but I know I ended up jumping up to $1.30 a stop."); *id.* at 57:10-13 (confirming that when his rate of pay was explained to him, he was told it would be $1.25 per stop).) For purposes of this motion, FedEx does not dispute this.

8.      Between 2015 and 2017, Up From the Ground contracted with FedEx to provide package pickup and delivery services. (*See* Ex. 4, Up From the Ground ISPA, Sept. 6, 2014; Ex. 5, Up From the Ground ISPA, Sept. 3, 2016.)

9.      Pursuant to the agreements between Up From the Ground and FedEx, Up From the Ground was obligated to, and agreed to, pay its employees in compliance with the law. (Ex. 4 and 5 § 6.2.)

10.     Up From the Ground issued Mr. Roy his paychecks. (Ex. 1, Roy Dep. 13:2-5.)

11.    In written discovery, FedEx asked Mr. Roy to "[i]dentify all facts and evidence supporting your contention that FedEx Ground's alleged conduct was willful, and specify the 'willful' conduct you attribute to FedEx Ground." (Pl. Roy's Resp. to Def.'s First Set of Interrogs., Interrog. No. 16 at 9, excerpts attached as Ex. 6.) Mr. Roy responded that the interrogatory was premature, yet has never supplemented it despite discovery being complete in the case. (*Id.* at Resp. No. 16 at 10.)

12.    Mr. Roy could not, and has not, even identified any "willful" conduct by Up from the Ground either. (*Id.*, Interrog. and Resp. No. 17 at 10.)

## ARGUMENT

## I.    LEGAL STANDARD

A court should grant summary judgment when, after viewing the facts "in the light most favorable to the non-moving party and mak[ing] all reasonable inferences in that party's favor . . . no genuine issue of material fact exists and [] the moving party is entitled to judgment as a matter of law." *United States v. Teva Pharms. USA, Inc.*, 682 F. Supp. 3d 142, 145 (D. Mass. 2023); *see also* Fed. R. Civ. P. 56(a). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id.* at 247-48 (emphasis omitted).

A party may move for partial summary judgment on "part of [a] claim or defense." Fed. R. Civ. P. 56(a). Summary judgment is therefore appropriate on any of the individual elements of a plaintiff's claim, including damages. *See, e.g.*, *Teva Pharms. USA, Inc.*, 682 F. Supp. 3d at 148-49; *Rudy v. City of Lowell*, 777 F. Supp. 2d 255, 262 (D. Mass. 2011). Though courts sometimes decline to determine on summary judgment the <u>amount</u> of alleged damages, courts

will determine on summary judgment "the proper *standard* for measuring damages." *United States v. Regeneron Pharms., Inc.*, No. CV 20-11217-FDS, 2023 WL 6296393, at *15 n.24 (D. Mass. Sept. 27, 2023) (emphasis in original); *see also Teva Pharms. USA, Inc.*, 682 F. Supp. 3d at 148-49 (determining on summary judgment the proper method for calculating damages for an Anti-Kickback Statute-based False Claims Act claim); *Rudy*, 777 F. Supp. 2d at 262 (determining on summary judgment the proper method for calculating an offset of overtime damages for claims brought under the FLSA).

Summary judgment is also appropriate on the question of the limitations period applicable to a plaintiff's FLSA claim when the "plaintiff[] [has] alleged no facts from which a reasonable jury could find that the defendant acted willfully with regard to the proper [] rate calculation." *Id*. at 263 (determining on summary judgment that the two-year limitations period applied); *see also Scalia v. Beleco, Inc.*, 549 F. Supp. 3d 208, 219 (D. Mass. 2021) (determining on summary judgment that the three-year statute of limitations applied, where the defendants "admitted that they took no actions to determine whether they complied with overtime . . . provisions").

## II.    THE OVERTIME PAY PLAINTIFFS ARE OWED, IF ANY, MUST BE CALCULATED PURSUANT TO THE METHOD SET FORTH IN THE FLSA'S REGULATIONS

### A.    Under the FLSA, a Worker's Regular Rate of Pay as Converted to an Hourly Rate Is Calculated Based On Hours Actually Worked

An individual subject to the FLSA may be compensated in a variety of ways: "on an hourly rate basis . . . on a piece-rate [basis], [or on a] salary, commission, or other basis." 29 C.F.R. § 778.109; *see also Bay Ridge Operating Co. v. Aaron*, 334 U.S. 446, 460 (1948) ("The rate of pay may be by the hour, by piecework, by the week, month or year."). In other words, "[t]he [FLSA] does not require employers to compensate employees on an hourly rate basis." *Id.*

However, the FLSA does require that an individual's overtime rate of pay—the rate of pay applicable to time worked in excess of 40 hours in a single workweek—be computed on an hourly rate basis. 29 C.F.R. §§ 778.101, 778.109. Thus, where a worker is not paid on an hourly rate basis, their weekly compensation must be converted to an hourly rate (or "regular rate") of pay before the overtime rate of pay they would be entitled to can be calculated. *See* 29 C.F.R. § 778.107 (providing for an overtime rate of pay of "not less than one and one-half times [an individual's] regular rate" of pay); 29 C.F.R. § 778.109 ("The 'regular rate' under the Act is a rate per hour," even for those who are not paid "on an hourly rate basis.").

The FLSA's regulations provide that to convert an individual's compensation for a given workweek to an hourly rate of pay, "divid[e] his total remuneration for employment . . . in any workweek by the total number of hours <u>actually worked by him</u> in that workweek for which such compensation was paid." 29 C.F.R. § 778.109 (emphasis added). For pieceworkers specifically, that conversion is accomplished by "adding together total earnings for the workweek from piece rates and all other sources . . . then divid[ing] [that sum] by the number of hours worked in the week for which such compensation was paid." 29 C.F.R. § 778.111.

Nonetheless, Plaintiffs, in their damages declaration, convert their piecework rate of pay into an hourly rate of pay by dividing their total weekly compensation by 40 for every week in which they claim to have worked more than 40 hours. (Ex. 3, Shuford Decl. ¶ 7.) Plaintiffs' method serves to impermissibly inflate their regular rates for all such weeks, and is directly contrary to the FLSA's governing regulations and case law from around the country. *See, e.g.*, *Martin v. Tango's Rest., Inc.*, 969 F.2d 1319, 1324 (1st Cir. 1992) ("[W]here no 'regular rate' has been set by the employer for the first 40 hours, the [FLSA] treats the regular rate for that week as the fixed weekly wage divided by the number of hours actually worked in that week,

6

including overtime hours."); *Smiley v. E.I. Dupont De Nemours & Co.*, 839 F.3d 325, 330 (3d Cir. 2016) (when calculating regular rate, the divisor must "include[] all hours worked"); *Chavez v. City of Albuquerque*, 630 F.3d 1300, 1312-1313 (10th Cir. 2011) ("the proper divisor is hours worked"; "the FLSA hourly regular rate is calculated by dividing the relevant weekly compensation by the actual hours worked"); *Turner v. BFI Waste Servs., LLC*, 268 F. Supp. 3d 831, 836–37 (D.S.C. 2017) ("the FLSA hourly regular rate is calculated by dividing the total weekly compensation by the actual hours worked rather than by the 'normal workweek' of 40 hours").

**B.      Under the FLSA, an Individual Is Entitled Only to Additional Half-Time Pay for Hours Worked Over 40**

Plaintiffs also use an incorrect method to calculate the unpaid overtime wages they claim they are owed. The FLSA regulations provide that when a pieceworker is paid his "straight-time compensation at piece rates" in lieu of his overtime rate of pay for time worked in excess of 40 hours, "[o]nly additional half-time pay" is owed to him. 29 C.F.R. § 778.111. In such a scenario, the pieceworker would be owed "one-half [his] regular rate of pay multiplied by the number of hours worked in excess of 40 in the week." *Id.* Again, despite these clear regulations, Plaintiffs multiply their hours allegedly worked in excess of 40 per week by 1.5, rather than 0.5. (Ex. 3, Shuford Decl. ¶ 7.) Plaintiffs' approach is incorrect, as explained by the district court in *Turner*, relying on Circuit Court precedent across the country:

> To the extent that Turner argues that the FLSA requires that he receive the regular rate for all hours worked and one and one-half of the regular rate for overtime hours, this would lead to Turner receiving two and one-half times his regular rate for overtime hours. The FLSA does not require this. The *Chavez* court found it proper that the employer used a one-half multiplier, where the city first applied the "regular rate" to all hours worked by an employee and then gave one-half of the regular rate as the overtime "premium" for all hours worked over 40. *Chavez*, 630 F.3d at 1313. . .

*Turner*, 228 F. Supp. 3d at 837.

Plaintiffs' approach to calculating their alleged damages is thus not legally supported under the FLSA. FedEx therefore requests that the Court hold that Plaintiffs' damages calculations must follow FLSA regulations and case law:

- first, by "adding together total earnings for the workweek from piece rates and all other sources . . . [and] divid[ing] [that sum] by the number of hours worked in the week for which such compensation was paid, " 29 C.F.R. § 778.111, to convert the individual's weekly compensation into an hourly, or "regular," rate of pay; and

- next, by multiplying "one-half this regular rate of pay [] by the number of hours worked in excess of 40 in the week." *Id.*[3]

## III. THE STATUTE OF LIMITATIONS APPLICABLE TO PLAINTIFFS' CLAIMED DAMAGES IS TWO YEARS BECAUSE PLAINTIFF ROY HAS NOT SET FORTH ANY EVIDENCE OF WILLFUL VIOLATIONS OF THE FLSA

### A. The FLSA Sets a High Bar for Plaintiffs Purporting to Allege Willful Violations

The FLSA provides for a two year statute of limitations "to enforce any cause of action for . . . unpaid overtime compensation, or liquidated damages." *See* 29 U.S.C. § 255(a) ("every

---

[3] As an example, Plaintiff Roy claims that for the workweek of March 1, 2015, through March 7, 2015, he worked 54 hours and earned $535. (*See* Ex. E to Shuford Decl.) Using the proper method under the FLSA, Roy's hourly wage for that workweek would thus be $9.91 with his overtime hourly wage at $14.87. Taking as true for the purposes of this example Roy's claims that he worked 14 hours of overtime that week and was not paid an overtime wage for those hours over 40, he would be owed $4.96 per hour of overtime, or $69.44 total, under the FLSA regulations. Roy, however, asserts that he is owed $281.21 for that week. Roy's calculations are incorrect because he first converts his pay to an hourly rate by dividing $535 by 40—despite claiming that he worked 54 hours that week. Then, instead of concluding that based on his (incorrectly calculated) hourly rate of $13.38 per hour, he would be owed an additional $6.68 for every hour for which he had worked overtime but received only a regular rate of pay, he asserts that he is owed an additional $20.06 for every hour over 40—despite that he was already paid a regular rate for those hours. Plaintiffs apply this legally-unsupported calculation method to every week for which they claim they worked overtime hours.

such action shall be forever barred unless commenced within two years after the cause of action accrued"). The statute of limitations extends to three years only in cases where a plaintiff proves that the alleged violative conduct was willful. *Id.* The burden to make such showing remains on the plaintiff; where they cannot make such showing, they will not "benefit from the extended statute of limitations." *Rudy*, 777 F. Supp. 2d at 263; *see also McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 135 (1988) ("the [plaintiff] must prove that the employer's conduct was willful").

"The standard for willfulness is well settled." *Sebren v. Harrison*, 552 F. Supp. 3d 249, 259 (D.R.I. 2021). An alleged violation of the FLSA will only meet the standard for willfulness where the plaintiff can prove that "the employer knew that its conduct was prohibited by the Act or showed reckless disregard for the requirements of the Act." 29 C.F.R. § 578.3(c); *see also McLaughlin*, 486 U.S. at 133 (holding this definition of willful "a fair reading of the plain language of the [FLSA]"). A court considering whether an alleged violation of the FLSA was willful must take into account "[a]ll of the facts and circumstances surrounding the [alleged] violation." 29 C.F.R. § 578.3(c). Where such violation is "based on nothing more than negligence, or, perhaps, on a completely good-faith but incorrect assumption that a pay plan complied with the FLSA in all respects" the allegations will not meet the standard for willfulness, and will not extend the presumptive two year statute of limitations. *McLaughlin*, 486 U.S. at 135. Mere proof that "the employer knew the [FLSA] 'was in the picture'" also will not suffice to show willfulness, nor will a showing that "the employer acted unreasonably in believing it was complying with the statute." *Hillstrom v. Best W. TLC Hotel*, 354 F.3d 27, 33 (1st Cir. 2003) (discussing *McLaughlin*); *see also McLaughlin*, 486 U.S. at 133.

Following *McLaughlin*, courts in the First Circuit set a high bar for plaintiffs alleging willful conduct. *See Davis v. Ne. Ctr. for Youth & Fams., Inc.*, 662 F. Supp. 3d 151, 154

(D. Mass. 2023) (noting the high standard for making a showing of willfulness in the First Circuit). In *Davis*, the plaintiff raised mostly "allegations [of willfulness] that [were] wholly conclusory." *Id.* The *Davis* court thus "disregard[ed] [those] allegations in its analysis and instead focuse[d] only on the *facts* alleged in the Complaint." *Id.* (emphasis in original). The court ultimately disposed of the plaintiff's FLSA claim at the motion to dismiss stage because she failed to allege that her employer "engaged in any [] conduct that illustrate[d] [that it] knew [it was] failing to properly compensate [her] for overtime," and thus failed to allege conduct sufficient to raise an inference of willfulness. *Id.* at 155. Rather, the plaintiff's sole factual allegation, that she "was paid for a few overtime hours but not others suggest[ed], at most, that [her employer] acted negligently." *Id.* at 155.

### B.      Plaintiff Roy Has Not Made a Showing of Willfulness, Nor Can He

Here, as in *Davis*, Plaintiff Roy has not met his burden to show willfulness—nor can he. In their complaint, Plaintiffs set forth only the conclusory allegations that "FedEx has acted in reckless disregard of the drivers' rights under the FLSA . . . [and knew] or should have known that" Plaintiffs were purportedly not paid overtime wages owed to them, and that "FedEx's violation of the FLSA has been willful and in reckless disregard of [Plaintiffs'] rights." (*See* Compl. 8-9, ECF No. 1.). FedEx asked Plaintiff Roy for evidence that FedEx and/or Up From the Ground's alleged failure to pay him overtime wages was willful, but he did not do so. (*See* Ex. 6, Interrog. and Resp. Nos. 16, 17 at 10.) Roy served FedEx with those discovery responses on December 20, 2019. (*Id.* at 12.) In the more than four years since, Roy still has not identified, let alone produced, any evidence of willfulness. "Within the First Circuit, [] allegations of willfulness must [] be much stronger to pass muster." *Davis*, 662 F. Supp. 3d at 154.

What is more, the undisputed facts show that Plaintiff Roy cannot prove willfulness. Plaintiffs acknowledge that FedEx contracts with Service Providers for package pickup and

delivery services. (*See* Compl. ¶ 10, ECF No. 1 ("FedEx . . . contract[s] with ISPs").) FedEx so

contracted with Up From the Ground, Plaintiffs' employer, during the relevant time period. (*See*

Exs. 4 and 5.) The agreement between FedEx and Up from the Ground expressly states:

- "[N]either Party is, nor will be represented, alleged, or deemed to be a legal
  representative, joint venturer, joint employer, franchisor, franchisee, dealership,
  distributorship, or legal partner of the other Party for any purpose" (Ex. 5, ISPA
  § 1.2);

- "The Parties acknowledge and agree to abide by all applicable federal, state, and
  local laws, regulations, and rules . . . includ[ing] those governing . . . employment
  practices" (*id.* §1.3);

- "[Up From The Ground] agrees that neither it nor any of its Personnel are to be
  treated as or considered to be [FedEx]'s employees, directly, indirectly, or
  jointly," and to "bear all expenses associated with the employment of such
  persons, including without limitation, wages" and "assume sole
  responsibility . . . for compliance with Applicable Law, including without
  limitation, wage payment" (*id.* § 6.2); and

- "[Up From the Ground] has sole and complete discretion in the . . . assignment,
  hours and days worked . . . compensation . . . and all other terms and conditions of
  employment of its Personnel assigned to provide Services under this Agreement"
  (*id.* § 6.4).

Moreover, Plaintiffs do not dispute that they were employees of Up From the Ground.

(*See* Ex. 1, Roy Dep. 12:14-18 ("I worked for a company called Up From The Ground").) And

the only court to have addressed the joint-employment question with regard to FedEx under the

same Independent Service Provider Agreement model found that FedEx was <u>not</u> a joint employer. Ex. 7, Order Den. Mot. for Class Cert. at 5-6, *Lightfoot v. Wahoo Logistics, Inc., et al.*, No. FCS050578 (Cal. Super. Ct. Feb. 2, 2022) ("The evidence before the court does not show that FEDEX exercised common control over the wages, hours, or working details or conditions of drivers."); *id.* ("Drivers [] understood that FEDEX was not their employer."); *id.* ("FEDEX's standards for performance by a driver or disqualification of a driver are consistent with quality control and ensuring contract compliance but do not rise to the level of the power to hire, promote, discipline or fire."); *id.* ("No evidence is presented that FEDEX had the power to fire any driver, hire a replacement, or prevent a driver from working for [Service Providers] in any other capacity.")[4]

Additionally, pursuant to the agreement between Up From the Ground and FedEx, Up From the Ground was obligated to, and agreed to, pay its employees in compliance with the law. (Ex. 4 & 5, § 6.2.) Mr. Roy testified that during the time he worked for Up From the Ground, Up From the Ground issued his paychecks. (Ex. 1, Roy Dep. 13:2-5.)

---

[4] What is more, with the exception of one, courts to have addressed the joint-employment question against FedEx <u>before</u> Roy and Trumbull worked for Up from the Ground, and under the previous model, also agreed that FedEx was <u>not</u> a joint employer. *Compare Yessayan v. FedEx Ground Package Sys., Inc.*, No. CV 05-8872 ER (VBKx), 2007 WL 5162454, at *1 (C.D. Cal. Jan. 3, 2007), *aff'd* 301 Fed. App'x 716 (9th Cir. 2008) (finding no joint employment and granting summary judgment for FedEx); *Holmes v. Metott, Inc.*, No. 4:12CV00030 BSM, 2013 WL 11041743, at *3 (E.D. Ark. Jan. 25, 2013) (granting summary judgment for FedEx because "FedEx was not a joint employer"); *Lemmings v. FedEx Ground Package Sys., Inc.*, 492 F. Supp. 2d 880, 887–88 (W.D. Tenn. 2007) (granting summary judgment for FedEx where plaintiff's evidence was "not sufficient to raise an inference of an indirect employment relationship" with FedEx); *Tumulty v. FedEx Ground Package Sys., Inc.*, No. C04-1425MJP, 2005 WL 8181225, at *3 (W.D. Wash. Mar. 7, 2005) (finding joint employment of two drivers that worked for a contractor in between 2001-2003 under old Operating Agreement not in use in Massachusetts as of 2010, where the facts were undisputed that a FedEx employee directly fired one of them and FedEx "would assign extra work, order the Drivers to drive other routes, and suggest how many hours a day it wanted the Drivers to be on the road.").

Because FedEx had no reason to believe it was Mr. Roy's joint employer, did not issue Mr. Roy's paychecks, and Up From the Ground contractually agreed with FedEx to comply with all legal obligations to pay Mr. Roy in accordance with the law, as a matter of law Mr. Roy cannot show that FedEx "either knew or showed reckless disregard for the matter of whether its [alleged] conduct was prohibited by the [FLSA]." *McLaughlin*, 486 U.S. at 133. Mr. Roy's claimed damages must thus be limited to those that fall within the presumptive two-year statute of limitations.

**CONCLUSION**

FedEx respectfully requests that the Court grant this motion, holding that Plaintiffs' damages, if any, must be calculated pursuant to the method set forth in the FLSA's regulations and that Plaintiff Roy's claimed damages are limited to two years.

Dated: July 25, 2024                    Respectfully submitted,


                                        */s/ Jessica G. Scott*
                                        Jessica G. Scott
                                        Wheeler Trigg O'Donnell LLP
                                        370 Seventeenth Street, Suite 4500
                                        Denver, CO 80202-5647
                                        Telephone:   303.244.1800
                                        Facsimile:   303.244.1879
                                        Email:       scott@wtotrial.com


                                        Attorney for Federal Express Corporation,
                                        successor by merger to FedEx Ground Package
                                        System, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **DEFENDANT FEDERAL EXPRESS CORPORATION'S MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT** was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 25, 2024.

The following are those who are currently on the list to receive e-mail notices for this case.

- **Shannon Liss-Riordan**
  sliss@llrlaw.com

- **Krysten L. Connon**
  kconnon@llrlaw.com

- **Peter Winebrake**
  pwinebrake@winebrakelaw.com

- **Mark J. Gottesfeld**
  mgottesfeld@winebrakelaw.com

- **Michelle Tolodziecki**
  mtolodziecki@winebrakelaw.com

- **Richard E. Hayber**
  rhayber@hayberlawfirm.com

- **Joseph P. McHugh**
  joseph.mchugh@fedex.com

- **Kenneth D. Sansom**
  ksansom@spotswoodllc.com

- **Cheryl B. Pinarchick**
  cpinarchick@fisherphillips.com

- **Jessica G. Scott**
  scott@wtotrial.com

- **Andrew H. Myers**
  myers@wtotrial.com

- **David J. Schaller**
  schaller@wtotrial.com

- **Juan S. Ramirez**
  ramirez@wtotrial.com

- **Kori F. Miller**
  kmiller@wtotrial.com

- **Celyn Whitt**
  whitt@wtotrial.com

- **Iva Velickovic**
  velickovic@wtotrial.com

- **Matthew Carrieri**
  mcarrieri@llrlaw.com

- **Natalie R. Colao**
  colao@wtotrial.com

- **Thomas C. Dec**
  dec@wtotrial.com

- **Morgan B. Franz**
  mfranz@spotswoodllc.com

- **Jeremy E. Abay**
  jabay@llrlaw.com

*/s/ Jessica G. Scott*